UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
JOAN BERENSON, individually and on      )
behalf of all others similarly situated, et al.,   )
                                                    )
    Plaintiffs,                             )
                                                    )
    v.                                      )          Civil Action No. 03-2004 (RBW)
                                                    )
NATIONAL FINANCIAL SERVICES,           )
LLC, et al.,                                       )
                                                    )
    Defendants.                            )
_____)

## MEMORANDUM OPINION

    This matter comes before the Court on Defendants' Motion to Transfer Venue ("Defs.'

Mot."). The plaintiffs have brought this class action lawsuit on behalf of themselves and all

other similarly situated individuals who, "as subscribers to an electronic bill payment service

owned and operated by [the] Defendants, lost the use of certain monies and were not paid interest

on those monies as they should have been." Complaint ("Compl.") ¶ 1. The plaintiffs, residents

of the District of Columbia, have brought claims against defendants National Financial Services,

LLC, and Fidelity Brokerage Services, LLC, which are both Delaware limited liability companies

with a principal place of business in Massachusetts, pursuant to the Electronic Funds Transfer

Act ("EFTA"), 15 U.S.C. § 1693 (2000), the Massachusetts Truth-in-Savings Law, Mass. Gen.

Laws ch. 140E, § 1 et seq., and the Massachusetts Consumer and Business Protection Act, Mass.

Gen. Laws ch. 93A, § 1 et seq. Compl. ¶ 1. In the alternative, the plaintiff asserts that "[t]o the

extent . . . Massachusetts law . . . is found not to apply to Plaintiffs' claims and the claims of the

Class members, Plaintiffs bring [their consumer protection] claim under the District of Columbia

Consumer Procedures Protection Act," D.C. Code 28-3909 (2001). Id. ¶ 30. The plaintiffs have

also filed common law claims against the defendants for intentional misrepresentation, negligent misrepresentation, breach of fiduciary duty, and breach of contract. Id. ¶¶ 64-82.

The defendants seek to transfer this case to the United States District Court for the District of Massachusetts asserting that "the center of gravity in this case lies squarely in Massachusetts by nearly every relevant measure that federal courts have recognized, and there is no consideration in favor of continuing the case in this District." Defs.' Mot., Memorandum of Law in Support of Defendants' Motion to Transfer Venue ("Defs.' Mem.") at 1. Upon consideration of the parties' submissions and for the reasons set forth below, the Court will grant the defendants' motion to transfer this case to the United States District Court for the District of Massachusetts.

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Because the plaintiffs concede that this action could have been brought in Massachusetts, see Plaintiffs' Opposition to Defendants' Motion to Transfer Venue ("Pls.' Opp'n") at 2, this Court must focus on certain private and public-interest factors in order to determine the proper forum for the litigation of this case. See Liban v. Churchey Group II, L.L.C., No. Civ. A. 03-242, 2004 WL 360285 at *4 (D.D.C. Feb. 26, 2004) (Urbina, J.) (citing Van Dusen v. Barrack, 376 U.S. 612, 613 (1964); Trout Unlimited v. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996)). In McClamrock v. Eli Lilly & Co., 267 F. Supp. 2d 33 (D.D.C. 2003) (Walton, J.), this Court reiterated that

> [t]he private considerations that may be considered include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the

2

witnesses of the plaintiff and defendant, but only to the extent that the
witnesses may actually be unavailable for trial in one of the fora; and (6) the
ease of access to sources of proof.

Id. at 37 (quoting Trout Unlimited v. United States Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C.

1996) (citations omitted)).  The Court's first consideration, and perhaps the most contentious, is

the degree of deference that should be given to the plaintiffs' choice of forum.  While the

defendants recognize that "ordinarily 'the plaintiff's choice of forum is given substantial

deference,'" Def.'s Mem. at 4 (quoting McClamrock, 267 F. Supp. 2d at 36), they assert that in

this case, because it has been brought as a class action lawsuit, the "plaintiff's home forum is

irrelevant."  Id. (quoting Georgouses v. NaTec Res., Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997)).

While this Court is not prepared to conclude that this first consideration is irrelevant in a case of

this nature, certainly in a class action suit in which the plaintiffs propose to represent a class of

potential plaintiffs who reside throughout the country, the plaintiffs' choice of forum deserves

less weight than it is typically given.  See Williams v. Sears Roebuck & Co., No. C97-3794,

1998 WL 61307 at *1 (N.D. Cal. Jan. 29, 1998) (stating that "[t]here is little deference given to

choice of forums by plaintiff[s] representing a nationwide class.") (citing Blake Const. Co., Inc.

v. Int'l Harvester Co., 521 F. Supp. 1268, 1271-72 (N.D. Ill. 1981)); Steiner v. Hercules, Inc.,

1990 WL 97811, Civ. A. No. 90-1247, at *2 (E.D. Pa. July 9, 1990) (stating that "courts typically

give plaintiffs' choice of forum less weight in class action cases.") (citation omitted); Supco v.

Automotive Parts, Inc.v. Triangle Auto Spring Co., 538 F. Supp. 1187, 1191 (E.D. Pa. 1982)

(stating that when "the plaintiff seeks to represent a class of many potential plaintiffs scattered

across the country, plaintiff's choice of forum deserves less weight.") (citations omitted).

