IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>　　　　　　　Defendants. | Civil Action No. 04 CV 11311 (WGY) |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1**

　　　Pursuant to the Court's rulings on October 13, 2004, as well as Fed. R. Civ. P. 26 and Local Rule 16.1, counsel for the parties have conferred and jointly submit the following:

**I.　PROPOSED PRE-TRIAL PLAN**

　　　The parties have been unable to reach agreement on all elements of a pre-trial schedule. The primary issue of disagreement is the timing for the commencement of discovery. The plaintiffs propose to begin discovery immediately, with Rule 26(a) automatic disclosures to be filed and served no later than November 15, 2004. The plaintiffs also propose to permit service of discovery requests as soon as the serving party has made its automatic disclosures. The defendants maintain that disclosures should await final disposition of the their pending Motion to Dismiss and for Summary Judgment, as to which the Court has already ruled in part. The parties' competing proposals are set forth in detail below.

### A. Plaintiffs' Pre-Trial Plan

The Plaintiffs' position is that because the trial is scheduled to commence in less than 11 months, discovery should commence right away. Further, relying on the Court's statement that the parties should "assume that when all the dust settles here the case is still alive," it is the Plaintiffs' belief that the remaining claims will survive and that immediate discovery is warranted. *See* Tr. of Hearing, dated October 13, 2004, page 16 lines 20-21. If the defendant's proposed scheduling order is adopted, discovery would not start until some time next year. Further, e.g., defendants propose to take three months to respond to Plaintiff's Rule 23 Motion, further compacting the time Plaintiff has to prepare for trial.

Accordingly, Plaintiffs propose that each party may commence discovery immediately upon their respective service of the automatic disclosures under Rule 26(a). All deadlines are as set forth below:

| Activity | Date |
| --- | --- |
| Federal R. Civ. P. 26(a) Disclosures | Filed and served by November 15, 2004 |
| Motion for Class Certification | Filed and served by January 25, 2004 |
| Opposition to Motion for Class Certification | Filed and served within 30 days of service of motion |
| Reply to Opposition | Filed and served within 14 days of service of Opposition |
| Surreply | Filed and served within 7 days of service of Reply |
| Amendment of Complaint with Respect to Class Certification | Per Such Order of the Court |
| Fact Discovery | Completed by April 1, 2005 |
| Plaintiff's Expert Reports, if any | Served by April 15, 2005 |
| Defendant's Expert Reports, if any | Served by April 15, 2005 |
| Expert Depositions | Completed by April 29, 2005 |
| Motions for Summary Judgment | Filed and served by May 12, 2005 |
| Oppositions to Summary Judgment Motions | Filed and served by June 8, 2005 |
| Replies to Oppositions | Filed and served by June 18, 2005 |
| Surreplies | Filed and served by June 25, 2004 |

| Pretrial Conference | No sooner than July 29, 2005 |
| --- | --- |
| Trial | Running trial list for no sooner than September 5, 2005 (per order of Court at October 15, 2004 hearing) |

### B.     Defendants' Pre-Trial Plan

The defendants' position is that, although this case was filed on or about September 26, 2003, there has been no discovery to date and the Court is likely to soon finalize its disposition of the defendants' pending motion to dismiss and for summary judgment.  The Court has already dismissed three of the counts in the complaint and has placed under advisement defendants' motion as to the remaining counts.  The defendants believe that there is a significant likelihood that the Court will grant summary judgment on the remaining claims, in particular given the plaintiffs' counsel's inability at oral argument to identify any promise by the defendants to pay interest during the "float" period at issue (thus calling into question not only the dismissed contract claim but also the intentional and negligent misrepresentation claims that are currently sub judice).  The defendants' believe that the Court's statement quoted by plaintiffs above was intended to imply denial of the motion, but rather to simply require preparation of a Rule 16.1 statement for that contingency.  The defendants contend that it will be inefficient to undergo the expense of discovery if the suit will in fact be dismissed.  In addition, even if some of the complaint were to survive dismissal, the scope of appropriate discovery will likely be affected by the nature of the remaining claims.   Furthermore, since the Court has already ruled in part on the motion, the minor additional time until a final ruling issues is likely to be minimal.  The defendants therefore propose the following schedule:

1.     If any claims shall remain following final disposition of the defendants' pending motion to dismiss and for summary judgment, the plaintiffs shall file an amended complaint no

later than ten (10) days following the Court's decision on the motion.  Any motion for joinder of additional parties shall be filed and served no later than the date on which all answers to the complaint are due to be filed.

2. The parties shall make the disclosures required by Fed. R. Civ. P. 26(a) no later than twenty (20) days after the filing of the amended complaint.  The parties shall serve all requests for production of documents and interrogatories no sooner than the date on which the amended complaint is filed and served and no later than thirty (30) days after the filing of the amended complaint.

3. All fact witness depositions shall be completed no later than February 28, 2005.

4. Any motion for certification of a class shall be filed and served no later than January 3, 2005.  The defendants shall file any response thereto no later than April 29, 2005.

5. The parties shall serve any expert reports required to be produced under Fed. R. Civ. P. 26(a)(2)(B) no later than March 14, 2005.

6. All expert depositions shall be completed by April 4, 2005.

7. All motions for summary judgment shall be filed and served no later than April 29, 2005.  Any response thereto shall be filed and served no later than May 20, 2005, and any reply shall be filed no later than June 6, 2005.

8. A pretrial conference shall be scheduled no later than July 5, 2005.

9. Trial shall be set for the running trial list for no sooner than September 5, 2005.

**II.   MAGISTRATE JUDGE**

The parties do not consent to trial by Magistrate Judge.

III. **CERTIFICATIONS OF CONFERENCE REGARDING BUDGET AND ALTERNATIVE DISPUTE RESOLUTION**

The parties will file under separate cover their certifications pursuant to Local Rule 16.1(D)(3) concerning budget and alternative dispute resolution.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| DAVID BERENSON<br>JOAN BERENSON | NATIONAL FINANCIAL SERVICES LLC<br>FIDELITY BROKERAGE SERVICES LLC |
| By their attorneys, | By their attorneys, |
| /s/      Susan Stenger<br>Susan Stenger, BBO No. 555552<br>PERKINS, SMITH & COHEN, LLP<br>One Beacon Street, 30th Floor<br>Boston, MA 02108<br>617-854-4228<br>SSTENGER@PSCBOSTON.COM | /s/      John A. Shope<br>Nicholas C. Theodorou, BBO No. 496730<br>John A. Shope, BBO No. 562056<br>William W. Fick, BBO No. 650562<br>FOLEY HOAG LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>(617) 832-1000<br>JSHOPE@FOLEYHOAG.COM |
| Douglas A. Rubel<br>JOHANSON BERENSON LLP<br>201 Shannon Oaks Circle, Suite 200<br>Cary, NC 27511<br>703-759-1055 | |
| Kenneth L. McWilliams<br>JOHANSON BERENSON LLP<br>1146 Walker Road<br>Great Falls, VA 22066<br>703-759-1055 | |

DATED:  October 27, 2004