# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOAN BERENSON and DAVID
BERENSON, individually and on behalf of
all others similarly situated,

          Plaintiffs,

        v.

NATIONAL FINANCIAL SERVICES LLC,
FIDELITY BROKERAGE SERVICES LLC,
and DOES 1-50, inclusive,

          Defendants.

Civil Action No. 04 CV 11311 (WGY)

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendants National Financial Services LLC and Fidelity Brokerage Services LLC (together, "Fidelity") hereby request that plaintiffs Joan Berenson and David Berenson answer the following interrogatories. These interrogatories are to be answered separately, fully, in writing, under oath, and in accordance with the definitions and instructions specified below. Answers shall be served at the law offices of Foley Hoag LLP, 155 Seaport Boulevard, Boston, Massachusetts 02210, within thirty (30) days after the service hereof.

### I.    DEFINITIONS

1.  The definitions set forth in Local Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated by reference herein. In addition, the following terms shall have the following meanings in this First Set of Interrogatories.

2.  The term "BillPay" refers to the electronic bill payment service alleged in the Complaint.

3.   The terms "and" and "or" as used herein mean, where the context permits, "and/or."

4.   The terms "all" and "any" as used herein mean, where the context permits, "any and all."

5.   The terms "you," "your," "yours," and "yourself" refer to both Plaintiffs Joan Berenson and David Berenson or either of them, including when acting as officers, directors, trustees, or in another representative capacity.

6.   Words used in the singular shall, where the context permits, be deemed to include the plural, and vice versa. Words used in the present tense shall, where the context permits, be deemed include the future as well as the present, and vice versa. Words used in the masculine gender shall, where the context permits, be deemed to include the feminine gender and neuter.

## II.    INSTRUCTIONS

1.   Answers to these interrogatories are to be based on all information, in whatever form and from whatever source, that is available to you. Please make diligent inquiry of any and all persons, documents and other sources that may have any information relating in any way to any of these interrogatories.

2.   When exact information is not available in responding to an interrogatory, please use or provide the best estimate that is available. Please designate any estimate so used or provided as such and state the basis, source or other derivation of such estimate.

3.   If any of these interrogatories is objected to on the ground of a claim of privilege or other protection from discovery, state the nature of the claimed privilege or protection and the grounds thereof, and provide sufficient information concerning the surrounding facts so that the claim of privilege or protection may be fairly evaluated.

4.    If any of these interrogatories is objected to on the ground of a claim of privilege or other protection from discovery, answer the interrogatory to the fullest extent possible without waiving the purported claim of privilege.

5.    If any of these interrogatories is objected to in part, please state the nature of the objections and answer that part of the interrogatory to which no objection is made.

6.    You are under a continuing obligation to supplement or amend your answers to these interrogatories pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

### III.    INTERROGATORIES

1.    State the basis for your allegation in ¶ 40 of the Complaint that "the BillPay system cost[s] substantially more to a consumer than a third-party [electronic bill payment system] which competes with Fidelity," identifying all less expensive and competing systems of which you are aware and their costs.

2.    Identify by date, publication, page and content each and every example of "the advertising and other information provided to BillPay customers, actual or potential," that you allege, in ¶ 42 of the Complaint, "constitutes deceptive business practices."

3.    State the basis for your allegation in ¶ 43 of the Complaint that Fidelity "charge[s] for services at higher rates than the disclosed, published or advertised price."

4.    Identify any bank, savings and loan association, credit union, mutual fund company, or financial institution that pays interest or dividends on debited amounts after they have been debited from a customer's account.

5.    Identify each and every transaction by customer, date, and payee in which Fidelity did not make payments to third parties "as quickly as possible and in a commercially practicable fashion as required."

6.     Identify each and every act by Fidelity that is, or is part of, a "deceptive and fraudulent practice" or "unfair methods of competition and unfair or deceptive acts or practices" as alleged in ¶ 89 of the Complaint.

7.     Identify all other electronic bill payment services of which you are aware and the business models that they follow, such as the "good funds" business model as alleged in Plaintiffs' Opposition to Defendants' Motion to Dismiss and for Summary Judgment (p. 7).

