UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOAN BERENSON, individually and on behalf of all others similarly situated, and DAVID BERENSON, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil 04-cv-11311-WGY |
| NATIONAL FINANCIAL SERVICES, LLC, a Delaware, Limited Liability Company, and FIDELITY BROKERAGE SERVICES, LLC, a Delaware, Limited Liability Company, and DOES 1-50, inclusive, | ) ) ) ) ) ) ) | |
| Defendants | ) ) ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO STRIKE CLASS ACTION ALLEGATIONS OR, IN THE ALTERNATIVE,
TO COMPEL OR STAY FOR FAILURE TO PROVIDE DISCOVERY**

Plaintiffs, Joan Berenson and David Berenson, individually and on behalf of all others similarly situated, by counsel, and pursuant to the Court's Order dated January 11, 2005, hereby respond to the Defendants' motion to strike class action allegations or, in the alternative, to compel or stay for failure to provide discovery ("Defendants' discovery motion") for the purpose of explaining a very limited failure to provide discovery.

The Defendants have already taken the following discovery of Plaintiffs:

- On January 10, 2005, prior to the Court's Order of January 11, 2005, Plaintiffs provided Defendants with answers to interrogatories and responses to requests for production of documents.

- On January 14, 2005, Plaintiffs provided Defendants with supplemental responses to requests for production of documents.

- On January 17, 2005, Plaintiffs provided Defendants with supplemental answers to interrogatories and the privilege log that Defendants' counsel requested.

- On January 21, 2005, Defendants commenced the deposition of Plaintiff Joan Berenson and will complete that deposition on January 26 or 27, 2005.

- On January 21, 2005, Defendants deposed D.S. Berenson, Plaintiff's son and member of one of the two law firms representing the Plaintiffs.[1]

- On January 26, 2005, the Defendants will depose Plaintiff David Berenson and will complete their deposition of Plaintiff Joan Berenson on that day or the next day.

Plaintiffs have now provided all documents in their possession except for the following: (i) the last three years of statements from Plaintiffs' Fidelity accounts; (iii) the last three years of

---

[1] Defendants contend, *inter alia*, that D.S. Berenson's relationship with the Plaintiffs and his relationship with one of the law firms representing the Plaintiffs in this case cause an impermissible conflict of interest under Federal Rule 23 that would prevent this Court from granting Plaintiffs' motion for certification of the class. Plaintiffs strenuously and wholly disagree with Defendants' contention and will discuss that contention in their certification motion. However, so that Defendants would not continue to cry foul and otherwise plead that they are somehow prejudiced in their preparation of an opposition to the certification motion, D.S. Berenson and the Plaintiffs agreed that D.S. Berenson would be deposed and he was produced for deposition in the Washington, D.C. offices of Defendants' counsel despite Defendants' having failed to subpoena or otherwise obtain an order for D.S. Berenson to appear for deposition. Thus, except as set forth herein, Defendants have obtained, or will obtain no later than January 27, 2005, well within the thirty day proscription of the Court's January 11, 2005 order, all of the discovery they sought.

statements from "other accounts" that they have (as such was requested but not otherwise defined by Defendants in their request for production of documents); and (iii) the last three years worth of Plaintiffs' American Express credit card statements indicating that Plaintiffs' were charged by America On Line for internet access during that time.

Plaintiffs concede and stipulate that they have had internet access for the period of which they maintain any copies of American Express credit card statements (i.e., at least the last three years). Thus, the production of those credit card statements is unduly burdensome and completely unnecessary. The statements contain sensitive personal financial information that is irrelevant to this case and is not likely to lead to the discovery of admissible evidence.

Moreover, Defendants are already in possession of the statements from the Plaintiffs' Fidelity accounts and the Plaintiffs' production of statements from "other accounts" is not only unduly burdensome and harassing, but, as discussed *infra*, would provide no information that is relevant to this case or that could lead to the discovery of admissible evidence. Accordingly, as required under the Court's January 11, 2005 Order, Plaintiffs are filing this response to explain their alleged failure to make discovery.[2]

---

[2] For the record, Plaintiffs' counsel notes that Defendants' motion was replete with misstatements and outright falsehoods regarding the interaction of counsel and the representations made. Indeed, Plaintiff's counsel must question the appropriateness of bringing this matter to the Court prior to the parties themselves attempting to resolve this otherwise unfortunate discovery dispute. Moreover, it appears that Defendants' counsel is bent on impressing upon the Plaintiffs what a grave error they have made in filing an action against the indomitable Defendants, given that on multiple occasions Defendant's counsel has threatened sanctions against the Plaintiffs. However, rather than waste the Court's time with a seriatim rebuttal of each allegation of alleged improper actions by Plaintiff and/or Plaintiff's counsel, Plaintiffs' counsel will simply note that from the filing of this motion all communications with Defendants' counsel has been, and will continue to be, in writing.

