IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON, individually and on behalf of all others similarly situated; and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC; FIDELITY BROKERAGE SERVICES LLC; and DOES 1-50, inclusive,<br><br>Defendants | 04-CV-11311-WGY |

## AFFIDAVIT OF DOUGLAS A. RUBEL

Douglas A. Rubel, Esquire, being duly sworn on oath, hereby deposes on the basis of his personal knowledge and states as follows:

1. I am over the age of 18 years and am otherwise competent to testify.

2. I am Plaintiffs' counsel in the above referenced case and provide this Affidavit in support of Plaintiffs' Motion for Class Certification, particularly that portion of the Motion relating to Rule 23(a)(4) and Plaintiffs' contentions thereunder that they are adequate representatives of the putative Class in this case.

3. Attached as Exhibit D to Plaintiffs' Motion for Class Certification is a true and accurate copy of the relevant portions of the biography of Johanson Berenson LLP, as downloaded from the internet website of Johanson Berenson LLP.

4. I am an active member of the Bars of the District of Columbia (1988), Maryland (1989) and North Carolina (2001). I am also an inactive member of the Bars of Illinois (1986) and Pennsylvania (1992). I am admitted to practice before the United States Courts of Appeals

for the Fourth and Ninth Circuits, and the United States District Courts for the Districts of District of Columbia, Maryland, and North Carolina. I have also litigated in the United States District Courts for the Eastern District of Virginia and Northern District of California. I hold an AV rating from Martindale Hubbell. I have been litigating complex civil cases since 1988, including class action and consumer protection cases. I am a member of the Executive Council of the Employment Law Section of the North Carolina Bar Association.

6. Kenneth L. McWilliams is an active member of the Bars of Virginia (1998) and the District of Columbia (1999). He is a *cum laude* graduate of the Georgetown University Law Center. He has been an Administrative Hearing Officer at the United States Department of Justice since 2002. He has litigated complex criminal (Salt Lake City Olympics bribery scandal) and civil (Fair Debt Collection Practices Act) cases since 1999.

7. Mr. McWilliams and I were retained by the Plaintiffs to act as lead counsel in this case. At the time we were retained, we contemplated trying this case in the District of Columbia. Mr. McWilliams and I have consulted with counsel who are personal friends and colleagues at large class action firms, such as Bernstein Litowitz Berger & Grossmann LLP, and will be consulting with friends and colleagues at other class action law firms, such as Zimmerman Reed PLLP, when necessary. We have also attended class action related CLE seminars sponsored, *inter alia*, by the American Bar Association, such as the 2003 Annual Review of Class Action Litigation in Washington, D.C., and state and "local" bar associations, such as the North Carolina State Bar and North Carolina Academy of Trial Lawyers. We have investigated the outside administrative resources necessary for providing sufficient notice to all putative class members, including the form and content of notice to be provided.

8.  Upon the transfer of this case from the District of Columbia, Plaintiffs retained Susan E. Stenger, Esquire and Perkins Smith and Cohen LLP. Ms. Stenger has taken an active co-counsel role in this litigation. She attended the hearing on Defendants' motion to dismiss and for summary judgment, participated in telephonic meetings with Plaintiff David Berenson, and has provided valuable counsel as to strategy, discovery and the local rules. Ms. Stenger will continue to take an active role in discovery and the trial of this case. Moreover, Ms. Stenger has agreed to play a primary role in advising the Plaintiffs as to the propriety and advisability of accepting any settlement offers from the Defendants.

9.  Plaintiffs' counsel have sufficient financial resources to prosecute this case.

10. Plaintiffs' counsel have sufficient experience and ability to vigorously prosecute this case to its conclusion, whether in court as part of a jury trial, or otherwise. Plaintiffs' counsel are prepared to engage any necessary expert witnesses with regard to the so-called "good funds" business model that Defendants purport underlies their BillPay Service, and to engage any other expert witness that may be necessary to prosecute this case, including the calculation of any and all damages due the Class members.

11. Plaintiffs' counsel have begun necessary discovery, having deposed three witnesses from Defendants, and are preparing document requests and other discovery of Defendants and of their third-party vendor, CheckFree Corporation. A deposition of CheckFree Corporation will soon follow.

Signed Under the Pains and Penalties of Perjury.

_____
DOUGLAS A. RUBEL

3