IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOAN BERENSON and DAVID
BERENSON, individually and on behalf of
all others similarly situated,

        Plaintiffs,

v.

NATIONAL FINANCIAL SERVICES LLC,
FIDELITY BROKERAGE SERVICES LLC,
and DOES 1-50, inclusive,

        Defendants.

Civil Action No. 04 CV 11311 (WGY)

## STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

IT IS HEREBY STIPULATED AND AGREED by and among the parties that, because the parties intend to produce in this litigation documents, materials, and testimony that such parties believe contain confidential or proprietary information, which if disclosed could injure the party producing such information, the following terms and procedures of this Stipulated Confidentiality Agreement and Order for the Production and Exchange of Confidential Information ("Order") shall govern the production and exchange of all documents, materials, testimony, interrogatories, and other information produced, given, or exchanged by and among all parties in the course of this litigation:

### Definitions

1. For purposes of this Order, a "Producing Party" shall mean any party to this litigation who produces or discloses information or materials in the litigation.

2. For purposes of this Order, the term "Receiving Party" shall mean any person to whom information or materials are produced or disclosed in this litigation.

3. For purposes of this Order, the term "Confidential Information" shall mean material designated as Confidential (as defined in paragraphs 4–6) and any information obtained from such material.

### Designation of Confidential Materials

4. Any document, material, deposition testimony, interrogatory responses, or other information taken, given, or exchanged in the course of pretrial discovery in this litigation may be designated "Confidential" if it reflects, refers to, or evidences confidential or proprietary technical information; trade secrets; special formulas; company security matters; customer lists; financial data; projected sales data; production data; data which touch upon the topic of price; confidential or proprietary product or process information; confidential or proprietary business plans, forecasts, or data; confidential or proprietary financial plans, forecasts, or data; confidential or proprietary operational plans, forecasts, or data; matters relating to mergers and acquisitions; customer lists; sensitive commercial, financial, customer, personnel, or personal information; or if it is deemed confidential by any state or federal statute or regulation.

5. Any documents or other tangible materials designated as Confidential shall be so designated by stamping or writing the word "CONFIDENTIAL" on each page of any such document, prior to the transmission of such documents to the Receiving Party. Inadvertent failure to designate materials as Confidential prior to the transmission of such documents may be

remedied by written notice to the Receiving Party. If such notice is given, all documents, materials, or testimony so designated shall be fully subject to this Order as if they had been properly designated as Confidential prior to their transmission.

6. Portions of the transcript of any deposition or other testimony (including exhibits) designated as Confidential shall be so designated by either (a) by a statement on the record during the course of a deposition that certain information or testimony is either Confidential or that the entire deposition transcript is so designated; or (b) sending written notice within ten (10) days of receipt of the transcript of the deposition designating all or a portion of the transcript as Confidential; and (c) in both of the foregoing instances, directing the Court reporter to affix the appropriate confidentiality legend to the first page and all portions of the original and all copies of the transcript containing any Confidential Information. No objection shall be interposed at deposition that an answer would elicit confidential information. Any portions of a transcript designated confidential shall thereafter be treated as confidential. Between the date of the deposition and ten days after the transcript has been received by the parties, the entire transcript is to be treated as if designated Confidential. If no party has designated any portion of a deposition transcript Confidential ten days after receipt of the transcript, the entire transcript will be treated as non-confidential.

## Use of Confidential Information

7. Confidential Information shall be used solely for purposes of the preparation and trial of this litigation and any related appellate proceeding and for no other purpose, absent the prior written consent of the Producing Party or leave of the Court.

8. Confidential Information shall be inspected or used solely by: (a) the Court, persons employed by the Court and stenographers transcribing testimony or argument at a

hearing, trial, or deposition in this litigation or any appeal therefrom; (b) counsel to the parties in this litigation (including retained and in-house counsel) and persons in their employ who are assisting in the conduct of this litigation; (c) any named party; (d) actual or proposed witnesses; (e) parties' experts; and (f) any person whom the Producing Party agrees may be shown Confidential Information.

9.   Notwithstanding anything contained in paragraph 8, Confidential Information may be provided to experts retained in connection with this action by a party receiving such Confidential Information or such party's counsel to the extent necessary for such expert to prepare a written opinion; to prepare to testify; or to assist counsel in the prosecution of this action, *provided* that such expert is using said information solely in connection with this action; and further *provided* that such consultant or expert signs an undertaking in the form attached hereto, agreeing in writing to be bound by the terms and conditions of this Order and consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Order, which undertaking shall be held by counsel to the party retaining such expert; and agrees not to disclose or use such Confidential Information for purposes other than those permitted hereunder.

10.  Confidential Information shall not be made public. To the extent that it is necessary to file Confidential Information in connection with proceedings in this action, the party wishing to file any such Confidential Information shall on each occasion move, pursuant to Local Rule 7.2, for an order of impoundment no later than concurrently with the underlying filing.

11.  Nothing in this Order shall prevent any Producing Party from using or disclosing its own Confidential Information as it deems appropriate. Nothing in this Order shall preclude a party from exhibiting, in preparation for or during deposition, hearing, or trial proceedings, any

Confidential Information to any employee, officer, or director of, or expert retained by the Producing Party of said Confidential Information.

12.  Nothing herein shall bar a party from the unrestricted use of any document, material, or other information obtained from public sources or available through public sources.

