IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>Defendants. | Civil Action No. 04 CV 11311 (WGY) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT ON EFTA CLAIMS
<u>AS BARRED BY THE STATUTE OF LIMITATIONS</u>**

Defendants National Financial Services LLC and Fidelity Brokerage Services LLC (together, "Fidelity") respectfully submit this memorandum in support of their motion for summary judgment on Count I of the Complaint as barred by the statute of limitations.

The basis of this motion is simple:

- Actions under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*, must be brought "within one year from the date of the occurrence of the violation," 15 U.S.C. § 1693m(g).

- The plaintiffs became aware of Fidelity's alleged EFTA violations no later than January of 2002 and sent a demand letter, with assistance of counsel, to Fidelity seeking redress on or around September 17, 2002.

- The plaintiffs filed their complaint more than one year later, on September 26, 2003.

The plaintiffs' EFTA claims therefore must be dismissed.

**I.   BACKGROUND**

Plaintiffs David and Joan Berenson allege in this proposed global consumer class action that Fidelity failed to disclose that its bill payment service, now called BillPay, would not credit them with "interest" on their Fidelity money market mutual fund during the period of "float" between the time that amounts were debited from their account and the time that payees were ultimately credited with payments.  In their complaint, originally filed in the United States District Court for the District of Columbia on September 26, 2003, the Berensons contended that Fidelity violated the EFTA (Count I), the Massachusetts Truth in Savings Law (Count V), the Massachusetts Consumer and Business Protection Act (Count VI), and the District of Columbia Consumer Protection Procedures Act (Count VII).  In addition, the complaint asserted common law claims of intentional (Count II) and negligent (Count III) misrepresentation, breach of fiduciary duty (Count IV), and breach of Contract (Count IV).[1]

On November 8, 2003, Fidelity filed a Motion to Dismiss and for Summary Judgment, arguing that several counts were legally insufficient on their face and that all must fail because, as a matter of indisputable fact, Fidelity provided full disclosure in customer agreements, BillPay Service Agreements, fund prospectuses, and other documents both provided to investors in hard copy and available on the Fidelity website.

On November 13, 2003, Fidelity filed a Motion to Transfer Venue to the District of Massachusetts.  The District of Columbia court granted this motion on May 14, 2004, and ordered the case transferred to this district without ruling on Fidelity's Motion to Dismiss and for Summary Judgment.  319 F. Supp. 2d 1.

---

[1] The plaintiffs erroneously numbered two separate counts as "Count IV".

This Court held a hearing on the defendants' dispositive motion on October 13, 2004. The Court granted the motion to dismiss in part from the bench, dismissing Count V (Mass. Truth in Savings, for which there is no private right of action), Count VII (D.C. Consumer Protection, withdrawn by the plaintiffs), and Count IV (breach of contract, following counsel's inability at oral argument to identify any promise breached). The Court took under advisement possible dismissal of Count I (EFTA), which would eliminate the original basis of federal jurisdiction, but denied facial dismissal of the other remaining counts. The Court also took under advisement the defendants' motion for summary judgment with respect to all of the remaining counts.

The matters taken under advisement, which would dispose of the case in its entirety if granted, remain pending at this time. Nevertheless, the Court ordered the parties to proceed with discovery and briefing of possible class certification. The parties engaged in limited discovery and the plaintiffs filed their motion for class certification on January 25, 2005. Fidelity now moves for summary judgment on Count I because the depositions of the plaintiffs confirm that the EFTA claim was filed too late.

**II.    STATEMENT OF UNDISPUTED FACTS**

The following facts are undisputed:

1.    On or around September 17, 2002, David Berenson sent a letter to Fidelity that stated:

> In January of 2002 I noticed that in BillPay transactions I made, monies were being subtracted from my account before the payee actually cashed the BillPay Check or received any BillPay funds which I had transferred. A review of my account statements indicated this was a regular practice, and occurs literally every month I make a BillPay transaction.
>
> I contacted Fidelity representatives by telephone on numerous occasions since then attempting to determine why this was the

> case, and where the interest on my money was during this period of time. However, I received no response to my questions. I believe the interest on my money during this period of time belongs to me and is actually being used by Fidelity. I was unaware of this practice and feel I am being charged a fee for using the BillPay service.
>
> As such, on all BillPay transactions I have ever made I would like to be repaid the interest on money which was taken out of my account before the creditor actually obtained the money.

T25.[2]

2. At his deposition, David Berenson authenticated this letter and testified that the statements therein are true. T11.92-3.

3. Joan Berenson also participated in the drafting and review of this letter. T10.47; T11.68.

4. D.S. Berenson, the plaintiffs' son and one of two equity partners of Johanson Berenson LLP, the plaintiffs' counsel of record, assisted in the drafting of this letter. T8.138-40.

5. The complaint in this action was filed over a year later on September 26, 2003.

### III. ARGUMENT

Actions under the EFTA "may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1693m(g).

The plaintiffs' complaint in this case may be read to assert two separate violations of the EFTA, both of which occurred and were discovered more than one year before suit.

