IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>　　　　　　　Defendants. | Civil Action No. 04 CV 11311 (WGY) |

## DEFENDANTS' RENEWED MOTION TO IMPOUND

　　　　Pursuant to the Court's order dated February 11, 2005 (the "Feb. 11 Order"), as well as Local Rules 5.3(B) and 7.2 and paragraph 10 of the Stipulated Confidentiality Agreement and Order for the Production and Exchange of Confidential Information ("Confidentiality Order") entered on January 31, 2005, defendants National Financial Services LLC and Fidelity Brokerage Services LLC (together, "Fidelity") hereby move for leave to file material in support of their Memorandum in Opposition to Class Certification (filed February 8, 2005) as follows:

　　　　1.　　Pursuant to the Court's Feb. 11 Order, Fidelity is compiling and duplicating an unsealed, redacted version of the two-volume Appendix to Defendants' Opposition to Class Certification (the "Redacted Appendix"), previously filed under seal and docketed (the "Sealed Appendix") [dkt ## 28, 29]. Fidelity intends to file the Redacted Appendix in hard copy with the Clerk's Office on the morning of Monday, February 14, 2005, and will enter a Notice of Filing

on the electronic docket at that time pursuant to District of Massachusetts Electronic Filing Administrative Procedures.

2. Fidelity respectfully requests that the Sealed Appendix remain on file, under seal, with the Clerk for the Court to consult as necessary.

3. Social Security Numbers, dates of birth, and financial account numbers will be redacted throughout the Redacted Appendix pursuant to Local Rule 5.3. In addition, Fidelity will redact total account balance figures on the plaintiffs' individual account statements, which are not relevant to the action but would ordinarily be considered private information. Fidelity respectfully requests that the Court approve the impoundment of this information and refer to unredacted documents in the Sealed Appendix if necessary.

4. The plaintiffs had designated as confidential the following lines of D.S. Berenson's deposition transcript: 63:22; 64:1,4,15; 65:16,18,21; 66:2,4; 71:8; 73:11. Fidelity has not redacted this information, which concerns plaintiffs' counsel's representation of business clients associated with the plaintiffs, since it is contained in Fidelity's Memorandum in Opposition to Class Certification, which the Court has ordered to be filed in the public record.

5. Pursuant to ¶ 6 of the Confidentiality Order, the ten-day period in which the plaintiffs may make confidentiality designations in regard to the depositions of Joan Berenson and David Berenson has not yet expired. The plaintiffs have not yet made any designations despite Fidelity's request that they do so in advance of the due date of its opposition to class certification, stating that they have not had sufficient time for review. Therefore, pursuant to the Confidentiality Order, the transcripts temporarily must be treated as confidential in their entirety and will be omitted from the Redacted Appendix to be filed on February 14, 2005, but will be filed at a later date in accordance with the Feb. 11 Order.

6.      Fidelity has previously designated as confidential, without objection, the following sixteen (16) lines of Warren Fagan's deposition: 107:15,24; 108:2,6,12,14,19,20; 112:1,2; 113:1,3; 114:1,6,8,14. Fidelity also has designated as confidential the following six (6) lines of Camille Zaslau's deposition: 92:21; 93:9,15,22; 96:15; 128:15. These lines contain information about the specific per-customer amounts that Fidelity pays to its vendor, CheckFree Corp., to operate the BillPay service and the amount of money Fidelity loses on BillPay, exclusive of customer service and other personnel costs (that is, the difference between the amount paid to CheckFree and the amount recovered in customer fees). As attested in the accompanying affidavit of Anne Warren Fagan, public disclosure of this specific information would place Fidelity at a competitive disadvantage in future price and service negotiations with CheckFree and/or other potential BillPay vendors. Affidavit of Anne Warren Fagan, ¶3. Therefore, Fidelty has redacted the transcripts of these depositions in the Redacted Appendix and respectfully requests that the Court approve the impoundment of this information and refer to the unredacted transcripts in the Sealed Appendix as necessary. *See, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (noting that protective order may be appropriate to prevent public dissemination of financial information in deposition transcript).

7.      With the exception of the items listed above, the entire contents of the Sealed Appendix will be filed openly in the Redacted Appendix.

WHEREFORE, the Court should approve Fidelity's proposal to file material in support of its opposition to class certification as set forth above.

       Respectfully submitted,

       NATIONAL FINANCIAL SERVICES LLC and
       FIDELITY BROKERAGE SERVICES LLC

       By their attorneys,

       _____/s/ John A. Shope_____
       Nicholas C. Theodorou (BBO No. 495730)
       John A. Shope (BBO No. 562056)
       William W. Fick (BBO No. 650562)
       David E. Cole (BBO No. 658705)
       FOLEY HOAG LLP
       155 Seaport Boulevard
       Boston, MA 02210
       (617) 832-1000

Dated:  February 11, 2005

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

    I, John. A. Shope, certify that I have previously communicated with opposing counsel regarding the subject matter at issue in this motion and that this motion is filed for purposes of compliance with the Court's order of February 11, 2005.

       _____/s/ John A. Shope_____
       John A . Shope