UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON, individually and on behalf of all others similarly situated, and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOEs 1-50, inclusive,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Docket No. 04-CV-11311-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF D.S. BERENSON

I, D.S. BERENSON, do hereby depose and say:

1. I am an attorney in the law firm of Johanson Berenson LLP, one of the two law firms representing the Plaintiffs in this action.

2. I make this affidavit based upon my personal knowledge, unless otherwise noted.

3. I am neither an attorney of record in this action nor am I acting as counsel to the Plaintiffs in this action.

4. Per my voluntary agreement, I submitted to deposition by the Defendants on January 21, 2005 in Washington, D.C.

5.  I have received from Douglas Rubel, one of the attorneys representing the Plaintiffs in this action, a copy of Defendants' Memorandum In Opposition To Class Certification recently filed in this action ("Memorandum").

6.  I have read the Memorandum and hereby state that the Defendants have so baldly misstated testimony I provided during that deposition, that I can only fathom that the Defendant's have done so deliberately to mislead this Court.

7.  Defendants state "D.S. Berenson . . acknowledges that he has a substantial financial interest in any fees recovered in this litigation." Memorandum at page 10, citing Defendants Exhibit T8:48-58. I made no such statement. The transcript does not contain any such statement, nor does it imply such a conclusion.

8.  Defendants state "D.S. Berenson resides rent-free at his parents' farm." Memorandum at page 11, citing Defendants Exhibit T8:15, 17. I made no such statement, and the transcript does not contain any such statement, nor does it imply such a conclusion. I was asked for my address, which for tax and legal purposes in Virginia is a Route and Box number in Staunton, Virginia, the address the Defendants are referring to as the "farm". I live primarily in McLean, Virginia and in Florida. I was never asked if I resided at this "farm" or if I even lived there at all. When I was asked if I lived at the "farm" full time, I stated "No."

9.  When Defendants' inquired of Plaintiff Joan Berenson if anyone other than the Plaintiffs resided at the "farm", her answer was "No. Defendants Exhibit T9:18. How then is this Court to justify the representation made by the Defendants that "D.S. Berenson resides rent-free at his parents' farm."?

10. Defendants generally seem to be making an issue of the fact that the firm of Johanson Berenson LLP has at some time in the past provided legal services to two or three

-2-

entities in which the Plaintiff, apparently David Berenson, apparently has a financial interest. The entities cited are R2K, Comfidex and Thunderbird. Memorandum at page 10, citing Defendants Exhibit T8:63-64.

11.   This is akin to stating that because the Plaintiffs' own stock in IBM and Johanson Berenson LLP uses IBM computers, a conflict of interest exists in this matter. In reviewing the records of Johanson Berenson LLP, I find that during the past five years we reflect no invoices for services rendered to Comfidex and no invoices for services rendered to Thunderbird (other than a request for reimbursement of certain minor expenses, apparently incurred in handling registered agent matters for Comfidex). Defendants indicate that David Berenson is no longer "associated" with R2K, so I did not spend the time to examine any records for that entity.

12.   Finally, to the extent there is some overt or covert implication, I would like to make clear for the Court that the Plaintiffs in this action do not have any financial interest, directly or indirectly, in any fee award that may result to either Johanson Berenson LLP or Perkins, Smith & Cohen, L.L.P.

Signed under the pains and penalties of perjury this 15th day of February 2005.

_____
D.S. BERENSON

03/28/1995  04:07  5617464049 67  D. BERENSON  PAGE  03