**Westlaw.**

996 F.2d 311 (Table)  Page 1
996 F.2d 311 (Table), 1993 WL 191818 (10th Cir.(Okla.))
**Unpublished Disposition**
**(Cite as: 996 F.2d 311, 1993 WL 191818 (10th Cir.(Okla.)))**

**C**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Tenth Circuit.
Everett HOUCK, Plaintiff-Appellant,
v.
LOCAL FEDERAL SAVINGS AND LOAN, INC., a corporation Defendant-Appellee.
**No. 93-6046.**

June 1, 1993.

W.D.Okl., No. CIV-92-2127-C.

W.D.Okl.

AFFIRMED.

Before LOGAN, MOORE, and BRORBY, Circuit Judges.

ORDER AND JUDGMENT [FN*]

BRORBY, Circuit Judge.

**\*\*1** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Houck, a pro se litigant, appeals the district court decision dismissing his complaint.

Mr. Houck commenced this action on October 27, 1992, pro se and in forma pauperis. The complaint describes a controversy regarding whether Local Federal incorrectly posted withdrawals against Mr. Houck's checking account balance from ATM bank card transactions. Allegedly, the bank improperly charged his account for various transactions; closed his account; refused to account; and wrongfully attempted to collect a disputed overdraft arising from the bank card charges. Mr. Houck's complaint alleged he wrote the bank on July 23, 1990, disputing the bank card charges and asking for an explanation. A fair reading of Mr. Houck's complaint, which was filed October 27, 1992, reveals three claims: (1) a violation of the Electronic Funds Transfer Act (15 U.S.C. §§ 1693-1693r) arising from the bank's failure to investigate his allegations of electronic fund transfers; (2) a violation of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692o) as he received numerous harassing telephone calls attempting to collect the disputed overdraft; and (3) a slander or libel claim against the bank for reporting erroneous information to Tele-Check.

The district court found the action based upon the Electronic Fund Transfer Act barred by the statute of limitations as 15 U.S.C. § 1693m(g) mandates that any action must be brought "within one year from the date of the occurrence." The district court also dismissed the action based upon the Fair Debt Collection Practices Act because Local Federal was not a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6). The district court dismissed the state law libel and slander claim as it cannot be heard in federal court in the absence of other federal jurisdiction. A copy of the district court's order is attached hereto.

In his appeal to this court Mr. Houck eloquently argues that no one should be allowed to totally disregard the law and then claim the statute of limitations. Mr. Houck cites no law but describes the hassles he allegedly received from various governmental agencies prior to the filing of his complaint.

We review the district court's dismissal of the complaint de novo, and for the purposes of review read the facts in a light most favorable to the plaintiff. In Mr. Houck's complaint, he alleges significant and serious violations of federal law. We are unable, however, to provide Mr. Houck relief. The applicable Electronic Fund Transfer Act law is clear. According to § 1693m(g), an action must be commenced within one year from the date of occurrence. No court is free to ignore the law made by Congress.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

996 F.2d 311 (Table) Page 2
996 F.2d 311 (Table), 1993 WL 191818 (10th Cir.(Okla.))
**Unpublished Disposition**
**(Cite as: 996 F.2d 311, 1993 WL 191818 (10th Cir.(Okla.)))**

**\*\*2** Turning to the Fair Debt Collection Practices Act, we must initially determine whether Local Federal would be considered a "debt collector" under 15 U.S.C. § 1692a(6):

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

Clearly, the principal purpose of Local Federal is not the collection of debts owed to another. We turn to the second sentence of the definition to resolve whether Local Federal is a creditor using the name of a third person to collect the debt. Although Mr. Houck claims that Professional Credit Management attempted to collect the debt, he has not filed suit against that entity. Moreover, Mr. Houck makes no allegations that Professional Credit Management was just a name used by Local Federal in order to effectuate the collection of debts. Because plaintiff does not allege the credit company was a mere instrumentality of the bank, as opposed to a separate entity, the FDCPA claim against the bank was properly dismissed.

