IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>                v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>                Defendants. | Civil Action No. 04 CV 11311 (WGY) |

## ANSWER OF DEFENDANTS NATIONAL FINANCIAL SERVICES LLC AND FIDELITY BROKERAGE SERVICES LLC

Defendants National Financial Services LLC ("NFS") and Fidelity Brokerage Services LLC ("FBS") (together, "Fidelity") hereby answer the Complaint of plaintiffs Joan Berenson and David Berenson (collectively, "plaintiffs") and assert Affirmative Defenses as follows:

**ANSWER**

1.      Fidelity states that a response to paragraph 1 is not required, but to the extent that a response is required Fidelity denies the allegations of paragraph 1.

2.      Fidelity admits that Joan Berenson is a natural person, that plaintiffs maintain an account with Fidelity as joint tenants with rights of survivorship, and that the plaintiffs use BillPay, a bill payment service, through such account. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the residency of Joan Berenson, and states that the remaining allegations of paragraph 2 assert conclusions of law to which no response is required.

3.      Fidelity admits that David Berenson is a natural person, that plaintiffs maintain an account with Fidelity as joint tenants with rights of survivorship, and that the plaintiffs use BillPay, a bill payment service through such account.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the residency of David Berenson, and states that the remaining allegations of paragraph 3 assert conclusions of law to which no response is required.

4.      Fidelity admits that National Financial Services LLC is a Delaware limited liability company with a principal place of business at 82 Devonshire Street, Boston, Massachusetts 02109.  Fidelity denies that it maintains a place of business in the District of Columbia at 1900 K Street, N.W., Suite 110, Washington, D.C., and states that the remaining allegations of paragraph 4 assert conclusions of law to which no response is required.

5.      Fidelity admits that Fidelity Brokerage Services LLC is a Delaware limited liability company with a principle place of business at 82 Devonshire Street, Boston, Massachusetts 02109.  Fidelity admits that it maintains a place of business in the District of Columbia at 1900 K Street, N.W., Suite 110, Washington, D.C., and states that the remaining allegations of paragraph 5 assert conclusions of law to which no response is required.

6.      Fidelity admits that FMR Corporation ("FMR") is the parent company of National Financial Services LLC and Fidelity Brokerage Services LLC, that "Fidelity Investments" is a registered trademark owned by FMR, and that "Fidelity Investments" is used in reference to National Financial Services LLC and Fidelity Brokerage Services LLC, among other companies.  Fidelity states that its Web site speaks for itself, denies that <<www.personal.fidelity.com/global/mediacenter/pdf/ portfrvw.pdf.>> is a valid Web site

address, and states that the remaining allegations of paragraph 6 assert conclusions of law to which no response is required.

7. Fidelity admits that FMR Corp. owns the registered trademark "Fidelity Investments." Fidelity admits that FMR Corp. is the parent company of NFS and FBS. Fidelity admits that FMR's principal place of business is at 82 Devonshire Street, Boston, Massachusetts 02109. Fidelity admits that subsidiaries of FMR Corp. offer financial services and investment resources, that the trade name "Fidelity Investments" was once used primarily in connection with a mutual fund company, and that subsidiaries of FMR Corp. using the trade name "Fidelity Investments" manage more than 300 hundred mutual funds. Fidelity admits that subsidiaries of FMR Corp. offer "banking, discount brokerage services, retirement services, estate planning and wealth management services, securities execution and clearance, [and] life insurance products." Fidelity admits that FBS offers "services to consumers for personal, family and household matters, including certain [EBPS] through which Fidelity's customers may, *inter alia*, pay bills electronically." Fidelity states that the content of its Web site speaks for itself. Except as so expressly admitted, Fidelity denies the allegations of paragraph 7.

8. a. Fidelity denies that it has committed any unlawful, unfair, or fraudulent banking practices, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8(a) and on that basis denies the remaining allegations.

b. Fidelity states that the allegations of paragraph 8(b) assert conclusions of law to which no response is required, and states that Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations as to DOES 1–50 in paragraph 8(b). Further, Fidelity hereby incorporates by reference the specific responses to the

allegations in paragraphs 8(c) through 94 in response to the allegation that DOES 1–50 "participated in the doing of the acts hereinafter alleged to have been done by [Fidelity]."

        c.        Fidelity states that the allegations of paragraph 8(c) assert conclusions of law to which no response is required, and states that Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations as to DOES 1–50 in paragraph 8(c).

        d.        Fidelity states that the allegations of paragraph 8(d) assert conclusions of law to which no response is required, and states that Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations as to DOES 1–50 in paragraph 8(d).

        e.        Fidelity states that the allegations of paragraph 8(e) assert conclusions of law to which no response is required, and states that Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations as to DOES 1–50 in paragraph 8(e).

