UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>Defendants. | Docket No. 04-CV-11311-WGY |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' CONSOLIDATED
MOTIONS TO COMPEL AND FOR SANCTIONS;
AND TO ENLARGE DISCOVERY AND EXPERT WITNESS DEADLINE**

Plaintiffs propounded two sets of interrogatories and two sets of requests for production of documents to defendants. However, defendants failed and refused to provide proper responses. A copy of Defendants' Answers to Interrogatories, Set One; Responses to Requests for Production of Documents; and, collectively, Answers to Interrogatories, Set Two, and Responses to Request for Production, Set Two., is being filed under seal because defendants declared certain information therein to be "confidential."

Defendants' failures can be categorized as (i) a broad-based refusal to acknowledge that this is a class action case and to provide any discovery of any BillPay subscribers other than the Plaintiffs; (ii) a refusal to provide documents or information in their control from their BillPay vendor, CheckFree Services Corporation ("CheckFree"); and (iii) a failure to provide a privilege log; (iv) a failure properly to identify which of the 5800 pages of documents responds to which particular interrogatory or document request; and (v) failure to produce the documents that are the subject matter of defendants' Initial Disclosures.

A. **Defendants Must be Compelled to Fully and Faithfully Respond to Plaintiffs' Discovery Requests**

I. **Class Related Discovery**

Plaintiffs have propounded numerous interrogatories and requests for production of documents relating to other BillPay subscribers and users. Defendants generally objected to each of the discovery requests on the following basis: "Fidelity objects to the Requests and Instruction No. 1 to the extent that they seek documents concerning members of the class proposed by the plaintiffs, other than the plaintiffs themselves" or "Fidelity objects to the Interrogatories to the extent that they seek information concerning members of the class proposed by the plaintiffs, other than the plaintiffs themselves." Exhibit 2 at General Objection 3; Exhibit 1 at General Objection 2.

Plaintiffs request this Court to compel defendants to provide full and complete answers to the following Interrogatories and Requests for Production of Documents relating to the Plaintiffs and other BillPay Subscribers and users:

**Request 4, Set One**. For the period of January 1, 1999 to the present, all documents concerning the location of any of Plaintiffs' monies in your care, custody or possession, including without limitation all documents that evidence the transfer of Plaintiffs' monies to CheckFree, CheckFree's holding of those monies, CheckFree's payment of those monies to any third party, and all documents that concern that payment of Plaintiffs' monies into any Fidelity BillPay accounts (at Chase or otherwise).

**Objections**: In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Fidelity further objects to this request on the ground that it seeks information that is not in Fidelity's possession, custody, or control.

Simply put, Plaintiffs seek the very documents that evidence, from soup to nuts, how Fidelity's BillPay Service handled, secured, and transferred their monies. Plaintiffs require proof of where their monies were at all times, if only to corroborate defendants' testimony thus far in this case, but also to demonstrate that the representations and warranties made to Plaintiffs as to the location of their monies were incorrect. Plaintiffs are also entitled to documentation as to the "float" earned by Fidelity and CheckFree on Plaintiffs' monies.

**Request 7, Set One**. All documents concerning any complaints from BillPay customers concerning late, or otherwise errant, payments as part of the BillPay Service.

**Objections**: In addition to its general objections, Fidelity objects to this request on the grounds that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that the search required for a complete response would be overly broad and unduly burdensome.

**Response**: Without waiving its general and specific objections, Fidelity will produce XTRAC entries, Symphony entries, and available telephone conversations concerning alleged late, or errant, payments made as part of the BillPay Service on the Berensons' accounts.

The Plaintiffs are entitled to documentation of other complaint and how defendants handled those complaints, not only to corroborate defendants' testimony thus far as to error and lateness rates, the re-crediting of monies, the guaranty of payments, etc.

**Request 8, Set One**. All documents concerning your crediting of monies to any BillPay Service subscriber's account for having made a late or errant payment.

**Objections**: In addition to its general objections, Fidelity objects to this request on the grounds that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.

**Response**: Without waiving its general and specific objections, Fidelity will produce any XTRAC entries, Symphony entries, and available telephone conversations concerning the crediting of monies to the Berensons' accounts for having an alleged late or erroneous payment as part of the BillPay Service.

