# JOHANSON BERENSON LLP

### Attorneys and Counselors At Law

_____

201 Shannon Oaks Circle, Suite 200  Cary, North Carolina 27511

DOUGLAS A. RUBEL PLLC
PARTNER (NC, DC, MD)
NOT ADMITTED IN CA OR VA

WRITER'S
TELEPHONE: (919) 654-4544
FACSIMILE: (919) 882-0906
E-MAIL: DAR@JOHANSONBERENSON.COM

3 April 2005

**Via Federal Express and Confirmed Facsimile (617 832 7000)**

John A. Shope, Esquire
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

Re:     *Berenson, et al., v. National Financial Services LLC, et al.*
        Civil 04-11311 WGY in the United States District Court for the District of Massachusetts

Dear John:

        This letter in answer to your clients' discovery responses and is Plaintiffs' good faith attempt to resolve the discovery disputes arising out of those responses. I hold out little hope that we may resolve many of the disputes given the tenor of your client's responses.  Regardless I must ask that you provide me with your responses to this letter no later than the close of business on Wednesday, April 6, 2005, as I anticipate having to file a motion to compel, and we have little time left in the present discovery period.

I.      Plaintiffs' Interrogatories to Defendants, Set One

        A.      General Objections

        General Objection 2.   In General Objection 2, Fidelity apparently objects to each Interrogatory to the extent that the Interrogatories seek information concerning members of the class proposed by Plaintiffs, other than the plaintiffs themselves.

        Please identify each Answer to Interrogatory in which Fidelity withheld any information, knowledge, or the identification or production of any documents, as a result of its General Objection 2.  This is a class action lawsuit and the court has not denied the motion for class certification nor determined that discovery may not be held on the class issue.  Fidelity has not

1400 N. 14TH STREET • ARLINGTON • VIRGINIA • 22209
1350 BEVERLY ROAD • SUITE 115 PMB 208 • MCLEAN • VIRGINIA • 22101
1201 PENNSYLVANIA AVENUE, N.W. • SUITE 300 • WASHINGTON, D.C. • 20004
1146 WALKER ROAD  • SUITE C • GREAT FALLS • VIRGINIA • 22066
1792 SECOND STREET • NAPA • CALIFORNIA • 94559
50 CALIFORNIA STREET, SUITE 490 • SAN FRANCISCO • CALIFORNIA  94111

**Johanson Berenson LLP**

sought and obtained a protective order on that basis either.  Accordingly, discovery with regard to the class is appropriate and permissible.

General Objection 6.  General Objection 6 provides that Fidelity objects to Instruction No. 1 to the extent that it seeks information or knowledge not within its [Fidelity's] possession.

Please identify each Answer to Interrogatory in which Fidelity withheld any information, knowledge, or the identification or production of any documents, as a result of General Objection 6.  Fidelity's discovery obligations are to provide information, knowledge, or the identification or production of any documents, in its "possession, custody and control."  Fidelity appears to object to providing any information, knowledge, or the identification or production of any documents, in its "custody" or "control."  This is wholly improper and impermissible.  Plaintiffs must be informed immediately as to all efforts Fidelity undertook to obtain information responsive to Plaintiffs' discovery requests, including any and all efforts to obtain knowledge, information and/or documents from CheckFree Corporation and/or CheckFree Services Corporation (collectively, "CheckFree").  Fidelity has taken the position in this litigation that CheckFree is its agent for purposes of the BillPay Service and that CheckFree was disclosed to the BillPay Service customers under that portion of the BillPay Service Agreement defining Fidelity to include its agents.  Fidelity has also taken the position in this litigation that BillPay Service payments made from funds transferred by Fidelity to CheckFree and then from CheckFree to the designated payee (out of a CheckFree corporate account) are payments made by Fidelity.  Accordingly, any and all documents that are in the possession of CheckFree that are responsive to these Requests are documents that are in the "possession, custody or control" of Fidelity.

