UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>     Defendants. | Docket No. 04-CV-11311-WGY |

**PLAINTIFFS' MOTION TO ENLARGE DISCOVERY
FOR PURPOSE OF TAKING DEPOSITION OF NON-PARTY
CHECKFREE SERVICES CORPORATION**

  Plaintiffs, Joan Berenson and David Berenson, individually and on behalf of all others similarly situated, hereby move this Honorable Court to enter an order enlarging the discovery deadline for an additional thirty (30) days to permit Plaintiffs to take the deposition of a non-party, CheckFree Services Corporation ("CheckFree") which refuses to cooperate in discovery, as follows:

  1.  CheckFree actually provides the Fidelity BillPay Service—although Fidelity does not disclose this to its BillPay Service subscribers. Apparently, CheckFree offers several business "models" of service from which CheckFree's customers (such as Fidelity) may choose to "operate" an electronic bill payment service. CheckFree receives substantial monies from Fidelity everyday—although, this, too, is not disclosed to Fidelity's BillPay Service subscribers—and CheckFree apparently determines when and how a designated payee gets paid. Indeed, it appears that to effect a particular payment, CheckFree either writes a paper check on its own corporate checking account or makes the payment electronically via the automated clearinghouse system.

2.      CheckFree earns significant "float" on the monies in the Fidelity BillPay Service, as does Fidelity.  This is not disclosed to the Fidelity BillPay Service subscribers.

3.      Plaintiffs seek to depose CheckFree to discover these facts and all facts relating to CheckFree's contractual relationship with Fidelity, including without limitation:  (i) the amount of monies being transferred through the Fidelity BillPay Service; (ii) the amount of float being earned by CheckFree and Fidelity on those monies; (iii) what other models were available to Fidelity when it implemented its BillPay Service in 1999/2000; and, (iv) any and all facts concerning Fidelity's choice and continued use of its present model.  Little, if any, of this information was provided by Fidelity in its responses to Plaintiff's paper discovery requests.  This is the subject matter of Plaintiffs' motion to compel that is pending before the Court.  Indeed, Plaintiffs believe that Fidelity's lack candor in discovery is alarming and that CheckFree's deposition is absolutely necessary to corroborate anything Fidelity proffers.

4.      This Court enlarged the discovery deadline from April 29, 2005 to May 13, 2005 for the purpose of allowing the parties an opportunity to conclude the then outstanding discovery.  This included Plaintiffs' scheduled deposition of CheckFree.

5.      CheckFree had been subpoenaed to appear at deposition on April 28, 2005 (in Georgia, where it is headquartered), but refused to appear, instead providing Plaintiffs' counsel with <u>14 pages</u> of objections to the subpoena.  Plaintiffs' counsel has been attempting to resolve the "dispute" for over three (3) weeks, however, CheckFree simply refuses to cooperate in discovery and to be deposed and to produce documents relating to its contractual relationship with Fidelity, except, of course, on its own—extremely narrow—terms.  When Plaintiffs' counsel last spoke with CheckFree's counsel (Candace N. Smith, Esquire), Ms. Smith advised that she was only "authorized" to provide a CheckFree designee who would testify only as to the workings of the "good funds" model used by Fidelity and to nothing else.  This "witness" would not testify to the other models available to Fidelity or most of the requested information set forth above, including the financial details of the Fidelity BillPay Service, such as the amount of float being earned and the

amount of monies being transferred through the Fidelity BillPay Service. No documents were going to be produced.

6. It should be noted that CheckFree even apparently refused to produce the individual listed in Fidelity's Answers to Interrogatories as the CheckFree representative having knowledge of matters relating to this case—Peter Moenickheim, CheckFree's Vice President of Product Management, who Fidelity identified as having knowledge of CheckFree's operations and CheckFree's relationship with Fidelity—because Mr. Moenickheim's knowledge of the CheckFree's operations and CheckFree's relationship with Fidelity obviously exceeds the extremely narrow limitations that CheckFree and its counsel unilaterally imposed upon the CheckFree corporate designee(s).

7. Accordingly, Plaintiffs are filing an emergency motion to compel the CheckFree deposition in the United States District Court for the Northern District of Georgia and require additional time to conduct the deposition of CheckFree's corporate designee(s).

8. Plaintiffs are prejudiced by CheckFree's refusal to be deposed and to produce documents because Fidelity is surely going to rely upon substantial information from CheckFree in filing its renewed motion for summary judgment on May 26, 2005, and, eventually, in defending Plaintiffs' claims at the trial of this case in September 2005. Plaintiffs are entitled to depose CheckFree and respectfully request additional time to do so.

9. The requested enlargement of discovery for this purpose will not affect any other present deadlines, including Defendants' filing of their renewed motion for summary judgment or the trial of this case. Rather, it will allow Plaintiffs to prepare a fulsome, factually accurate, response to Defendants' motion.

WHEREFORE, this Honorable Court should enlarge the discovery deadline an additional thirty (30) days for the purpose of allowing Plaintiffs to take the deposition of CheckFree.

- 4 -

**Local Rule 7.1 Certification**

I, Douglas A. Rubel, hereby certify that I have fulfilled the requirements under Local Rule 7.1 to confer with opposing counsel in a good faith attempt to narrow or resolve the issues raised in this motion. These efforts have proved unsuccessful. Defendants do not consent to the relief requested in this Motion. Defendants simply do not want CheckFree to testify.

Dated:   May 13, 2005                               Respectfully submitted,

                                                    JOAN BERENSON and
                                                    DAVID BERENSON, each
                                                    individually and on behalf of all
                                                    others similarly situated,


                                                    By: //ss// Douglas A. Rubel
                                                    Douglas A. Rubel, Esquire [pro hac vice]
                                                    JOHANSON BERENSON LLP
                                                    201 Shannon Oaks Circle, Suite 200
                                                    Cary, North Carolina 27511
                                                    (919) 654-4544
                                                    (919) 882-0906 (Fax)