Here, the defendants have provided a chart of their clients, and thus the potential

members of the plaintiffs' class if class certification is granted, which lists the percentage of

3

potential class members who reside in various jurisdictions throughout the country. Defs.' Mot., Ex. A (Spreadsheet of BillPay Client Statistics by State as of 10/24/03). The largest percentage of Fidelity BillPay's clients (15.36%) reside in Massachusetts, while only 0.51% of its clients reside in the District of Columbia. Id. The plaintiffs contend that this Court's decision in Quarles v. General Investment & Development Co., 260 F. Supp. 2d 1 (D.D.C. 2003) (Walton, J.), supports their position that the Court should only focus on the named plaintiffs in this class action lawsuit, rather than on where other potential class plaintiffs reside. Thus, because the named plaintiffs reside in the District of Columbia, the plaintiffs submit that the Court should give deference to their choice of forum. Pls.' Opp'n at 5. However, the Court must agree with the defendants that plaintiffs' reliance on Quarles is misplaced. The significant distinction between Quarles and this case is that in Quarles the plaintiff brought her class action suit pursuant to Title VII and the District of Columbia Human Rights Act. 260 F. Supp. 2d at 7. And, Title VII has a specific venue statute, 42 U.S.C. § 2000e-5(f)(3) (2000), that is substantially different from the general venue statute of section 1391(e). Accordingly, in Quarles this Court specifically distinguished those cases in which section 1391(e) was implicated from the application of Title VII's venue provision. Id. at 12 (finding that the two general venue statute "cases [cited in Quarles] were inapposite to the . . . situation [in Quarles]. Both cases involved the venue provision of section 1391(e), which differs substantially from [42 U.S.C. § 2000e-5(f)(3)]."). Thus, the Court concludes that little deference will be given to the plaintiffs' choice of forum in this case.

Turning to the remaining private interest considerations, the Court concludes that after balancing the different interests, the District of Massachusetts is the more appropriate venue for the litigation of this case. The second private interest consideration is the defendants choice of

forum, and they desire to have this matter transferred to the District of Massachusetts. While the

third consideration, i.e., where the claim arose, is disputed, the plaintiffs fail to cite any cases to

contradict the defendants' position that the claims arose at the location where the corporate

decisions were made. In this regard, the defendants state that

> Fidelity's overall management of the BillPay System, including relations
> with the BillPay vendor, CheckFree, as well as customer communications
> and agreements, is exercised in Boston, Massachusetts. Since the corporate
> decisions underlying plaintiffs' claims were made in Boston, the claims 'arose'
> there for the purposes of venue analysis.

Defs.' Mem. at 6. As support for their position, the defendants cite the district court's opinion in

Georgouses, which concluded that "[t]he material events in question . . . are the actions the

defendants took that allegedly caused the economic damage, and those actions are alleged to have

occurred in Houston." 963 F. Supp. 731. Thus, while the plaintiffs who were residents of

Illinois suffered economic damage in Illinois, because the actions that caused the harm occurred

in Houston, the Georgouses Court determined that Houston was the location where the claims

arose. Id. The plaintiffs respond by arguing that even though the policy decisions may have been

made in Boston, they were implemented in the District of Columbia and thus, as to the District

residents, the claims arose here. Pls.' Opp'n at 9. There is, however, no legal support provided

for the plaintiffs' proposition. The next two considerations, convenience of the parties and

convenience of the witnesses, do not weigh in favor of either party. This is because

Massachusetts is more convenient for the defendants and this District is more convenient for the

named plaintiffs. And, with respect to the convenience of the witnesses, there is no evidence that

any witnesses will be unavailable in either of the forums. Turning to the last private

consideration, i.e., ease of access to the sources of proof, the Court finds that Massachusetts is

the preferable forum because key witnesses and most of the documentary evidence is located

there. <u>See</u> Defs.' Mot., Affidavit of Colleen A. Hankins ¶¶ 8-9.

As noted above, the Court must also take certain public interest factors into consideration in determining the proper forum for this case. The public interest factors courts have taken into consideration include "(1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferor and transferee courts; and (3) the local interest in deciding local controversies at home." <u>Liban</u>, 2004 WL 360285 (citing <u>Trout Unlimited</u>, 944 F. Supp. at 16). The most significant of these considerations in this case is the ability of the court to interpret and apply the local law applicable to this litigation. While both forums are equally capable of addressing the federal EFTA claim, the plaintiffs have also asserted claims pursuant to the Massachusetts Truth-in-Savings Law, the Massachusetts Consumer and Business Protection Act, and common law claims of intentional misrepresentation, negligent misrepresentation, breach of fiduciary duty, and breach of contract, which will all presumably require application of the law of Massachusetts since there is a forum selection clause in "the pertinent agreements that govern the [plaintiffs'] relationship with Fidelity generally and the BillPay service [that] specifically provide that they 'shall be governed by the laws of the Commonwealth of Massachusetts.'" Defs.' Mot. at 7 (quoting Statement of Undisputed Facts in Support of Defendants' Motion to Dismiss and for Summary Judgment ¶¶ 56,60; Compl. ¶¶ 33, 34). The plaintiffs do not dispute this. Clearly, this Court's Massachusetts colleagues have greater familiarity with Massachusetts law and therefore superior capability to accurately apply Massachusetts law than would this Court. The second public interest consideration, <u>i.e.</u>, relative congestion of the courts' calendars, is not significant in this situation. The parties have presented conflicting evidence on the relative congestion of the courts, which demonstrates that there is no significant distinction between the two courts in this regard.

Finally, because this is a class action lawsuit, with the claims arising in Massachusetts and the largest amount of potential plaintiffs residing there, the Court finds that Massachusetts has the greatest interest in deciding this controversy.

Accordingly, for the aforementioned reasons, the Court finds that transfer of this matter to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) is appropriate.[1]

**SO ORDERED** this 14th day of May, 2004.

REGGIE B. WALTON
United States District Judge

---

[1] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.