8.     With respect to each expert witness whom you expect to call for testimony on your behalf at the trial of this action, state, specifying as to each expert, (a) the substance of facts and opinions to which each such expert is expected to testify; and (b) the grounds for each opinion of each expert.

9.     Identify each common issue of fact and each common question of law supporting certification of a class.

10.     State the dollar amount of damages claimed by Joan Berenson and David Berenson for themselves or for any entity as to which both or either hold an account as a representative, setting forth the basis and the calculation of such amount.

Respectfully submitted,

NATIONAL FINANCIAL SERVICES LLC and
FIDELITY BROKERAGE SERVICES LLC

By their attorneys,

Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated:  November 15, 2004

- 5 -

**Certificate of Service**

I certify that the foregoing was served upon the following individuals this 15th day of November, 2004, in the manner indicated below:

By Hand:

Susan Stenger
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108
617-854-4228
Boston, MA 02210

By U.S. Mail, postage prepaid:

Douglas A. Rubel
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511
703-759-1055

Kenneth L. McWilliams
JOHANSON BERENSON LLP
1146 Walker Road
Great Falls, VA 22066
703-759-1055

David E. Cole

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOAN BERENSON and DAVID
BERENSON, individually and on behalf of
all others similarly situated,

                    Plaintiffs,

          v.

NATIONAL FINANCIAL SERVICES LLC,
FIDELITY BROKERAGE SERVICES LLC,
and DOES 1-50, inclusive,

                    Defendants.

Civil Action No. 04 CV 11311 (WGY)

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants National Financial Services LLC and Fidelity Brokerage Services LLC

(together, "Fidelity") hereby request that plaintiffs Joan Berenson and David Berenson produce

the following materials in accordance with the following definitions and instructions at the law

offices of Foley Hoag LLP, 155 Seaport Boulevard, Boston, Massachusetts 02210, within thirty

(30) days of the date hereof.

## I.    DEFINITIONS

1.    The definitions set forth in Rule 34(a) of the Federal Rules of Civil Procedure and

Local Rule 26.5 of the Local Rules of the United States District Court for the District of

Massachusetts are incorporated by reference herein.  In addition, the following terms shall have

the following meanings in this First Request for Production of Documents.

2.    The term "BillPay" refers to the electronic bill payment service alleged in the

Complaint.

3.    The terms "and" and "or" as used herein mean, where the context permits, "and/or."

4.  The terms "all" and "any" as used herein mean, where the context permits, "any and all."

5.  The terms "you," "your," "yours," and "yourself" refer to both Plaintiffs Joan Berenson and David Berenson or either of them, including when acting as officers, directors, trustees, or in another representative capacity.

6.  Words used in the singular shall, where the context permits, be deemed to include the plural, and vice versa. Words used in the present tense shall, where the context permits, be deemed include the future as well as the present, and vice versa. Words used in the masculine gender shall, where the context permits, be deemed to include the feminine gender and neuter.

## II.    INSTRUCTIONS

1.  In producing documents, all documents that are physically attached to each other shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they were maintained.

2.  If you object to a request, produce responsive items that do not fall within your objection.

3.  If, in responding to a request, you claim an ambiguity in interpreting either a request or any definition or instruction, set forth as part of your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

4.  You are under a continuing obligation to supplement or amend your responses to these Requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

5.  As to each document herein requested that is withheld on the ground of attorney-client privilege, attorney work product, or any reason whatsoever, state the following:

- 2 -

a.   date of the document;

b.   title of the document;

c.   names and positions of all persons who prepared the document, or assisted in its preparation, or in whose names the document was prepared;

d.   names and positions of all persons to whom the document was addressed, or who have been sent, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof;

e.   identity of all persons whom you know have or have had possession, custody or control of the document (or any portions thereof);

f.   nature of the document (e.g., correspondence, memorandum);

g.   subject-matter of the document in sufficient detail to permit the court to decide a motion to compel the production of the document; and

h.   the ground(s) for withholding the document.

## III.   DOCUMENTS REQUESTED

1.   All documents constituting or concerning communications between you and Fidelity concerning your Fidelity account, including, without limitation, communications concerning BillPay.