**I.**

Undersigned Plaintiffs' counsel concedes that Plaintiffs' discovery responses were not timely provided to Defendants, and that while certain reasons existed for the delay, those reasons are unimportant for purposes of this motion. Undersigned counsel should have made sure that the responses were delivered to Defendants' counsel by December 15, 2004, and the failure to do so must rest with Plaintiffs' counsel.[3]

**II.**

The bottom line is that on Friday, January 7, 2005, before the Defendants' discovery motion was filed, Plaintiffs' counsel and Defendants' counsel made arrangements (i) for the Plaintiffs' discovery responses to be delivered to Defendants' counsel on Monday, January 10, 2005; (ii) for the Plaintiffs themselves to be deposed in Boston on Thursday, January 13, 2005 and Friday, January 14, 2005 (at great personal expense); and (iii) for the Plaintiffs' son, D.S. Berenson, Esquire, to be deposed on January 21, 2005 at 12:00 p.m. in the Washington, D.C. offices of Defendants' counsel.[4] Each of these was a condition that was agreed to by Plaintiffs' counsel on the understanding that such cooperation would obviate the filing of Defendants' discovery motion.

---

[3] Defendants' motion papers references a conversation on or about December 8, 2004 with undersigned counsel about a medical condition. While the importance of bringing this to the Court is questionable, undersigned counsel acknowledges that he had suffered a severe concussion in mid-November, advised Defendant's counsel of same, and was lax in addressing the discovery responses as of that date.

[4] Indeed, the Berensons made hotel reservations, booked airline flights, made arrangements to board their pet, and, given the holiday weekend before which Defendants wanted to depose them (Martin Luther King day), they were required to obtain flights on two different airlines and were not able to book a flight that returned to the airport closest to their home, necessitating that they make automobile arrangements for their trip as well. Defendants' unilateral decision to cancel the scheduled depositions forced the Berensons to pay cancellation fees to the airlines.

Defendants' counsel then unilaterally cancelled these depositions on Monday, January 10, 2005, apparently deciding that despite the agreement of counsel as to each of the foregoing, Defendants would file their discovery motion in any event. In short, this alleged discovery dispute could have been avoided.[5]

As noted above, new arrangements were made and Plaintiffs have provided their discovery responses.[6]

### III.

It bears repeating that the Plaintiffs provided the subject discovery responses to Defendants on the afternoon of Monday, January 10, 2004, when answers to interrogatories and responses to requests for production of documents (including documents) were faxed to Defendants' counsel. The responses were also served via overnight mail and delivered at 9:35 a.m. on Tuesday, January 11, 2005.[7] On January 14, 2005, Plaintiffs provided supplemental responses to requests for production of documents. On January 17, 2005, they provided supplemental answers to interrogatories and the privilege log that Defendants' counsel requested.

---

[5] Defendants' counsel's certification under Local Rule 7.1 and Federal Rule 37 that he made the requisite good faith attempt to resolve this dispute is misleading as well.

[6] By facsimile and overnight letter to Defendants' counsel, dated January 12, 2005, Plaintiffs offered to be deposed, in Boston, on January 26, 2005, and February 1, 2, 3, 8 and 9, 2005, all within the 30 day requirement of the January 11, 2005 Order. Given that Defendants were still scheduled to depose D.S. Berenson, Esquire, Plaintiffs' son, on the afternoon of January 21, 2005, at Defendants' counsel's Washington, D.C. offices, Plaintiffs offered to be deposed on January 21, 2005 and January 22, 2005 in Washington, D.C. as well. In short, Plaintiffs have offered to present themselves in Boston on or before the deadline set forth in the Order, and, indeed, Plaintiffs will present themselves in Boston on January 26, 2005, before the February 10, 2005 deadline set forth in the Order.

[7] Although Plaintiffs' discovery responses were provided after Defendants' discovery motion was filed, obviously they were prepared *before* then and would have been provided on Monday, January 10, 2005 whether or not the Defendants' discovery motion was filed.

## IV.

The Plaintiffs have produced all documents in their possession, custody and control that are responsive to Defendants' document requests, except for certain documents that are possibly responsive to the following request:

> Request 3.  All documents concerning accounts you maintain with any bank, savings and loan association, credit union, mutual fund company, or financial institution that you use to pay third parties, either by check, wire transfer, electronic bill payment service, or otherwise.

Plaintiffs objected to this request because it is overbroad, unduly burdensome, vague, seeks documents in violation of the attorney-client privilege, seeks documents that are not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence, and also seeks the Plaintiffs' confidential financial information in violation of the Plaintiffs' privacy rights.