## Non-Waiver of Confidentiality

13.  Review of Confidential Information by persons permitted to do so pursuant to paragraphs 8 or 9 shall not waive the confidentiality of the documents or materials or objections to production.

14.  In the event that any Confidential Information is used in any court proceeding in this litigation or any appeal therefrom, it shall not lose its status as Confidential Information through such use, and the party using said information shall take steps necessary to protect confidentiality during such use, including, but not limited to requesting the Court to hear counsel *in camera* with respect to such information.

## Objections to Designations of Confidentiality

15.  Acceptance of materials designated as Confidential shall not constitute an admission by the Receiving Party or evidence that such material is Confidential Information. If the Receiving Party objects to the designation of any materials as Confidential, the Receiving Party shall state the objection by letter to counsel for the Producing Party. If the parties are then unable promptly to resolve the objection, any party may move the Court for an order determining the materials were not properly designated as Confidential. Material designated Confidential shall maintain that designation for all purposes unless and until this Court rules that material so designated is not of the character defined in paragraph 4 or otherwise re-designates the

information and for five (5) business days thereafter. The burden of proof in any such motion shall be on the Producing Party to justify the appropriateness of the designation.

### Limitations of this Order

16. Nothing herein shall be construed to affect in any way the rights of any party to object to the admissibility or the authenticity of any document, material, testimony, or other evidence at a trial of this litigation.

17. Nothing herein shall constitute a waiver of any claim of attorney-client privilege, work product immunity, or other protection from discovery.

18. Nothing herein shall constitute: (a) an agreement to produce any documents or other materials, or supply any information or testimony in discovery not otherwise agreed upon or required to be produced; (b) a waiver of any right to object to any discovery request in this or any other litigation; or (c) a waiver of any claim attorney-client privilege, work product immunity, or other protection from discovery with regard to any documents, materials, or testimony, or other information.

### Inadvertent Disclosure

19. Persons receiving Confidential Information are prohibited from disclosing such information to any person, except in conformance with this Order, or such other orders as may issue from a court of competent jurisdiction. If Confidential Information is disclosed to any person other than in a manner authorized by this Order, the party responsible for such disclosure shall upon discovery of the disclosure immediately inform the person whose information is disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the responsible person, including the name, address, and employer of the person to

whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who has received such information.

20. The inadvertent disclosure of any Confidential Information by a Producing Party, without the designation required under paragraphs 5 or 6, shall not constitute a waiver of any claim that the disclosed material is entitled to protection under this Order, if such disclosure is brought to the attention of the Receiving Party promptly after the Producing Party's discovery of such disclosure. Along with notice of inadvertent disclosure, the Producing Party shall provide properly marked documents to each party to whom Confidential Information was inadvertently disclosed; and, upon receipt of these properly marked documents, the Receiving Party shall return to the Producing Party, or destroy, the improperly marked documents that were initially produced, along with any copies or duplicates thereof.

21. If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege, work product immunity, or other protection from discovery, the Producing Party may give written notice to the Receiving Party that the document or material is subject to such protection and request that the document or material be returned to the Producing Party. The Receiving Party shall return the document or material to the Producing Party along with any copies or duplicates thereof. Return of the document or material by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or material is, in fact, properly subject to a claim of attorney-client privilege, work product immunity, or other protection from discovery, nor shall it foreclose any party from moving the Court for an order that such document or material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

### Damages and Remedies

22. The disclosure of any Confidential Information of either party in violation of the terms of this Order will cause the Producing Party to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, the Producing Party will be entitled to immediate injunctive relief, in addition to any other remedy, including monetary damages, which may be available at law or in equity, in the event of any violation or threatened violation of this Order.

### Modifications of this Stipulation and Order

23. This Order shall not prevent any party or non-party from applying to the Court for further or other protective orders, for modifications of this Order, or from agreeing to modifications of this Order. Any such agreed-to modification shall be in writing and signed by counsel on behalf of the parties, and by any interested non-party.

### Termination of Litigation

24. Within sixty (60) days after the final termination of the lawsuit, including all appeals, all persons subject to this Order shall destroy all Confidential documents and other materials and all copies thereof or shall return them to the Producing Party. However, nothing herein shall preclude a party's retained counsel from maintaining copies of all pleadings and other papers filed with the Court, subject to the terms of this Order.

25. The restrictions provided for herein shall not terminate upon the conclusion of this litigation but shall continue in accordance with the terms hereof until further order of this Court.

Stipulated and agreed:

JOAN BERENSON
DAVID BERENSON

By their attorneys,

*/s/ Susan Stenger*

Susan Stenger (BBO No. 555552)
Perkins, Smith & Cohen, LLP
One Beacon Street, 30th Floor
Boston, MA 02108
(617) 854-4228

Kenneth L. McWilliams (462273)
JOHANSON BERENSON LLP
1146 Walker Road, Suite C
Great Falls, Virginia 22066
(703) 759-1055

Douglas A. Rubel (416676)
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511
(919) 654-4544

Date: 1.19.05

NATIONAL FINANCIAL SERVICES LLC
FIDELITY BROKERAGE SERVICES LLC

By their attorneys,

*/s/ John Shope*

Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Date: 1/19/05

It is so ordered.

*/s/ William G. Young*
United States District Judge

Date: Jan. 31, 2005

- 9 -