First, the plaintiffs point out that the EFTA requires disclosure of, among other things, "any charges for electronic fund transfers or for the right to make such transfers." 15 U.S.C. §

---

[2] Citations refer to tab numbers in the Appendix filed under seal in connection with the Defendants' Opposition to Class Certification. For example, this citation refers to Tab 23, which is a copy of Mr. Berenson's letter marked as deposition exhibit 13.

- 3 -

1693c(a)(4).  The statute does not define "charge" and the implementing regulations substitute the word "fees."  12 C.F.R. § 205.7(b)(5).  The plaintiffs contend that the lost opportunity to earn interest on funds that are debited upon initiation of a BillPay transaction "is tantamount to, and constitutes" a fee or charge, and that Fidelity violated the statute when it supposedly failed to disclose this "fee."  Complt. ¶ 26.

Second, the plaintiffs contend that Fidelity violated the "error resolution" provisions of EFTA, 15 U.S.C. § 1693f, when it declined provisionally to re-credit their account and did not conduct a good faith investigation upon notice of a supposed "error" in determining the amount of interest that should have accrued to their account.[3]

Whatever the legal or factual merit of these theories, it is undisputed not only that the alleged violations themselves occurred outside the limitations period, but also that the plaintiffs became aware of the operative facts by January of 2002, almost 21 months prior to filing the complaint.[4]  Notably, the plaintiffs cannot salvage their claim based on a theory that the nondisclosure or failure to credit "errors" constitutes a "continuing violation."  *See Houck v. Local Federal Savings and Loan, Inc.*, 996 F.2d 311 (table), 1993 WL 191818 (10th Cir. 1993) ("The contention that a recent collection effort continues the violation has no relevance to the EFTA claim.  Plaintiff knew of the alleged electronic transfer errors shortly after they occurred,

---

[3] As Fidelity has previously argued in its Motion to Dismiss and for Summary Judgment, these claims lack substantive merit and should be dismissed on their face for a number of reasons:  (1) non-payment of interest is not a "fee" or "charge" subject to disclosure under the EFTA; (2) even if a lost opportunity were deemed a "fee," Fidelity lies within a statutory safe harbor provided by Federal Reserve form disclosures; (3) Fidelity provided notice of all pertinent terms of the BillPay service; and (4) the "error resolution" provisions are inapplicable since the plaintiffs allege an intentional practice, not an "error."  Fidelity's motion based on these arguments remains pending before the Court.

[4] In the unlikely event that this case is certified as a class action, Fidelity may also litigate whether other class members in diligence "should have" discovered their claims more than a year prior to suit.  *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946).

but to his detriment waited more than two years to file this action.") (quoting and adopting district court's decision).

The plaintiffs lack any conceivable basis to assert equitable tolling of the statute of limitations, particularly since they were already represented by counsel at the time they drafted their demand letter on September 17, 2002, more than a year prior to filing the complaint. *See Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 752 (1st Cir. 1988) (constructive knowledge attributed to plaintiff who had retained attorney). Any claim under the "error resolution" provisions is further barred for the additional reason that a notice of the alleged "error" must be received from the customer within sixty (60) days of the account statement that contained the error. *See* 15 U.S.C. § 1693f. Here, David Berenson's purported letter of notice dated September 17, 2002, expressly referred to account statements from the previous January, some nine months earlier.

The plaintiffs' allegations elsewhere in the complaint that Fidelity has breached a fiduciary duty either by failing to disclose the loss of "float" or failing to process payment to the plaintiffs' designated payees as promptly as commercially practicable are irrelevant. First, there is no contention, nor could there be, that any failure to effect payment to third parties as promptly as commercially practicable violates the EFTA. Rather, the plaintiffs assert that the EFTA was violated by the initial failure to disclose the loss of "float" when they began using the BillPay service in the 1980s and thereafter, and by Fidelity's failure to recredit their accounts when the "error" of float retention was asserted.

Second, as a matter of law, an ordinary customer-stockbroker relationship in which the broker has no discretionary control of the customer's accounts is not a fiduciary one. *See Lefkowitz v. Smith Barney, Harris Upham & Co. Incorporated*, 804 F.2d 154, 155 (1st Cir. 1986)

- 5 -

("simple stockbroker-customer relationship does not constitute a fiduciary relationship."). No such control is alleged in connection with BillPay or even generally.

Third, even assuming Fidelity's relationship were fiduciary in nature (it is not), any supposed failure by Fidelity to "confess" the alleged misrepresentation does not stop the running of the statute of limitations as a means of "fraudulent" concealment once the plaintiffs have learned of the facts giving rise to their claim, as they did here more than a year before their suit. *See Salois v. Dime Savings Bank of New York*, 128 F.3d 20, 27 (1st Cir. 1997) (facts that give rise to a claim cannot be deemed "fraudulently concealed" for tolling purposes where the plaintiffs "possessed the facts themselves."). The claims of David and Joan Berenson under the EFTA must be dismissed as untimely.

## Conclusion

For the reasons stated above, the Court should enter summary judgment dismissing Count I of the Complaint.

Respectfully submitted,

NATIONAL FINANCIAL SERVICES LLC and
FIDELITY BROKERAGE SERVICES LLC

By their attorneys,

    /s/ John A. Shope
Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: February 8, 2005

FHBOSTON/2355557.4