The judgment of the district court is AFFIRMED for substantially the same reasons set forth in the district court's order.

ATTACHMENT
THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA
Everett L. Houck, Plaintiff,
v.
Local Federal Savings and Loan, Inc., Defendant.
Case No. CIV-92-2127-C.
Dec. 29, 1992.
ORDER

Plaintiff commenced this action on October 27, 1992, pro se and in forma pauperis, against "Local Federal Savings and Loan, Inc.," seeking relief under the Electronic Funds Transfer Act (EFTA), 15 U.S.C. § § 1693-1693r, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § § 1692-1692o. Liberally construed, the complaint alleges at least three claims: (1) a violation of the EFTA by defendant's failure to investigate plaintiff's allegations of erroneous electronic funds transfers; (2) a violation of the FDCPA because plaintiff received numerous harassing telephone calls attempting to collect a disputed overdraft; and (3) common law slander or libel by defendant's improper reporting the matter to Tele-Check, thereby damaging plaintiff's reputation.

On November 30, 1992, Local Federal Bank, F.S.B., appeared and filed its motion to dismiss this action. The motion contends that (1) the complaint fails to state a cause of action upon which relief can be granted; and (2) this Court lacks in personam jurisdiction over Local Federal Bank, F.S.B. Plaintiff filed his response on December 18, 1992.

I.

As to the jurisdictional question, Local Federal Bank states that there is no such entity as "Local Federal Saving and Loan, Inc.," the named defendant. The affidavit of Larry M. Swanson, an executive vice president of Local Federal Bank, attached to the motion to dismiss, reveals that prior to August 30, 1990, the name of Local Federal Bank was Local Federal Saving and Loan Association. Local Federal Bank offers no other reason why the Court lacks personal jurisdiction.

**\*\*3** Plaintiff responds that defendant's jurisdictional argument is frivolous, in that the correct name of the defendant can be corrected by either an amendment or by refiling the complaint. He contends the latter avenue would be an unwarranted delay. It appears to the Court that plaintiff knows which financial institution he wants to sue and has simply named it incorrectly in his suit.

In the context of service of summons, an error in the name of the defendant, rather than naming and serving the wrong defendant, may normally be corrected by amendment. *Smith v. Boyer, 442 F.Supp. 62, 63-64 (C.D.N.Y.1977)*. This is especially true when the named and served and party is the actual party intended to be sued, has notice of the suit, and notice of the facts upon which the suit is based. *Id.*

> When the error goes to form rather than substance ... and the proper defendant receives the original process, realizes it is directed at him, and thus is put on notice of the commencement of the action, there is no reason why a federal court should refuse to permit amendment of the process of return of service.

4A C. Wright and A. Miller, *Federal Practice &*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

996 F.2d 311 (Table) Page 3
996 F.2d 311 (Table), 1993 WL 191818 (10th Cir.(Okla.))
**Unpublished Disposition**
**(Cite as: 996 F.2d 311, 1993 WL 191818 (10th Cir.(Okla.)))**

*Procedure § 1131 at 354-55 (1987)*.

 The same principles should apply to incorrectly naming the party in the complaint. Amendment will normally be allowed pursuant to Fed.R.Civ.P. 15(a) and 4(h). However, due to the resolution of the Rule 12(b)(6) issue, an amendment is not necessary.

II.

 The motion to dismiss is also brought pursuant to Fed.R.Civ.P. 12(b)(6), contending the limitations provisions of the EFTA, § 1693m(g), bars plaintiff's claims:
  [A]ny action under this section may be brought ... within one year from the date of the occurrence of the violation.
 Local Federal Bank contends that because the complaint alleges events occurring June 30, 1990, July 7, 1990, and July 23, 1990, the limitations period ran July 23, 1991.