9.        Fidelity states that the allegations of paragraph 9 assert conclusions of law to which no response is required.

10.        Fidelity states that the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693 *et seq.*, speaks for itself, and that the allegations of paragraph 10 assert conclusions of law to which no response is required.

11.        Fidelity states that the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693 *et seq.*, speaks for itself, and that the allegations of paragraph 11 assert conclusions of law to which no response is required.

12.  Fidelity states that the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693 *et seq.*, speaks for itself, and that the allegations of paragraph 12 assert conclusions of law to which no response is required.

13.  Fidelity states that the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693 *et seq.*, speaks for itself, and that the allegations of paragraph 13 assert conclusions of law to which no response is required.

14.  Fidelity states that Mass. Gen. Laws ch. 93A speaks for itself.

15.  Fidelity states that Mass. Gen. Laws ch. 93A speaks for itself, and states that the allegations of paragraph 15 assert conclusions of law to which no response is required.

16.  Fidelity states that the allegations of paragraph 16 assert conclusions of law to which no response is required.

17.  Fidelity states that Mass. Gen. Laws ch. 140E, §§1 *et seq.,* speaks for itself, and that the allegations of paragraph 17 assert conclusions of law to which no response is required.

18.  Fidelity states that the allegations of paragraph 18 assert conclusions of law to which no response is required.

19.  Fidelity admits that plaintiffs were, and remain, subscribers to the BillPay service and that the plaintiffs established and maintained as their brokerage Core Account a money market mutual fund accruing dividends.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegation that the plaintiffs' Fidelity account is for "personal, family or household purposes, which purposes include, without limitation, subscribing to the Fidelity BillPay service."

20.  Fidelity admits the allegations of paragraph 20, except that Fidelity lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding

what the plaintiffs "sought" to do, and, further answering, states that the plaintiffs knew or should have known that some designated payees would be paid by a check sent by mail.

21.   Fidelity admits that it debits the Plaintiffs' Core Account for bill payment on the date they designate as the transaction date, that their Core Account ceases to accrue dividends as of the beginning of the next business day, and that the plaintiffs' designated payees are not credited with the funds until sometime thereafter, and states that this procedure is consistent with the disclosures made to BillPay subscribers.

22.   Fidelity lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding what the plaintiffs believe, but Fidelity admits that it debited plaintiffs' account and transferred funds to an account Fidelity maintained for purposes of the BillPay service.  Fidelity otherwise denies the allegations of paragraph 22.

23.   Fidelity states that allegations of paragraph 23 assert conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 23.

24.   Fidelity states that the allegations of paragraph 24 assert conclusions of law to which no response is required, and further answering, states that it acted consistently with governing contracts.

25.   Fidelity lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the plaintiffs' actual awareness, denies that Fidelity earns interest on the subject funds after they are debited from the plaintiffs' account, and denies the remaining allegations of paragraph 25.

26. Fidelity states that the allegations of paragraph 26 assert conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 26.

27. Fidelity states that "The Fidelity Account Supplemental Information" ("SI") speaks for itself, and admits that Fidelity authored the SI, that the SI is "supplied to Fidelity's customers upon the opening of any Fidelity account or the adding of a service to an existing account" and that, as amended from time to time and with other documents, governs the BillPay service.

28. Fidelity states that the SI speaks for itself.

29. Fidelity states that the SI speaks for itself.

30. Fidelity states that "Fidelity BillPay Service Agreement" ("SA") speaks for itself, and admits that the SA, as amended from time to time and with other documents, governs the BillPay service, but denies the remaining allegations of paragraph 30.

31. Fidelity states that the SA speaks for itself.

32. Fidelity states that the SA speaks for itself, that allegations of paragraph 32 assert conclusions of law to which no response is required, and otherwise denies the allegations paragraph 32.

33. Fidelity states that the SI speaks for itself, and that paragraph 33 asserts conclusions of law to which no response is required.