Defendants contend that they re-credit fully all monies for having made a late or errant payment should such treatment be warranted. Plaintiffs are entitled to evidence of this treatment as it pertains to other BillPay subscribers, to verify the policies and procedures defendants contend are in place.

**Interrogatory 1, Set Two**. Identify each and every Fidelity customer, excluding Fidelity employees, who subscribed to and used BillPay during the Class Period. In addition to compliance with instruction 4(a) herein, provide the date each such person first used BillPay.

**Objections**: In addition to its general objections, Fidelity objects to this interrogatory on the grounds that it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further

- 3 -

objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Fidelity states that there is no Instruction 4(a) to Plaintiffs' Consolidated Interrogatories and Requests for Production of documents to Defendants, Set Two.

**Interrogatory 2, Set Two**. For each person identified in Interrogatory Number 1 above, list the total aggregate dollar amount of BillPay transactions each such person has transacted through BillPay in each month for the four years immediately preceding the filing of the Complaint to the present.

**Objections**: In addition to its general objections, Fidelity objects to this interrogatory on the grounds that it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome.

**Interrogatory 3, Set Two**. Identify and list the percentage of payments made by check, as opposed to the percentage made by electronic transfer or otherwise (including laser draft) for the transactions comprising the aggregate dollar amount of BillPay transactions in response to Interrogatory Number 2 above.

**Objections**: In addition to its general objections, Fidelity incorporates by reference its specific objections to Interrogatory 2. Fidelity further objects to this interrogatory on the grounds that it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome.

Interrogatory 1, Set Two seeks the identification of BillPay subscribers and users. In this class action case, Plaintiffs are entitled to such information. Interrogatory 2, Set Two, seeks information as to damages for the class and for the Berensons. Interrogatory 3, Set Two, seeks information relevant to the defendants' claims that the "good funds" model under which they conduct BillPay is in the best interest of the BillPay subscribers and forms a basis upon which to counter the expert opinion of defendants' expert witness, Daniel Humphrey, who based his support for the "good funds" model upon statistics from the Federal Reserve and not directly from BillPay of CheckFree (i.e., the actual numbers). These statistics are necessary for Plaintiff's expert witness, Professor Mendelson of Stanford University, to prepare his expert report.

**Request 5, Set Two.** Produce any and all reports or documents generated from the X-TRAC system documenting complaints from BillPay customers concerning the operation of the BillPay system.

**Objections:** In addition to its general objections, Fidelity objects to this request on the grounds that it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad and unduly burdensome.

**Response**: Without waiving its general or specific objections, Fidelity will produce documents generated form the XTRAC system concerning complaints from the Berensons concerning BillPay.

**Request 8, Set Two.** Produce all documents concerning any disputes by BillPay subscribers concerning the BillPay Service.

**Objections**: In addition to its general objections, Fidelity objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery. Fidelity further objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.

Complaints and disputes from BillPay subscribers other than Plaintiffs are necessary to corroborate defendants' testimony in this case as to their handling of complaints and disputes other than Plaintiff's complaints and disputes, to assess defendants' contentions as to the general operation of BillPay, and to assess defendants' testimony that the fundamental basis for having chosen the "good funds" model to protect the customer from having check or payments bounce due to insufficient funds. Other complaints about the operation of BillPay and, particularly, the "lost float" issue will shed light on whether that is true and whether BillPay subscribers other than the Plaintiffs complained about the lost float issue. It may very well be that the higher the level of complaint, the greater the defendants' deception.

**Request 10, Set Two**. Produce all documents (including all forms) concerning all BillPay applications, subscription applications or the like, from the inception of Defendants' BillPay Service to the present.

**Objections**: In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**Response**: Without waiving its general or specific objections, Fidelity will produce the Berensons' applications for BillPay service for their Fidelity accounts in which the BillPay service has been used.

What documents were produced to others is relevant to what Fidelity represented and warranted to the BillPay subscribers as to the "good funds" model and whether the subscribers' thought that their BillPay monies were being paid directly from their accounts or were being channeled through a Fidelity account at Chase Bank and then to CheckFree. What is objectively reasonable under the consumer protection laws is a matter of what was being told to everyone, not just Plaintiffs.