B.    Answers to Interrogatories

Interrogatory 1.  Fidelity's Answer indicates that only three individuals (other than counsel) assisted with the preparation of the answers to Interrogatories.  However, Fidelity's Initial Disclosures and Answer to Interrogatory 2 lists many others who have knowledge of the material facts of this case and or of four clients' defenses.  Please advise that your office and/or any of the three persons listed consulted with the others listed in Initial Disclosures and Answer 2.  Also, please specifically advise as to whether your office or any of the three persons listed consulted with anyone from CheckFree Corporation.  Moreover, identify any and all information, knowledge or documents that were withheld because of Fidelity's General Objections.

Interrogatory 2.  Identify any and all information, knowledge or documents that were withheld because of Fidelity's General Objections.

Interrogatory 3.  Fidelity's failure to identify any expert witnesses is in bad faith.  Your clients' have obviously engaged expert witnesses, and have, in fact, relied upon the testimony of

John A. Shope, Esquire
3 April 2005
Page 3 of 16

**Johanson Berenson LLP**

at least one of them in its motions practice before the court. Moreover, identify any and all information, knowledge or documents that were withheld because of Fidelity's General Objections.

Interrogatories 4 and 5. Plaintiffs are entitled to an identification of the facts that form the basis of Fidelity's defenses and the identification of any documents that support those defenses. This is neither overbroad nor unduly burdensome. How is it vague or ambiguous? Please provide full and complete answers. Moreover, identify any and all information, knowledge or documents that were withheld because of Fidelity's General Objections.

Interrogatory 6. Fidelity fails to identify the present or last known location of the identified Electronic Commerce Service Agreement, and whether there are any oral agreements or contracts between Fidelity and CheckFree that are responsive to this Interrogatory. Moreover, identify any and all information, knowledge or documents that were withheld because of Fidelity's General Objections.

Interrogatory 7. Fidelity's answer that it will produce "various documents concerning the advertising of the BillPay service in particular" is not responsive. Fidelity must identify and produce every item of advertising and that it has provided to BillPay customers. Please identify any and all such items that your clients are not identifying or producing. Moreover, identify any and all information, knowledge or documents that were withheld because of Fidelity's General Objections.

Interrogatory 8. Fidelity's answer is not full and complete. For example, please identify the "certain" Fidelity accounts referenced in the third sentence of your clients' answer. Moreover, identify any and all information, knowledge or documents that were withheld because of Fidelity's General Objections. Finally, please identify all costs and fees incurred by BillPay subscribers as a result of the monies being transferred into a Fidelity account for the payment of designated BillPay service payments without the payment of interest or other value by Fidelity to the BillPay service customer rather than having the monies paid directly from the BillPay service customers account.

Interrogatory 9. Identify any and all information, knowledge or documents that were withheld because of Fidelity's General Objections.

Interrogatory 10. Interrogatory 10 seeks Fidelity's knowledge of other electronic bill payment services and the business models they follow. Fidelity's answer—that it will produce documents concerning its "historical consideration" of different payment models, whatever that means—does not include all of the requested knowledge. It does not suffice to simply produce the models Fidelity considered. Fidelity must provide its knowledge and information as to all other billpayment services and the models they follow, as requested. Plaintiffs are entitled to ascertain, *inter alia*, Fidelity's knowledge of the workings of other billpayment services, and

Johanson Berenson LLP

Fidelity's knowledge of the number of other such services.  Your clients' answer does not provide that information.  Moreover, identify any and all information, knowledge or documents that were withheld because of Fidelity's General Objections.  Finally, Fidelity has not produced any documents.

Interrogatory 11.  Fidelity did not completely identify the statements as requested.  Please provide the places and dates of the alleged statements, and any Fidelity employees having personal knowledge of the statements.  Moreover, identify any and all information, knowledge or documents that were withheld because of Fidelity's General Objections.

Interrogatory 12.  Plaintiffs are entitled to the identification of any and all documents that Fidelity will rely upon in support of its defenses.  Please do so.  Moreover, identify any and all information, knowledge or documents that were withheld because of Fidelity's General Objections.

Interrogatory 13.  Plaintiffs are entitled to the identification of any admissions or declarations against their interest.  Your objections are unfounded.  Without proper identification of the admission or declaration against interest, do not attempt to introduce any evidence that is an admission or declaration against interest.  We will oppose it.  Moreover, identify any and all information, knowledge or documents that were withheld because of Fidelity's General Objections.