2.   All documents concerning your accounts at Fidelity, including, without limitation, agreements, prospectuses, account statements, and correspondence.

3.   All documents concerning accounts you maintain with any bank, savings and loan association, credit union, mutual fund company, or financial institution that you use to pay third parties, either by check, wire transfer, electronic bill payment service, or otherwise.

4.   All documents concerning electronic bill payment services.

5.      All documents concerning trust accounts with any bank, savings and loan association, credit union, mutual fund company, or financial institution of which you are a beneficiary, if such accounts provide check-writing or a bill payment service.

6.      All documents concerning your instructions to Fidelity to make "electronic transfers from [your] personal account under the BillPay service, some on a recurring basis and some on a one-time basis" as alleged in ¶ 20 of the Complaint, ¶ 6 of the Affidavit of David Berenson, and ¶ 6 of the Affidavit of Joan Berenson.

7.      All documents concerning, supporting, or refuting your allegation that BillPay "cost[s] substantially more to a consumer than a third-party [electronic bill payment service] which competes with Fidelity" in ¶ 40 of the Complaint.

8.      All documents constituting or concerning "advertising and other information provided to BillPay customers" as alleged in ¶ 42 of the Complaint.

9.      All documents concerning the "published or advertised price" of Fidelity's services as alleged in ¶ 43 of the Complaint.

10.     Any "30 Day Demand Letter" sent to Fidelity as alleged in ¶ 45 of the Complaint.

11.     Any "notification" sent to Fidelity as alleged in ¶ 62 of the Complaint.

12.     All documents concerning "established banking practices regarding checking accounts and automated clearinghouse transactions" as alleged in ¶ 75 of the Complaint.

13.     All documents concerning the transfer of monies "as quickly as possible" or in a "commercially practicable fashion" as alleged in ¶ 76 of the Complaint.

14.     All documents concerning any late, or otherwise errant, payments to any third parties by the BillPay service.

- 4 -

15.    All documents concerning the practices of any bank, savings and loan association, credit union, mutual fund company, or financial institution concerning electronic bill payment services, including, without limitation, Navy Federal Credit Union and CheckFree Corporation.

16.    All documents concerning "normal automated clearinghouse channels" and "normal clearinghouse channels" as alleged in Plaintiffs' Opposition to Defendants' Motion to Dismiss and for Summary Judgment (pp. 5, 6 n.11).

17.    All documents concerning bill payment conducted on a "good funds" business model as alleged in Plaintiffs' Opposition to Defendants' Motion to Dismiss and for Summary Judgment (pp. 6 & n.11, 7).

18.    All documents concerning business models of bill payment, other than the "good funds" business model, as alleged in Plaintiffs' Opposition to Defendants' Motion to Dismiss and for Summary Judgment (p. 7).

19.    All non-privileged documents concerning your retention of Johanson Berenson LLP as counsel in this action, including, without limitation, the engagement letter and contingency fee agreement, as well as all documents concerning the possible engagement of other counsel in this action.

20.    All documents concerning CheckFree Corporation.

21.    Any documents concerning the prospective or actual termination of your subscription to the BillPay service.

22.    Any document printed, e-mailed, copied, saved, or downloaded by you from the Fidelity Web site.

23.    All documents concerning your customer identification number, Customer ID, personal identification number, password, or PIN required to log in to the Fidelity Web site

(https://www.fidelity.com) on the customer login Web page, including, without limitation, handwritten notes.

    24.    All documents concerning your account(s) with any Internet service provider that provides you with Internet access through dial-up service, digital subscriber line (or DSL), high-speed Internet service, cable, satellite, wireless service, or otherwise.

    25.    All documents concerning crediting of the interest "float" on debits from any of your accounts at any bank, savings and loan association, credit union, mutual fund company, or financial institution.

    26.    All documents concerning communications between you and any bank, savings and loan association, credit union, mutual fund company, or financial institution concerning the payment of interest or dividends on amounts debited from your accounts.