Plaintiffs have already produced all literature, correspondence and any other contractual documents in their possession concerning their Fidelity accounts.

Plaintiffs did not produce their Fidelity account statements, of which they maintain the last three years, as it is burdensome for them to do so, and the Defendants already have those documents as set forth in Defendants' Initial Disclosures. Attached as <u>Exhibit</u> A is the Affidavit of Plaintiff David Berenson.[8] The burden of obtaining and producing those documents is equal for both parties.

Moreover, Defendants apparently seek the production of sensitive personal financial documents from Plaintiffs' financial accounts other than Fidelity because, as Defendants'

---

[8] The attachment to Mr. Berenson's Affidavit is not being filed as it contains sensitive financial information the disclosure of which is not material to this Response, except to note that it identifies the "other" accounts. Defendants' counsel received this attachment with the original Affidavit on January 17, 2005.

6

counsel has represented, Defendants' desire information as to (i) the Plaintiffs' use of electronic billpay services at institutions other than Fidelity; (ii) Plaintiffs' knowledge of or notice of the terms of electronic billpay services other than the Fidelity BillPay Service; and (iii) the retention practices of the Plaintiffs concerning their banking records.

However, through Mr. Berenson's affidavit, which was previously provided to Defendants on January 17, 2005, the Plaintiffs have identified all of their non-Fidelity accounts and acknowledged, under oath, that they have no literature, correspondence or other documents from those accounts except for statements for the last three years. <u>Exhibit</u> A. As set forth in Mr. Berenson's Affidavit, the statements from those accounts will not provide any information as to the Plaintiffs' use of electronic billpay services at institutions other than Fidelity or Plaintiffs' knowledge of or notice of the terms of electronic billpay services other than the Fidelity BillPay Service because Plaintiffs do not use a billpay service other than the Fidelity BillPay Service and the Plaintiffs have no knowledge of electronic billpay services other than the Fidelity BillPay Service. *Id*. Simply put, the documents cannot show what does not exist.

As to the Plaintiffs' retention practices concerning their banking records, their sworn testimony as to such is the best evidence of their practices. Mr. Berenson has testified in his affidavit that the Berensons typically retain financial documents such as the account statements for three years. <u>Exhibit</u> A. The actual production of the documents, consistent with the Plaintiffs' testimony, is, therefore, unnecessary and an improper intrusion into their privacy.

**V.**

Plaintiffs respectfully seek some guidance from the Court. Plaintiffs request this Court to deny Defendants' motion and to protect Plaintiffs from having to produce the American Express statements, the Fidelity account statements and the statements from Plaintiffs' undefined "other"

accounts. Plaintiffs have provided all other discovery to Defendants and will complete their depositions on January 26-27, 2005 in Boston. There is no need for striking the class action allegations under these circumstances.

As to Plaintiffs' failure to produce the aforementioned account statements, Plaintiffs submit that their failure is in good faith request and for good reasons. Indeed, the records are wholly unnecessary and an intrusion into the personal financial affairs of the Plaintiffs. Under these circumstances, Plaintiffs submit that an order protecting them from having to produce these records is permissible.

Plaintiffs anticipate that Defendants will contend that their objections to the discovery of these items have been waived. Plaintiffs submit that, although the failure to object to interrogatories in a timely manner ordinarily constitutes a waiver of objections, a litigant does not waive a "burdensomeness and oppressiveness" objection to an interrogatory. *See Cahela v. Bernard*, 155 F.R.D. 221 (D. Ga. 1994); *Williams v. Krieger*, 61 F.R.D. 142, 145 (D.C.N.Y. 1973) (Court has discretion in the matter and can ignore the waiver if the interrogatory was wholly improper); *Shenker v. Sportelli*, 83 F.R.D. 365, 367 (D. Pa. 1979) (Court may look to relevance of and need for discovery). Such is the case here. The Plaintiffs respectfully request this Court to exercise its discretion and determine that Plaintiffs need not produce the subject account statements.

WHEREFORE, for the foregoing reasons, Plaintiffs, Joan Berenson and David Berenson, respectfully request this Court to deny Defendants' motion to strike class allegations or to compel or stay discovery. Plaintiffs have produced all necessary documents in their possession, have presented and are presenting themselves for deposition by agreement of the parties, and have produced D.S. Berenson for deposition.

Dated:  January 24, 2005                                    Respectfully submitted,


                                                  //ss// Douglas A. Rubel
Douglas A. Rubel [*pro hac vice*]
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511
(919) 654-4544

//s//Kenneth L. McWilliams
Kenneth L. McWilliams [*pro hac vice*]
Johanson Berenson LLP
1146 Walker Road, Suite C
Great Falls, Virginia  22066
(703) 759-1055

Attorneys for Plaintiffs