 Plaintiff responds by contending the violations are continuing, because as recently as October 23, 1992, Local Federal Bank attempted collection of the disputed debt. He also contends that Tele-Check has never been provided corrected information, and that the limitations period will not begin to run until the incorrect information is removed from Tele-Check's files.

 On its face the complaint alleges serious violations of the EFTA. The purpose of the EFTA was to prevent exactly what allegedly happened to plaintiff, and to provide redress to aggrieved persons when deterrence fails. *See* 15 U.S.C. § 1693(b) ("The primary objective of [the EFTA] is the provision of individual consumer rights.") Unfortunately for plaintiff the EFTA has a very brief one year limitations period. At the expiration of a limitations period, a claim is extinguished and cannot thereafter be prosecuted. The contention that a recent collection effort continues the violation has no relevance to the EFTA claim. Plaintiff knew of the alleged electronic transfer errors shortly after they occurred, but to his detriment waited more than two years to file this action. The language of the limitations provision states that an action shall be brought "within one year *from the date of the occurrence* of the violation." 15 U.S.C. § 1693m(g) (emphasis added). Plaintiff's claims under the EFTA must be dismissed.

 **\*4** As to plaintiff's claim brought under the FDCPA, Local Federal Bank's motion makes no mention of the claim, instead urging that the entire complaint be dismissed because of the EFTA's limitation period. Local Federal Bank cites no authorities other than § 1693m(g). Indeed, its motion, ignoring the provisions of W.D.Okla.R. 9(D), is devoid of meaningful argument. However, liberally construing plaintiff's complaint, the FDCPA action cannot be dismissed on a limitations defense.

 Actions under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1629k(d). The limitations provision of the FDCPA bars an action against Local Federal Bank for collection conduct occurring prior to October 27, 1991. It would not bar collection conduct committed by Local Federal Bank after that date. The complaint states that Local Federal Bank has "continually contact[ed] me after I asked them to cease and to take me to court." Complaint at 3 (Oct. 27, 1992) (unnumbered pages). Although the complaint does not state the date of the most recent contact, the response, signed by plaintiff, contends it was October 23, 1992. Thus the limitations period would not bar the claim.

 However, § 1692d, upon which plaintiff bases his harassment claim, provides that
  A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.
 Six enumerated descriptions of prohibited conduct are also contained in § 1692d, but have no relevance to this discussion. Instead, what is relevant is the definition of the term "debt collector." That term is defined by § 1692a(6) as
  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... [T]he term [debt collector] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

 Because of the provisions regarding a creditor using another name to collect a debt, it appears a creditor using his own name does not qualify as a debt collector. As the application of § 1692d is limited to debt collectors, plaintiff has no claim against Local Federal Bank pursuant to § 1692d unless Local

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

996 F.2d 311 (Table)                                                                                                                           Page 4
996 F.2d 311 (Table), 1993 WL 191818 (10th Cir.(Okla.))
**Unpublished Disposition**
**(Cite as: 996 F.2d 311, 1993 WL 191818 (10th Cir.(Okla.)))**

Federal Bank attempted collection of the debt using a different name. There are no such allegations in the complaint.

Although the complaint refers to Professional Credit Management's attempt to collect the debt, the only described incident involving this entity occurred in August, 1990. Moreover, it is not named as a defendant to this action.

In sum, plaintiff has not shown that the FDCPA applies to Local Federal Bank's conduct, and his FDCPA action must be dismissed.

III.

**\*\*5** The final claim that the Court can construe from the complaint is one for libel or slander. The claim is one arising under state law, which, in the absence of other federal jurisdiction, cannot proceed in federal court. It, too, must be dismissed.

IV. CONCLUSION

For the reasons explained above, plaintiff's complaint is in its entirety DISMISSED.

IT IS SO ORDERED.
/s/ Robin J. Cauthron
ROBIN J. CAUTHRON

UNITED STATES DISTRICT JUDGE

FN\* This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.

996 F.2d 311 (Table), 1993 WL 191818 (10th Cir.(Okla.)) Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.