34. Fidelity states that the SA speaks for itself.

35. a. Fidelity admits that, consistent with its disclosures to the plaintiffs, it debited plaintiffs' account as of the dates specified by the plaintiffs as the transaction date, that their core account ceases to accrue dividends as of the beginning of the next business day, that

the plaintiffs designated payees were not credited until after the date of the debit from the plaintiffs' account, but denies the remaining allegations of paragraph 35(a).

        b.     Fidelity admits that, consistent with its disclosures to the plaintiffs, it debited plaintiffs' account as of the dates specified by the plaintiffs as the transaction date, that their core account ceases to accrue dividends as of the beginning of the next business day, that the plaintiffs designated payees were not credited until after the date of the debit from the plaintiffs' account, but denies the remaining allegations of paragraph 35(b).

36.     Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the subjective "intent and understanding" of the plaintiffs and other BillPay subscribers, but denies the remaining allegations of paragraph 36.

37.     Fidelity denies the allegations of paragraph 37.

38.     Fidelity denies the allegations of paragraph 38.

39.     Fidelity hereby incorporates by reference the specific responses to the allegations in paragraphs 1 through 38 in response to the allegation regarding "aforementioned policies and practices," states that the allegations of paragraph 39 assert conclusions of law to which no response is required, admits that Fidelity decided in Massachusetts to implement the BillPay service, and denies the remaining allegations of paragraph 39.

40.     Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the plaintiffs' beliefs, but otherwise denies that allegation of paragraph 40.

41.     Fidelity admits that it has advertised the BillPay service, but denies the remaining allegations of paragraph 41..

42.     Fidelity denies the allegations of paragraph 42.

43. Fidelity denies the allegations of paragraph 43.

44. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding how the plaintiffs or the members of the proposed class would have acted, but, further answering, states that the plaintiffs are still subscribers to and users of the BillPay service.

45. Fidelity admits that, more than thirty days before the filing of this lawsuit, plaintiffs sent Fidelity a letter dated September 17, 2002, and states that such letter speaks for itself.

46. Fidelity admits that it did not respond to the letter with a written offer of settlement or a written rejection. Further answering, Fidelity states that it responded to the plaintiffs by telephone, sought to explain the operation of the BillPay service, and made an offer of lost interest that was rejected. Except as so expressly admitted, Fidelity denies the allegations of paragraph 46.

47. Fidelity admits that it did not provisionally re-credit plaintiffs' account and, further answering, states that it was not notified of an "error" requiring investigation or provisional crediting, and states that it attempted to explain operation of the BillPay service to the plaintiffs by telephone. Fidelity denies the remaining allegations of paragraph 47.

48. Fidelity admits that it determined that there was not in error, but otherwise denies the allegations of paragraph 48.

49. Fidelity states that a response to paragraph 49 is not required.

50. Fidelity admits that there are thousands of BillPay subscribers in the jurisdictions in which BillPay subscribers and Fidelity transact business, and that the number of BillPay

subscribers can be determined from Fidelity's records, but states that the allegations of paragraph 50 assert conclusions of law to which no response is required.

51. Fidelity states that paragraph 51 asserts conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 51.

52. Fidelity states that paragraph 52 asserts conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 52.

53. Fidelity states that paragraph 53 asserts conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 53.

54. Fidelity states that paragraph 54 asserts conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 54.

55. Fidelity states that paragraph 55 asserts conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 55.

56. Fidelity states that paragraph 56 asserts conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 56.

57. Fidelity hereby incorporates by reference the preceding responses to the allegations in paragraphs 1 through 56.

58. Paragraph 58 contains conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 58.

59. Paragraph 59 contains conclusions of law to which no response is required.

60. Paragraph 60 contains conclusions of law to which no response is required.

61. Paragraph 61 contains conclusions of law to which no response is required. To the extent that a response is required, Fidelity denies the allegations of paragraph 61, and in particular denies the allegation that plaintiffs and other BillPay subscribers "did not learn from [Fidelity] the fact that [Fidelity] did not intend to, and did not, pay interest on account funds used within the [BillPay service]."

62. Fidelity admits that it has not recredited supposedly lost "interest" to all members of the proposed class, and states that the remaining allegations of paragraph 62 assert conclusions of law to which no response is required.

63. Fidelity states that the allegation of paragraph 63 assert conclusions of law to which no response is required.

64. Fidelity hereby incorporates by reference the preceding responses to the allegations in paragraphs 1 through 63.

65. Fidelity states that the allegation of paragraph 65 assert conclusions of law to which no response is required.

66. Fidelity denies the allegations of paragraph 66.

67. Paragraph 67 contains conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 67.

68. Fidelity states that the allegations of paragraph 68 assert conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 68.