**Request 14, Set Two**. Produce all documents concerning Defendants' accounting treatment of all monies in the BillPay Service and Defendants' treatment of such monies for financial reporting purposes and/or tax purposes.

**Objections**: In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.

Defendants have contended in deposition that they do not earn any "float" on the monies in the BillPay Service. Plaintiffs contend otherwise, and the requested documents, including tax returns, will likely resolve the disagreement. Should Fidelity be earning the "lost float" and setting forth such gains on its financial and accounting documentation, it would support Plaintiffs arguments that Fidelity's "disclosure" of its gains is inadequate.

**Request 15, Set Two**. Produce all television advertising run on NBC affiliates in February 2004.

**Objections**: In addition to its general objections, Fidelity objects to this request on the grounds that it purports to demand information not in Fidelity's possession, custody, or control. Fidelity further objects to this request on the ground that it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and is overly broad and unduly burdensome.

**Request 16, Set Two**. Produce all of Defendants' advertisements referencing electronic bill payments services or capabilities.

**Objections**: In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad and unduly burdensome.

The advertising is obviously relevant to what Fidelity represented and warranted to the BillPay subscribers as to the "good funds" model and whether the subscribers' thought that their BillPay monies were being paid directly from their accounts or were being channeled

through a Fidelity account at Chase Bank and then to CheckFree. Again, what is objectively reasonable under the consumer protection laws is a matter of what was being told to everyone, not just Plaintiffs.

**Request 19, Set Two**. Produce all printouts of errors or reports of any alleged errors in the BillPay Service from the inception of the BillPay Service.

**Objections**: In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**Request 20, Set Two**. For the period of January 1, 1999 to the present, produce all documents evidencing errors or reports of errors in the BillPay Service.

**Objections**: In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

Errors in the BillPay Service are necessary to corroborate defendants' testimony in this case as to numbers of errors in the BillPay Service and how they are resolved. Errors in the BillPay Service, particularly, those caused by CheckFree, is relevant to whether it is objectively reasonable for Fidelity not to have divulged the use of CheckFree as its vendor and the fact the a BillPay subscribers' monies were actually transferred to CheckFree. This information also is relevant to the defendants' contentions as to the general operation of BillPay, and to assess defendants' testimony that the fundamental basis for having chosen the "good funds" model.

    II.    **CheckFree**

Defendants have taken the position in this litigation that the relevant agreements between them and Plaintiffs define Fidelity to include its vendors, agents and independent contractors. This necessarily includes CheckFree. In each set of Interrogatories and Requests for Production of Documents, Plaintiffs, therefore, seek documents from Fidelity that may be in the possession of CheckFree. As noted above, Defendants have objected to this. However, Plaintiffs contend that defendants cannot have it all ways.

**Request 4, Set One**. For the period of January 1, 1999 to the present, all documents concerning the location of any of Plaintiffs' monies in your care, custody or possession, including

without limitation all documents that evidence the transfer of Plaintiffs' monies to CheckFree, CheckFree's holding of those monies, CheckFree's payment of those monies to any third party, and all documents that concern that payment of Plaintiffs' monies into any Fidelity BillPay accounts (at Chase or otherwise).

**Objection:** In addition to its general objections, Fidelity objects to this request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous. Fidelity further objects to this request on the ground that it seeks information not ion Fidelity's possession, custody, or control.

Plaintiffs submit that for purposes of the BillPay Service, under which Fidelity defines itself to include CheckFree, that any and all documents setting forth the location at all times of Plaintiffs' monies must be produced and must be produced by defendants. Defendants account statements are not sufficient upon which to track Plaintiffs' monies at all times. Those statement do not demonstrate the length of time the monies were with defendants or with CheckFree, the float earned thereon, and whether those monies were secure.

### III.    Privilege Log

Defendants promised to produce a privilege log but have not done so. Plaintiffs are entitled to a privilege log as the defendants have raised the attorney-client privilege and the work product doctrine and not produced certain documents as a result.

**Request 18, Set Two.** Produce a privilege log by Defendants; internal and external counsel of any documents withheld from response to any of Plaintiffs' document requests.