Interrogatory 14.  Identify any and all information, knowledge or documents that were withheld because of Fidelity's General Objections.  Also, the privilege log has not been produced.

C.    Fidelity's Verification.

Fidelity's Verification is hardly a verification of the factual accuracy of the answers at all.  Please correct the verification and have Ms. Fagan sign them solely under the pains and penalties of perjury, without any of the ludicrous reservations set forth in the present verification.  Plaintiffs' cannot rely upon the factual accuracy of the information set forth in Fidelity's Answers to Interrogatories otherwise.

II.    Responses to Requests for Production of Documents, Set One

A.    Introduction

Fidelity indicates that its "[a]greement to produce documents responsive to the Requests shall not constitute a representation that any such documents exist or are within Fidelity's possession, custody or control, but rather that such documents will be produced if and to the

Johanson Berenson LLP

extent that they are in existence and can be located after a search that is reasonable under the circumstances."

This statement is in direct violation of Fidelity's obligations to produce documents under the applicable rules. First, this is not a matter of agreement, but an obligation under the Federal Rules. Second, if no documents responsive to a particular request exist, then state as much. Third, when will the documents be produced? You stated in our telephone call of last week that you would produce them on April 1, 2005. That date has come and gone with no production form your client. Fourth, detail all efforts to conduct a search that is reasonable under the circumstances. Fidelity does not get to pick and choose what efforts it will make to locate documents that are responsive.

B.    <u>General Objections</u>

<u>General Objection 2</u>. General Objection 2 provides that "Fidelity objects the Requests to the extent that they seek documents not in its possession, custody, or control, including without limitation documents in the possession of CheckFree Corporation and/or CheckFree Services Corporation." This, too, is improper. Fidelity has taken the position in this litigation that CheckFree is its agent for purposes of the BillPay Service and that CheckFree was disclosed to the BillPay Service customers under that portion of the BillPay Service Agreement defining Fidelity to include its agents. Fidelity has also taken the position in this litigation that BillPay Service payments made by CheckFree out of a CheckFree account are payments made by Fidelity. Accordingly, any and all documents that are in the possession of CheckFree that are responsive to these Requests are documents that are in the possession, custody or control of Fidelity.

Please identify all efforts to obtain documents from CheckFree and all responsive documents that are in the possession, custody or control of CheckFree that were not produced.

<u>General Objection 3</u>. In General Objection 3, Fidelity apparently objects to each Request to the extent that the Request seeks information concerning members of the class proposed by Plaintiffs, other than the plaintiffs themselves.

Please identify each Response to Request for Production in which Fidelity withheld any information, knowledge, or the identification or production of any documents, as a result of its General Objection 3. This is a class action lawsuit and the court has not denied the motion for class certification nor determined that discovery may not be held on the class issue. Fidelity has not sought and obtained a protective order on that basis either. Accordingly, discovery with regard to the class is appropriate and permissible.

C.    <u>Responses to Requests for Production</u>

John A. Shope, Esquire                                    **Johanson Berenson LLP**
3 April 2005
Page 6 of 16

Request 1.  Fidelity's obligation under Federal Rule 34 to produce documents is to have produced the documents within thirty days of service.  Fidelity has not done so.  Moreover, Fidelity must identify and produce any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 2.  Request 2 seeks all documents concerning any communications between Fidelity and the Berensons regardless of whether it relates to the BillPay Service or not.  Fidelity's response indicates that only documents relating to the BillPay Service will be produced and other communications concerning their accounts in XTRAC and Symphony entries.  This is not a complete response.  First, Fidelity must identify and produce any and all documents concerning communications between Fidelity and Plaintiff whether in XTRAC or Symphony or not.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.  Again, where are the documents?  They were to have been produced a week ago.

Request 3.  Fidelity must identify and produce any and all documents concerning communications between Fidelity and Plaintiff whether in XTRAC or Symphony or not.  Moreover, Fidelity must identify and produce any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.  Again, where are the documents?  They were to have been produced a week ago.