    27.    All documents concerning communications between you and any bank, savings and loan association, credit union, mutual fund company, or financial institution concerning the timing of debits or the payment of interest and dividends on the amounts so debited.

    28.    All documents that form the source, or any part thereof, of your information concerning the alleged facts or legal conclusions of the Complaint.

    29.    All documents that you may rely on in support of your claims in the Complaint.

    30.    All documents supporting your claim for damages.

    31.    All documents identified in your initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

NATIONAL FINANCIAL SERVICES LLC and
FIDELITY BROKERAGE SERVICES LLC

By their attorneys,

Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated:  November 15, 2004

## Certificate of Service

I certify that the foregoing was served upon the following individuals this 15th day of November, 2004, in the manner indicated below:

By Hand:

Susan Stenger
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108
617-854-4228
Boston, MA 02210

By U.S. Mail, postage prepaid:

Douglas A. Rubel
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511
703-759-1055

Kenneth L. McWilliams
JOHANSON BERENSON LLP
1146 Walker Road
Great Falls, VA 22066
703-759-1055

David E. Cole

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOAN BERENSON and DAVID
BERENSON, individually and on behalf of
all others similarly situated,

        Plaintiffs,

    v.

NATIONAL FINANCIAL SERVICES LLC,
FIDELITY BROKERAGE SERVICES LLC,
and DOES 1-50, inclusive,

        Defendants.

Civil Action No. 04 CV 11311 (WGY)

## NOTICE OF DEPOSITION OF DAVID BERENSON

TO:    Susan E. Stenger, Esq.
        Perkins, Smith & Cohen LLP
        One Beacon Street, 30th Floor
        Boston, MA 02108-3106

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, defendants National Financial Services LLC and Fidelity Brokerage Services LLC,

by their attorneys, will take the deposition, upon oral examination, of **DAVID BERENSON** on

**December 29, 2004**, at 10:00 a.m. at the offices of Foley Hoag LLP, 155 Seaport Boulevard,

Boston, MA 02210.

The deposition will be taken before a notary public or some other officer authorized to

administer oaths, will be recorded by stenographic means, and will continue from day to day

until completed.

You are invited to attend and cross-examine.

Respectfully submitted,

NATIONAL FINANCIAL SERVICES LLC and
FIDELITY BROKERAGE SERVICES LLC

By their attorneys,

Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated:  November 18, 2004

- 2 -

## Certificate of Service

I certify that the foregoing was served upon the following individuals this 18th day of November, 2004, by U.S. Mail, postage prepaid:

Susan Stenger
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108
617-854-4228
Boston, MA 02210

Douglas A. Rubel
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511
703-759-1055

Kenneth L. McWilliams
JOHANSON BERENSON LLP
1146 Walker Road
Great Falls, VA 22066
703-759-1055

David E. Cole

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOAN BERENSON and DAVID
BERENSON, individually and on behalf of
all others similarly situated,

                Plaintiffs,

       v.

NATIONAL FINANCIAL SERVICES LLC,
FIDELITY BROKERAGE SERVICES LLC,
and DOES 1-50, inclusive,

                Defendants.

Civil Action No. 04 CV 11311 (WGY)

## <u>NOTICE OF DEPOSITION OF JOAN BERENSON</u>

TO:    Susan E. Stenger, Esq.
        Perkins, Smith & Cohen LLP
        One Beacon Street, 30th Floor
        Boston, MA 02108-3106

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, defendants  National Financial Services LLC and Fidelity Brokerage Services LLC,

by their attorneys, will take the deposition, upon oral examination, of **JOAN BERENSON** on

**December 30, 2004**, at 10:00 a.m. at the offices of Foley Hoag LLP, 155 Seaport Boulevard,

Boston, MA 02210.

The deposition will be taken before a notary public or some other officer authorized to

administer oaths, will be recorded by stenographic means, and will continue from day to day

until completed.

You are invited to attend and cross-examine.