69. Fidelity hereby incorporates by reference the preceding responses to the allegations in paragraphs 1 through 63.

70. Fidelity states that the allegations of paragraph 70 assert conclusions of law to which no response is required.

71. Fidelity states that the allegations of paragraph 71 assert conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 71.

72. Fidelity states that the allegations of paragraph 72 assert conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 72.

73. Fidelity states that the allegations of paragraph 73 assert conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 73.

74. Fidelity hereby incorporates by reference the preceding specific responses to the allegations in paragraphs 1 through 73.

75. Fidelity states that the allegations of paragraph 75 assert conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 75.

76.     Fidelity states that the allegations of paragraph 76 assert conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 76.

77.     Fidelity states that the allegations of paragraph 77 assert conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 77.

78.     Fidelity hereby incorporates by reference the preceding specific responses to the allegations in paragraphs 1 through 77.

79.     Fidelity states that Count IV of the Complaint for breach of contract has been dismissed and no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 79.

80.     Fidelity states that Count IV of the Complaint for breach of contract has been dismissed and no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 80.

81.     Fidelity states that Count IV of the Complaint for breach of contract has been dismissed and no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 81.

82.     Fidelity states that Count IV of the Complaint for breach of contract has been dismissed and that no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 83.

83.     Fidelity hereby incorporates by reference the preceding responses to the allegations in paragraphs 1 through 82.

84. Fidelity states that Count V of the Complaint for violation of the Massachusetts Truth-in-Savings Law has been dismissed and no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 84.

85. Fidelity states that Count V of the Complaint for violation of the Massachusetts Truth-in-Savings Law has been dismissed and no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 85.

86. Fidelity states that Count V of the Complaint for violation of the Massachusetts Truth-in-Savings Law has been dismissed and no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 86.

87. Fidelity hereby incorporates by reference the preceding responses to the allegations in paragraphs 1 through 86.

88. Fidelity states that the allegations of paragraph 88 assert conclusions of law to which no response is required.

89. Fidelity states that the allegations of paragraph 89 assert conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 89.

90. Fidelity states that the allegations of paragraph 90 assert conclusions of law to which no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 90.

91. Fidelity hereby incorporates by reference the preceding responses to the allegations in paragraphs 1 through 90.

92.     Fidelity states that Count VII of the Complaint for violation of the District of Columbia Consumer Procedures Protection Act has been dismissed and no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 92.

93.     Fidelity states that Count VII of the Complaint for violation of the District of Columbia Consumer Procedures Protection Act has been dismissed and no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 93.

94.     Fidelity alleges that Count VII of the Complaint for violation of the District of Columbia Consumer Procedures Protection Act has been dismissed and no response is required, but to the extent that a response is required, Fidelity denies the allegations of paragraph 94.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation.

### Second Affirmative Defense

Plaintiffs failed, in whole or in part, to state a claim upon which relief can be granted.

### Third Affirmative Defense

The proposed class action does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and cannot be certified.

### Fourth Affirmative Defense

The "unfair methods of competition and unfair and deceptive acts or practices" as alleged by the plaintiffs are exempt from Mass. Gen. Laws ch. 93A.

### Fifth Affirmative Defense

Plaintiffs' claims are barred by waiver and/or estoppel.

### Sixth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches.

Seventh Affirmative Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

Eighth Affirmative Defense

Plaintiffs claims under 15 U.S.C. §§ 1693 *et seq.,* were brought in bad faith or for the purpose of harassment.

WHEREFORE, defendants National Financial Services LLC and Fidelity Brokerage Services LLC respectfully request that the Court:

1. Enter judgment in favor of defendants National Financial Services LLC and Fidelity Brokerage Services LLC on all counts of the Complaint;

2. Award defendants National Financial Services LLC and Fidelity Brokerage Services LLC their costs, expenses, and reasonable attorneys' fees incurred in defending this action; and

3. Grant such other and further relief as the Court deems just and proper.

> NATIONAL FINANCIAL SERVICES LLC
> FIDELITY BROKERAGE SERVICES LLC
>
> By their attorneys,
>
>     /s/ John A. Shope
> Nicholas C. Theodorou (BBO No. 495730)
> John A. Shope (BBO No. 562056)
> William W. Fick (BBO No. 650562)
> David E. Cole (BBO No. 658705)
> FOLEY HOAG LLP
> 155 Seaport Boulevard
> Boston, MA 02210
> (617) 832-1000

Dated: March 17, 2005