**Objections:** In addition to its general objections, fidelity objects to this request on the ground that it imposes obligations beyond those imposed by Fed. R. Civ. P. 34 and L.R. 34.1. fidelity further objects to this request on the grounds that it is not a proper request pursuant to Fed. R. Civ. P. 34 because it calls for the creation of a document and does not request the production of existing documents. Fidelity states that it will produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) and L.R. 34.1(E).

Plaintiffs have been prejudiced by defendants delay in providing the privilege log until after the discovery deadline.

### IV.    Failure to Specifically Identify Which Documents Respond to Which Requests for Production or Interrogatories

Defendants produced over 5800 pages of documents without attributing which documents were being produced in response to which interrogatory or document request. The

Federal Rules require more. Plaintiffs request the Court to order defendants to properly attribute the documents. For example,

**Interrogatory 7, Set One**: Identify by date, publication, page, and content, each and every item of advertising and other information that you have provided to BillPay customers, actual or potential; and, if evidenced in writing of any kind, please identify same (*i.e.*, letter, fax, telegram, handwritten note) and state the present or last known location of the writing, the date it was created, the preparer of the instrument, and the name, address and telephone number of the current custodian of same.

**Objection**: In addition to its general objections, Fidelity objects to this interrogatory on the grounds that it seeks documents that are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this interrogatory on the ground that it seeks information that it is overly broad, unduly burdensome, vague and ambiguous.

**Response:** Without waiving its general and specific objections, Fidelity states that, pursuant to Fed. R. Civ. P. 33(d) it will produce various documents concerning the advertising of the BillPay service in particular.

Plaintiffs and their counsel are unable to ascertain from the mass of documents produced what documents are supposed to concern the advertising, and whether those documents are actually the advertising for the BillPay service. Defendants must, under the circumstances, be compelled to attribute the documents. Such is the case for all documents produced.

V.    **Initial Disclosures**

Defendants even refused to produce the documents that are the subject matter of their Initial Disclosures:

**Request 15, Set One**. All documents identified in your initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

**Objection**: In addition to its general objections, Fidelity objects to this interrogatory on the grounds that it purports to demand information not in Fidelity's possession, custody or control. Fidelity further objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this interrogatory on the ground that it seeks information that it is overly broad and unduly burdensome. Fidelity further objects to this request on the grounds that it is vague and ambiguous because Fidelity identified categories of documents rather than specific documents.

Defendants' response is cute, but improper. They must be compelled to produced the documents that are the subject matter of their Initial Disclosures.

**B.     The Discovery Deadline and the Expert Witness Deadline (for producing a report) Should Be Enlarged for Thirty Days to Allow Plaintiffs to Conduct Depositions Once Defendants Have Properly Responded**

Plaintiffs have been prejudiced by defendants' failure properly to respond to their discovery requests. Without the requested information, Plaintiffs' expert witness has been unable to produce a report. Without the requested information, Plaintiff will be unable to fully respond to the dispositive motion deadline and defendants' renewed motion for summary judgment. Thus, Plaintiffs submit, good cause exists for enlarging the discovery deadline to allow Plaintiffs to depose defendants and to allow Plaintiffs to produce an expert witness report.

**C.  Sanctions Are Warranted.**

Plaintiffs seek the recovery of their costs and fees for having to file this motion and will filer an appropriate petition for fees if the Court deems it appropriate. Defendants must not be permitted to obfuscate Plaintiffs' discovery.

WHEREFORE, Plaintiffs Joan Berenson and David Berenson respectfully request this Court to grant their motions to compel and to enlarge the discovery and expert witness deadlines and to award their fees and costs of filing these motions.

Dated:   April 29, 2005                                   Respectfully submitted,

                                                          JOAN BERENSON and
                                                          DAVID BERENSON, each
                                                          individually and on behalf of all
                                                          others similarly situated,


                                                          //ss// Douglas A. Rubel
                                                          Douglas A. Rubel, Esquire
                                                          JOHANSON BERENSON LLP
                                                          201 Shannon Oaks Circle, Suite 200
                                                          Cary, North Carolina  27511
                                                          (919) 654-4544
                                                          (919) 882-0906 (Fax)