Request 4.  This Request goes to the crux of the case.  As noted above, Fidelity has taken the position in this litigation that CheckFree is its agent for purposes of the BillPay Service and that CheckFree was disclosed to the BillPay Service customers under that portion of the BillPay Service Agreement defining Fidelity to include its agents.  Fidelity has also taken the position in this litigation that BillPay Service payments made by CheckFree out of a CheckFree account are payments made by Fidelity.  Accordingly, any and all documents that are in the possession of CheckFree that are responsive to these Requests are documents that are in the possession, custody or control of Fidelity.

How is it possible that Fidelity does not have "possession, custody or control" of information concerning the location of Plaintiffs' monies in its care, custody or possession?  This is absurd.  The documents must be produced.

Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.  Again, where are the documents?  They were to have been produced a week ago.

Request 5.  Please elaborate on what your clients mean by "an example of a general ledger entry for the BillPay service" will be produced.  This clearly may not suffice.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld

John A. Shope, Esquire
3 April 2005
Page 7 of 16

**Johanson Berenson LLP**

because of Fidelity's General or Specific Objections. Again, where are the documents? They were to have been produced a week ago.

Request 6. Fidelity must also produce any documents concerning other electronic bill payment services. Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections. Again, where are the documents? They were to have been produced a week ago.

Request 7. Plaintiffs are entitled to documents concerning complaints from any and all BillPay customers concerning late, or otherwise errant, payments as part of the BillPay Service not just as those documents relate to Plaintiffs. Among other things, Plaintiffs are entitled to corroborate Fidelity's handling of any such complaints as Fidelity representatives have testified in this litigation, and any other complaints will also provide admissible evidence or lead to the discovery of admissible evidence regarding the how Fidelity operated its BillPay Service. Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections. Again, where are the documents? They were to have been produced a week ago.

Request 8. Plaintiffs are entitled to documents concerning Fidelity's crediting of monies to any and all BillPay customers for late, or otherwise errant, payments as part of the BillPay Service not just as those documents relate to Plaintiffs. Among other things, Plaintiffs are entitled to corroborate Fidelity's handling of any such matters as Fidelity representatives have testified in this litigation, and any other examples of crediting will also provide admissible evidence or lead to the discovery of admissible evidence regarding the how Fidelity operated its BillPay Service. This includes documents other than those that may be included in the XTRAC, Symphony or "available" recorded telephone conversations with the Berensons or anyone else. Fidelity must identify and produce all recorded telephone conversations of which it has knowledge in addition to producing the "available" recordings. Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections. Again, where are the documents? They were to have been produced a week ago.

Request 9. Do I understand your clients' response to mean that it does not have possession, custody or control of any documents concerning the operation of any other electronic bill payment services except those obtained by its counsel as part of this litigation? This is absurd. Please verify this information. Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections. Again, where are the documents? They were to have been produced a week ago.

Request 10. Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections. Again, where are the documents? They were to have been produced a week ago.

**Johanson Berenson LLP**

Request 11.  Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.  Again, where are the documents?  They were to have been produced a week ago.

Request 12.  Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.  Again, where are the documents?  They were to have been produced a week ago.

Request 13.  Please advise as to whether there are any documents other than those underlying the Affidavit of Ann Warren Fagan that evidence the Berensons' access to the Fidelity website.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.  Again, where are the documents?  They were to have been produced a week ago.

Request 14.  Again, Plaintiffs are entitled to all documents that form the source of any factual information, including the underlying basis for the affidavits tendered in support of the motion to transfer (Hankins) or any other affidavit.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 15.  Plaintiffs are entitled to the documents identified in Fidelity's Initial Disclosures.  That Fidelity identified "categories" of documents in its Initial Disclosures is of no moment.  Please produce the documents that are the subject matter of the categories.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Requests 16 and 17.  Fidelity's objection that the Request is premature is silly.  Fidelity has already tendered expert testimony to the court in this litigation.  Please produce any and all expert witness reports submitted to you by that expert.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 18.  Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.  Again, where are the documents?  They were to have been produced a week ago.

Request 19.  Please advise as to whether the documents identified constitute all of Fidelity's files with regard to Plaintiffs.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.  Again, where are the documents?  They were to have been produced a week ago.

**Johanson Berenson LLP**

Request 20.  This Request was meant to encompass any claims raised other than in the Complaint.  Otherwise, it is the same as Request 18.  Please advise which response (18 or 20) governs the two Requests.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 21.  Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.  Again, where are the documents?