Respectfully submitted,

NATIONAL FINANCIAL SERVICES LLC and
FIDELITY BROKERAGE SERVICES LLC

By their attorneys,

Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated:  November 18, 2004

<u>**Certificate of Service**</u>

I certify that the foregoing was served upon the following individuals this 18th day of November, 2004, by U.S. Mail, postage prepaid:

Susan Stenger
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108
617-854-4228
Boston, MA 02210

Douglas A. Rubel
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511
703-759-1055

Kenneth L. McWilliams
JOHANSON BERENSON LLP
1146 Walker Road
Great Falls, VA 22066
703-759-1055

_____
David E. Cole

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOAN BERENSON and DAVID
BERENSON, individually and on behalf of
all others similarly situated,

               Plaintiffs,

       v.

NATIONAL FINANCIAL SERVICES LLC,
FIDELITY BROKERAGE SERVICES LLC,
and DOES 1-50, inclusive,

               Defendants.

Civil Action No. 04 CV 11311 (WGY)

## <u>NOTICE OF DEPOSITION OF DANIEL S. BERENSON</u>

TO:    Susan E. Stenger, Esq.
         Perkins, Smith & Cohen LLP
         One Beacon Street, 30th Floor
         Boston, MA 02108-3106

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, defendants  National Financial Services LLC and Fidelity Brokerage Services LLC,

by their attorneys, will take the deposition, upon oral examination, of **DANIEL S. BERENSON,**

on **January 4, 2004,** at 10:00 a.m. at the offices of Foley Hoag LLP, 155 Seaport Boulevard,

Boston, MA 02210.

The deposition will be taken before a notary public or some other officer authorized to

administer oaths, will be recorded by stenographic means, and will continue from day to day

until completed.

You are invited to attend and cross-examine.

Respectfully submitted,

NATIONAL FINANCIAL SERVICES LLC and
FIDELITY BROKERAGE SERVICES LLC

By their attorneys,

Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated:  November 18, 2004

<u>**Certificate of Service**</u>

I certify that the foregoing was served upon the following individuals this 18th day of November, 2004, by U.S. Mail, postage prepaid:

Susan Stenger
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108
617-854-4228
Boston, MA 02210

Douglas A. Rubel
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511
703-759-1055

Kenneth L. McWilliams
JOHANSON BERENSON LLP
1146 Walker Road
Great Falls, VA 22066
703-759-1055

David E. Cole

Exhibit F



## FOLEY HOAG LLP
ATTORNEYS AT LAW

John A. Shope
Partner
Boston Office
617-832-1233
jshope@foleyhoag.com

December 28, 2004

**BY TELECOPIER (919-654-4545) AND FIRST CLASS MAIL**

Douglas Rubel, Esquire
Johanson Berenson LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511

> Re:    ***Berenson, et al. v. National Financial Services, LLC, et al.,***
> ***Civil No. 04-11311 (WGY) (D. Mass.)***

Dear Doug:

Since you have not called me back as promised, I write to follow up on our conversation of December 16, 2004. I am surprised and disappointed that, after refusing to agree to a stay of discovery pending Judge Young's decision of our motion to dismiss and for summary judgment, in addition to declining to serve your own discovery requests you have failed to respond to our requests.

When we spoke earlier on December 8, you said you would want new deposition dates for David and Joan Berenson other than the currently schedules dates of tomorrow, Wednesday, December 29, and Thursday, December 30, 2004. I told you I would need you to give me new dates before we could reschedule. In addition, since you raised the prospect that we might have to issue a subpoena in order to depose your law partner, D.S. Berenson, the son of plaintiff David Berenson, I asked you to determine whether you would accept service of a subpoena on his behalf and to get a date for a deposition. You promised to call me by the Friday of that week, December 10, 2004.

You did not call by then, but called and left a message on December 15, 2004, the date your response to our request for production of documents was due, requesting an extension. I was out of the office that day and we spoke the following day, December 16. You requested an extension of time to produce documents to December 22, 2004. While you offered me dates in early January for the depositions of David and Joan Berenson, you ultimately indicated that you had not spoken to D.S. Berenson about his deposition and speculated that you might not have authority to accept a subpoena for him and, indeed, that other lawyers might have to attend his deposition. The matter is of some urgency because his testimony is plainly relevant to the question of whether the Berensons are adequate class representatives, and we will require the transcript to oppose your motion for class certification, which you must file no later than January 25,

FHBOSTON/1149386.1

Douglas Rubel, Esquire
December 28, 2004
Page 2

2005.  I told you we would need to resolve the document production and deposition dates at once.

It is now December 28, 2004.  We have received no documents or objections from you.  You have not called me back to supply agreed deposition dates for all three witnesses.  If you do not supply the documents and deposition dates for all three of the Berensons immediately, we shall move for sanctions, including dismissal.