Request 22.  Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.  Again, where are the documents?  They were to have been produced a week ago.

III.    Answers to Interrogatories, Set Two

A.    General Objections

General Objection 2.  In General Objection 2, Fidelity apparently objects to each Interrogatory to the extent that the Interrogatories seek information concerning members of the class proposed by Plaintiffs, other than the plaintiffs themselves.

Please identify each Answer to Interrogatory in which Fidelity withheld any information, knowledge, or the identification or production of any documents, as a result of its General Objection 2.  This is a class action lawsuit and the court has not denied the motion for class certification nor determined that discovery may not be held on the class issue.  Fidelity has not sought and obtained a protective order on that basis either.  Accordingly, discovery with regard to the class is appropriate and permissible.

General Objection 5.  General Objection 5 provides that Fidelity objects to Definition No. 7 and Instruction No. 2 to the extent that it seeks information or knowledge not within its [Fidelity's] possession.

Please identify each Answer to Interrogatory in which Fidelity withheld any information, knowledge, or the identification or production of any documents, as a result of General Objection 5.  Fidelity's discovery obligations are to provide information, knowledge, or the identification or production of any documents, in its "possession, custody and control."  Fidelity appears to object to providing any information, knowledge, or the identification or production of any documents, in its "custody" or "control."  This is wholly improper and impermissible.  Plaintiffs must be informed immediately as to all efforts Fidelity undertook to obtain information responsive to Plaintiffs' discovery requests, including any and all efforts to obtain knowledge, information and/or documents from CheckFree.  Fidelity has taken the position in this litigation

**Johanson Berenson LLP**

that CheckFree is its agent for purposes of the BillPay Service and that CheckFree was disclosed to the BillPay Service customers under that portion of the BillPay Service Agreement defining Fidelity to include its agents.  Fidelity has also taken the position in this litigation that BillPay Service payments made from funds transferred by Fidelity to CheckFree and then from CheckFree to the designated payee (out of a CheckFree corporate account) are payments made by Fidelity.  Accordingly, any and all documents that are in the possession of CheckFree that are responsive to these Requests are documents that are in the "possession, custody or control" of Fidelity.

      B.      <u>Answers to Interrogatories</u>

      <u>Interrogatory 1</u>.  Fidelity's failure to provide any information is unacceptable.  This is a class action lawsuit and the court has not denied the motion for class certification nor determined that discovery may not be held on the class issue.  Fidelity has not sought and obtained a protective order on that basis either.  Accordingly, discovery with regard to the class is appropriate and permissible.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

      <u>Interrogatory 2</u>.  Fidelity's failure to provide any information is unacceptable.  This is a class action lawsuit and the court has not denied the motion for class certification nor determined that discovery may not be held on the class issue.  Fidelity has not sought and obtained a protective order on that basis either.  Accordingly, discovery with regard to the class is appropriate and permissible.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

      <u>Interrogatory 3</u>.  Fidelity's failure to provide any information is unacceptable.  This is a class action lawsuit and the court has not denied the motion for class certification nor determined that discovery may not be held on the class issue.  Fidelity has not sought and obtained a protective order on that basis either.  Accordingly, discovery with regard to the class is appropriate and permissible.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

      <u>Interrogatory 4</u>.  Fidelity's failure to provide any information is unacceptable.  Fidelity's relationship with Integrion is relevant to this lawsuit because, among other reasons, it falls within the four year status of limitations of Plaintiffs' claims and has a direct bearing on Fidelity's claims as to the alleged "good funds" model, advertising to its BillPay service customers, and more.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

<u>Interrogatory 5</u>.  Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections

<u>Interrogatory 6</u>.  Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections

C.  <u>Fidelity's Verification</u>.

Fidelity's Verification is hardly a verification of the factual accuracy of the answers at all.  Please correct the verification and have Ms. Fagan sign them solely under the pains and penalties of perjury, without any of the ludicrous reservations set forth in the present verification. Plaintiffs' cannot rely upon the factual accuracy of the information set forth in Fidelity's Answers to Interrogatories otherwise.