Sincerely,

John A. Shope

JAS:am

cc:    Nicholas C. Theodorou, Esquire
       William Fick, Esquire

FHBOSTON/1149386.1

```
┌─────────────────────────┐
│   JOB STATUS REPORT      │
└─────────────────────────┘
```

```
                                    TIME : 12/28/2004 17:27
                                    NAME : FOLEY HOAG LLP
                                    FAX# : 617-832-7000
                                    TEL# :
```

```
┌──────────────────────────────────────────────────────────────┐
│  DATE,TIME            12/28  17:26                              │
│  FAX NO./NAME         919196544545                             │
│  DURATION             00:00:39                                 │
│  PAGE(S)              02                                       │
│  RESULT               OK                                       │
│  MODE                 STANDARD                                 │
│                       ECM                                      │
└──────────────────────────────────────────────────────────────┘
```



# FOLEY
# HOAG LLP
### ATTORNEYS AT LAW

John A. Shope
Partner
Boston Office
617-832-1233
jshope@foleyhoag.com

December 28, 2004

## BY TELECOPIER (919-654-4545) AND FIRST CLASS MAIL

Douglas Rubel, Esquire
Johanson Berenson LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511

      Re:    *Berenson, et al. v. National Financial Services, LLC, et al.,*
                 **Civil No. 04-11311 (WGY) (D. Mass.)**

Dear Doug:

    Since you have not called me back as promised, I write to follow up on our conversation of December 16, 2004. I am surprised and disappointed that, after refusing to agree to a stay of discovery pending Judge Young's decision of our motion to dismiss and for summary judgment, in addition to declining to serve your own discovery requests you have failed to respond to our requests.

    When we spoke earlier on December 8, you said you would want new deposition dates for David and Joan Berenson other than the currently schedules dates of tomorrow, Wednesday, December 29, and Thursday, December 30, 2004. I told you I would need you to give me new dates before we could reschedule. In addition, since you raised the prospect that we might have to issue a subpoena in order to depose your law partner, D.S. Berenson, the son of plaintiff David Berenson, I asked you to determine whether you would accept service of a subpoena on his behalf and to get a date for a deposition. You promised to call me by the Friday of that week, December 10, 2004.

# Exhibit G

# JOHANSON BERENSON LLP
### Attorneys & Counselors at Law

**DOUGLAS A. RUBEL PLLC**
PARTNER (NC, DC & MD)
(Not Admitted in CA or VA)

**SUITE 200**
**201 SHANNON OAKS CIRCLE**
**CARY, NC 27511**

T 919 654 4544
F 919 654 4545
dar@johansonberenson.com

7 January 2005

**By Facsimile (617 832 7000)**

John A. Shope, Esquire
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

Re:  *Berenson, et al., v. National Financial Services, LLC, et al.,*
     Civil 04-11311 WGY in the United States District Court for the District of Massachusetts

Dear John:

Please accept this letter in furtherance of our telephone conversations of earlier today.

First let me state that I have redoubled my efforts to locate a facsimile from your office dated December 28, 2004. I still cannot find any such facsimile. I did receive hardcopy of the letter on January 5, 2005. I ask once again for you to please fax to me the facsimile confirmation sheet you claim to have.

You placed certain conditions upon me and my clients to avoid your filing a motion to compel, namely, that (i) my clients produce, on Monday, January 10, 2005, the documents that are the subject matter of your client's document requests and provide answers to interrogatories by that date as well; (ii) the plaintiffs appear in your offices for depositions commencing with David Berenson's deposition on Thursday, January 13, 2005 and continuing with Joan Berenson's deposition on Friday, January 14, 2005; and (iii) that DS Berenson agree to be deposed anytime during the period of Tuesday, January 18, 2005 to Friday January 21, 2005.