IV.  <u>Response to Requests for Production of Documents, Set Two</u>

A.  <u>Introduction</u>

Fidelity indicates that its "[a]greement to produce documents responsive to the Requests shall not constitute a representation that any such documents exist or are within Fidelity's possession, custody or control, but rather that such documents will be produced if and to the extent that they are in existence and can be located after a search that is reasonable under the circumstances."

This statement is in direct violation of Fidelity's obligations to produce documents under the applicable rules.  First, this is not a matter of agreement, but an obligation under the Federal Rules.  Second, if no documents responsive to a particular request exist, then state as much. Third, when will the documents be produced?  You stated in our telephone call of last week that you would produce them on April 1, 2005.  Fourth, detail all efforts to conduct a search that is "reasonable under the circumstances."  Fidelity does not get to pick and choose what efforts it will make to locate documents that are responsive.

B.  <u>General Objections</u>

<u>General Objection 2</u>.  General Objection 2 provides that "Fidelity objects the Requests, Definition No. 7, and Instruction No. 2 to the extent that they seek documents in the possession of CheckFree Corporation and/or CheckFree Services Corporation."  This, too, is improper. Fidelity has taken the position in this litigation that CheckFree is its agent for purposes of the BillPay Service and that CheckFree was disclosed to the BillPay Service customers under that portion of the BillPay Service Agreement defining Fidelity to include its agents.  Fidelity has also taken the position in this litigation that BillPay Service payments made by CheckFree out of a CheckFree account are payments made by Fidelity.  Accordingly, any and all documents that

**Johanson Berenson LLP**

are in the possession of CheckFree that are responsive to these Requests are documents that are in the possession, custody or control of Fidelity.

Please identify all efforts to obtain documents from CheckFree and all responsive documents that are in the possession, custody or control of CheckFree that were not produced.

General Objection 3.  In General Objection 3, Fidelity apparently objects to each Request to the extent that the Request seeks information concerning members of the class proposed by Plaintiffs, other than the plaintiffs themselves.

Please identify each Response to Request for Production in which Fidelity withheld any information, knowledge, or the identification or production of any documents, as a result of its General Objection 3.  This is a class action lawsuit and the court has not denied the motion for class certification nor determined that discovery may not be held on the class issue.  Fidelity has not sought and obtained a protective order on that basis either.  Accordingly, discovery with regard to the class is appropriate and permissible.

C.    Responses to Requests for Production

Request 1.  Plaintiffs are entitled to a representative sampling of the documents of other BillPay Service customers to corroborate their claims, fidelity's defenses to Plaintiffs' claims, and to calculate damages for the representative class.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.  Again, where are the documents?

Request 2.  These documents are the crux of Fidelity's defense that proper notice was given to its BillPay Service customers.  Plaintiffs are entitled to measure the documents allegedly provided to them with the documents allegedly provided to all other BillPay Service customers.  Please provide the documents immediately or withdraw your clients' defenses.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 3.  Documents covering all of the time period for the BillPay Service must be produced.  Plaintiffs are entitled to know what knowledge and information Fidelity had about its BillPay Service and when.  This knowledge and information includes that contained in the training manuals.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 4.  Please advise as to whether there are documents that are not being produced or whether the documents being produced are all of the documents supporting or concerning Defendants' contention that BillPay loses monies.  There must be memoranda or handwritten notes of this somewhere that your clients are not turning over.  Fidelity does not get to pick and