VIRGINIA ♦ 1146 WALKER ROAD ▪ SUITE C ▪ GREAT FALLS, VIRGINIA 22066
VIRGINIA ♦ 1400 NORTH 14TH STREET ♦ ARLINGTON, VIRGINIA 22209
WASHINGTON, DC ♦ 1201 PENNSYLVANIA AVENUE NW ♦ SUITE 300 ♦ WASHINGTON, DC 20004
CALIFORNIA ♦ 1792 SECOND STREET ▪ NAPA, CALIFORNIA 94559
CALIFORNIA ♦ 50 CALIFORNIA STREET ▪ SUITE 490 ▪ SAN FRANCISCO, CALIFORNIA 94111

JOHANSON BERENSON, LLP
John A. Shope, Esquire
7 January 2005
Page 2

First, in reverse order, DS Berenson will agree to be deposed on January 21, 2005 commencing at 12:00 p.m., in your firm's Washington, D.C. offices. I will accept a subpoena for him. You said that the deposition would likely take only an afternoon. When I asked you to define the scope of the deposition, you would only acknowledge that caselaw, cited in your various court filings provides that a conflict of interest may exist that would render the Berensons incompetent to represent this class. While I disagree with your application of that caselaw to the circumstances of this case, DS Berenson has agreed to be deposed. Since you would not discuss any specific areas of inquiry you intend for DS Berenson to answer, and thereby limit the possible disputes that may arise during the course of his deposition, we will have to leave that for the date of the deposition. Please be advised, however, that Mr. Berenson's agreement to be deposed in no way waives any rights that he, David Berenson, Joan Berenson, or the class members may have.

Second, although Mr. and Mrs. Berenson would prefer to be deposed in D.C. as well, and I believe that they have a good basis on which to seek a protective order—you refused to agree to that because of the preference of Connie Hankins to attend the depositions—they will agree to be deposed in your Boston offices commencing on Thursday as set forth above.

Third, as to the documents and answers to interrogatories, my clients will provide their discovery responses by Monday. However, as to the documents, I am not willing to unequivocally state that all documents will be produced. First, the attorney-client privilege and confidentiality and relevancy concerns will not allow me to produce certain documents such as documents of accounts other than the Fidelity accounts and relating to the BillPay Service. This is especially so given that you and your clients have been running background and other checks into my clients and DS Berenson (you mentioned that you had certain information concerning DS Berenson's background and specifically mentioned information from a gun permit that you said he had obtained). I question the propriety of your conduct and your client's conduct in this regard, but we will leave that for another day. If you will not agree to voluntarily produce that information, I will forward a document request for it. Please advise immediately. Also, I see no point in incurring expenses to produce documents that your clients already have, such as statements from their various Fidelity accounts.

Please advise if this is sufficient for your purposes. If not, and you are going to file a motion, then, obviously, DS Berenson will not agree to be deposed and we will seek a protective order. I trust we can resolve any differences.

Sincerely,

Douglas A. Rubel

Exhibit H



**FOLEY HOAG** LLP
ATTORNEYS AT LAW

John A. Shope
Partner
Boston Office
617-832-1233
jshope@foleyhoag.com

January 7, 2005

**BY TELECOPIER (919-654-4545) AND FIRST CLASS MAIL**

Douglas A. Rubel, Esquire
Johanson Berenson LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511

      Re:    ***Berenson, et al. v. National Financial Services, LLC, et al.,***
              **Civil No. 04-11311 (WGY) (D. Mass.)**

Dear Mr. Rubel:

      This will respond to your fax letter of this afternoon, which follows our conversation earlier today. Your letter does not eliminate our need to move to dismiss or to compel.

      First, you explicitly refused today to supply any reason (even one that I might not accept) why you have ignored our requests for production, interrogatories, and notices of deposition.

      Second, your statement that you did not receive my letter of December 28, 2004 remanding you of your obligations until two days ago lacks credibility in light of the confirmation (already supplied to you today) we have of completed transmission on that date to the fax number on your letterhead.