choose what documents it wants to turn over.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 5.    Fidelity's failure to provide any information is unacceptable.  This is a class action lawsuit and the court has not denied the motion for class certification nor determined that discovery may not be held on the class issue.  Fidelity has not sought and obtained a protective order on that basis either.  Plaintiffs are also entitled to this information to corroborate Fidelity's defenses in this case.   Accordingly, discovery with regard to the class is appropriate and permissible.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 6.  Why only the period of July 2001 to the present?  Please produce all of the invoices.  Fidelity's failure to provide any information is unacceptable.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 7.   These files were generated by Fidelity and sent to its agent/independent contractor, CheckFree.  Please advise whether Fidelity keeps a copy of the data files.  Fidelity's discovery obligations are to provide information, knowledge, or the identification or production of any documents, in its "possession, custody and control."   Plaintiffs must be informed immediately as to all efforts Fidelity undertook to obtain information responsive to Plaintiffs' discovery requests, including any and all efforts to obtain knowledge, information and/or documents from CheckFree.  Fidelity has taken the position in this litigation that CheckFree is its agent for purposes of the BillPay Service and that CheckFree was disclosed to the BillPay Service customers under that portion of the BillPay Service Agreement defining Fidelity to include its agents.  Fidelity has also taken the position in this litigation that BillPay Service payments made from funds transferred by Fidelity to CheckFree and then from CheckFree to the designated payee (out of a CheckFree corporate account) are payments made by Fidelity.  Accordingly, any and all documents that are in the possession of CheckFree that are responsive to these Requests are documents that are in the "possession, custody or control" of Fidelity.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 8.  Fidelity's failure to provide any information is unacceptable.  This is a class action lawsuit and the court has not denied the motion for class certification nor determined that discovery may not be held on the class issue.  Fidelity has not sought and obtained a protective order on that basis either.  Plaintiffs are also entitled to this information to corroborate Fidelity's defenses in this case.  Accordingly, discovery with regard to the class is appropriate and permissible.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

**Johanson Berenson LLP**

Request 9.  Please advise as to whether the documents being produced are all of the documents responsive to the Request.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 10.  Fidelity's failure to provide any information is unacceptable.  These documents go to crux of your clients' defenses and the documents requested will corroborate them or not.  This also goes to the heart of the information your clients provided to all BillPay Service customers.  Also, this is a class action lawsuit and the court has not denied the motion for class certification nor determined that discovery may not be held on the class issue.  Fidelity has not sought and obtained a protective order on that basis either.  Accordingly, discovery with regard to the class is appropriate and permissible.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 11.  Plaintiffs are fully entitled to information concerning the history of the BillPay Service and your clients' policies regarding that Service, whether it involve any changes to the BillPay Service or not.  Also, what is the "current" BillPay Service?  Please identify all documents withheld.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 12.  Fidelity must produce all documents responsive to this Request.  Please advise that you are doing so.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 13.  Plaintiffs are also entitled to the statements from Chase that demonstrate the location of Plaintiffs' monies at all times and any other documents responsive to this Request.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 14.  Fidelity's failure to provide any information is unacceptable and the response provides no basis on which to argue that the Request is unduly burdensome.  What documents exist?  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 15.  Please advise whether Fidelity keeps copies of the advertising it runs, whether on television or otherwise.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

John A. Shope, Esquire
3 April 2005
Page 15 of 16

**Johanson Berenson LLP**

Request 16.  Your clients' responses are overly restrictive.  Plaintiffs are entitled to a copy of all advertising, print or otherwise, and for all times relevant to the operation of the BillPay Service.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 17.  This Request seeks documents and information that form the basis of your clients' contention as to the alleged "good funds" model.  It also seeks information relating to the disclosures Fidelity makes to its customers on the accounts from which BillPay services are rendered.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 18.  Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 19.  Errors in the BillPay Service and Fidelity's actions to correct those errors are relevant to this case and Fidelity's defenses.  Errors concerning BillPay Service customers other than the Berensons are relevant as well and corroborate or not Fidelity's defenses.  Please produce the documents immediately.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 20.  Errors in the BillPay Service and Fidelity's actions to correct those errors are relevant to this case and Fidelity's defenses.  Errors concerning BillPay Service customers other than the Berensons are relevant as well and may corroborate or undercut Fidelity's defenses.  Please produce the documents immediately.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 21.  Fidelity's failure to provide any information is unacceptable.  These documents are readily available to Fidelity and must be produced.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 22.  Identify any document so that we may litigate this issue.  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

Request 23.  Please produce all documents responsive to the Request and identify all documents not produced because they are allegedly not in your clients "possession, custody or control."  Moreover, Fidelity must identify any and all information, knowledge or documents that were withheld because of Fidelity's General or Specific Objections.

John A. Shope, Esquire
3 April 2005
Page 16 of 16

**Johanson Berenson LLP**

Sincerely,


Douglas A. Rubel

C:      Sue Stenger (by fax only)
        Kenneth McWilliams (by fax only)