      Third, with regard to your law partner, D.S. Berenson, my condition was that the Berensons produce him for deposition, since as their son and, perhaps more important, as a partner in the law firm of record, he is under the Berensons' control. I am willing to conduct that deposition at my firm's Washington, D.C. office, a very brief cab ride from D.S. Berenson's office in Arlington, Virginia. However, you must produce him for deposition in order that the deposition be subject to supervision by Judge Young, rather than require a subpoena enforceable only in another district. Your delay means that, without Judge Young's supervision, there would likely be inadequate time to resolve any disputes at the deposition before we must respond to your forthcoming motion for class certification. Your demand that I supply specific topics for the deposition (in addition to the general issue of conflict of interest in having a class representative with close ties to class counsel), as well as your cryptic disclaimer of any waiver, suggests that there may be issues. However, I cannot see any reason why you would object to having any

FHBOSTON/1153616.1

Douglas A. Rubel, Esquire
January 7, 2005
Page 2

disputes at the deposition decided by Judge Young, who already has familiarity with the
issues in the case from our pending motion to dismiss and for summary judgment.

      Fourth, your assertion that you will not produce documents on various theories of
relevance is highly prejudicial because, again, your failure to respond (without
extension) not only constitutes a waiver of any objections, but requires us to conduct
motion practice that would not yield additional documents before any depositions of the
plaintiffs next week. Indeed, you specifically state that you are unwilling to produce
documents relating to non-Fidelity accounts the plaintiffs hold, even though such
accounts may offer electronic bill payment services used or at least reviewed by the
plaintiffs, thereby at least potentially affecting the Berensons' actual or reasonable
expectations concerning the timing of bill payment debits and credits to payees, and any
interest "float" thereon.

      Fifth, this is the first time you have raised any objection to producing the
plaintiffs for deposition in Boston, the venue cited in the notices we issued on November
18, 2004. This is probably because plaintiffs are typically deposed in the district of suit,
especially in a proposed national class action in which they purport to act for many other
persons, the single largest group of whom reside here.

      As to your demand for background information on your own clients, and
specifically relating to D.S. Berenson's actual given name (which, as I indicated, may or
may not come from a gun permit), given the history of communication in this case any
document requests should be made in a formal and written request for production. I will
say that any litigant is entitled to gather public record information about its litigation
adversaries, and the materials so gathered are deemed work product for litigation and not
subject to production.

      If you do not amend your letter accordingly, we shall be required to seek relief
from the Court.

                Sincerely,

                John A. Shope

JAS:am

cc:    Nicholas C. Theodorou, Esquire
       William Fick, Esquire
       Susan Stenger, Esquire

# Exhibit I



**FOLEY HOAG** LLP
ATTORNEYS AT LAW

John A. Shope
Partner
Boston Office
617-832-1233
jshope@foleyhoag.com

January 7, 2005

**BY TELECOPIER (919-654-4545) AND FIRST CLASS MAIL**

Douglas A. Rubel, Esquire
Johanson Berenson LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511

Re:    *Berenson, et al. v. National Financial Services, LLC, et al.,*
       *Civil No. 04-11311 (WGY) (D. Mass.)*

Dear Mr. Rubel:

Further to my fax letter to you of a few minutes ago, your fax letter of this afternoon stated that you would produce documents on this coming Monday, January 10, 2005. Lest there be any ambiguity in the written record, your statement to me on the telephone earlier today, and a condition of avoiding any motion practice, is that all documents be received in my office on Monday morning.

In addition, although I did not state this on the phone, we will require a detailed log of any documents predating the filing of suit that have been withheld on a claim of attorney-client privilege or the work product doctrine, and we will require such a log without limitation as to time with respect to any documents so withheld that were either generated by, or received by, or copied to your law partner, D.S. Berenson.

Sincerely,

*John A. Shope*

John A. Shope

JAS:am

cc:    Nicholas C. Theodorou, Esquire
       William Fick, Esquire
       Susan Stenger, Esquire

FHBOSTON/1153656.1

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP            BOSTON            WASHINGTON, DC            www.foleyhoag.com