# EXHIBIT B

Page 1

```
 1              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
 2
                                     Civil Action
 3                                   No. 04-11311-WGY

 4
    * * * * * * * * * * * * * * **
 5  JOAN BERENSON and DAVID         *
    BERENSON, individually and on   *
 6  behalf of all others similarly  *
    situated,                       *
 7                                  *
            Plaintiffs,             *
 8                                  *
    v.                              * MOTION HEARING
 9                                  *
    NATIONAL FINANCIAL SERVICES LLC,*
10  FIDELITY BROKERAGE SERVICES LLC,*
    and DOES 1-50, inclusive,       *
11                                  *
            Defendants.             *
12  * * * * * * * * * * * * * * **
13          BEFORE:  The Honorable William G. Young,
                         District Judge
14
15  APPEARANCES:
16
            PERKINS, SMITH & COHEN (By Susan E.
17  Stenger, Esq.), One Beacon Street, 30th Floor,
    Boston, Massachusetts 02108
18          - and -
            JOHANSON BERENSON LLP (By Douglas Andrew
19  Rubel, Esq.), 201 Shannon Oaks Circle, Suite 200,
    Cary, North Carolina 27511, on behalf of the
20  Plaintiffs
21          FOLEY HOAG LLP (By John A. Shope, Esq. and
    William W. Fick, Esq.), 155 Seaport Boulevard,
22  Boston, Massachusetts 02210, on behalf of the
    Defendants
23
                           Boston University School of Law
24                         Boston, Massachusetts

25                         March 3, 2005
```

Page 2

1    THE CLERK: Calling Civil Action 04-11311, Berenson
2 v. National Financial Services.
3    THE COURT: Would you introduce yourselves.
4    MR. RUBEL: Good afternoon, your Honor. Douglas
5 Rubel for the plaintiffs.
6    MS. STENGER: Good afternoon, your Honor. Susan
7 Stenger, BU Law School, Class of '88, for the plaintiff.
8    THE COURT: Welcome home.
9    MS. STENGER: Thank you.
10    MR. SHOPE: Good afternoon, your Honor. John Shope
11 from Foley Hoag, representing both defendants. With me, my
12 colleague, William Fick, and Colleen Hankins is an in-house
13 attorney for the defendants.
14    THE COURT: Let me ask the plaintiffs something in
15 opposing this motion for summary judgment. Here again we
16 have a statute of limitations. Do you claim both that they
17 missed the statute of limitations on the failure to disclose
18 a fee. I know you claim that. And so I guess my specific
19 question is, do you claim they missed the much shorter time
20 period to respond in writing to your complaint, which gets
21 you modest statutory damages, but I need to know.
22    Are you making both claims or only the one?
23    MR. RUBEL: No, I believe our complaint sets forth
24 both of them, your Honor.
25    THE COURT: All right. I don't have a problem with

Page 3

1 that.
2    How are you going to survive their motion for
3 summary judgment as to the first of the two claims? And let
4 me tee it up so you can respond.
5    It appears on the record I have before me that more
6 than a year elapsed from the time you were aware of the
7 facts of how they were taking what we will take for purposes
8 of this discussion is a fee until you sued. And it's a year
9 statute of limitations.
10    MR. RUBEL: Well, your Honor, we believe, and I
11 think the Taylor case that we cite in our brief, as well as
12 other cases, that this is a continuing violation and that --
13    THE COURT: Well, I understand that. Let me
14 argue -- let me suggest this.
15    The fact that they continued -- well, once it's
16 disclosed how they're taking their fee, once you know it,
17 once your client knows it, your client has a year to take
18 action to get legal redress. The fact that they continue,
19 as you allege, not to disclose it and continue to charge the
20 undisclosed fee, I'm taking everything his way, doesn't make
21 it a continuing violation as to the Berensons because they
22 know what's going on. So they have a year to take action
23 and they didn't take action until after that year ran.
24    MR. RUBEL: They have a year to take action with
25 regard to a particular transaction, your Honor. It's our

Page 4

1 position that the EFTA applies on a per-fee or a per-charge
2 basis to each of the transactions at issue. So --
3    THE COURT: But once disclosure is made they know
4 each time you pay a bill thereafter and you pay it, so that
5 the float period begins to run, you know, your client knows
6 that they're taking a fee out of that.
7    MR. RUBEL: The notice in this case, your Honor, is
8 one that I believe the record demonstrates was purported to
9 have been given over the Internet. One does not know what
10 notice has been given at any particular time or when that
11 purports to change. It's our theory that with all due
12 respect to what you've said that knowledge as to what
13 happened in the past is not necessarily knowledge as to what
14 could happen in the future.
15    I think that the Houck case that is cited by,
16 although I believe inappropriately, but the Houck case that
17 is cited by the defendants in this case actually agreed with
18 that and sets forth that very same proposition, that you're
19 looking at it on an individual basis. That's what the
20 purpose of the Electronic Funds Transfer Act is is to deal
21 with each transaction. Whether it's an ATM transaction,
22 each time you go in, whether they give you notice that
23 they're going to take the dollar fifty, or with regard to
24 future bill paying transactions.
25    So it's our theory of the case that all those

Page 5

1 transactions that preceded the filing of the complaint, the
2 complaint by the one year period would properly fall within
3 the EFTA.
4    THE COURT: All right. I understand that.
5    I'll hear you. Suppose I understand and reject
6 that argument, how are you going to get away from your
7 failure within, I believe it's the ten day period to respond
8 to their letter. That gives only modest damages, but that's
9 really strictly construed and there the statute of
10 limitations has clearly not run.
11    MR. SHOPE: Well, let me say that I disagree with
12 the premise that the statute of limitations has not run as
13 to the question of whether there was failure to comply with
14 the error notification and the response which is the --
15    THE COURT: Why?
16    MR. SHOPE: Let me explain why.
17    The evidence was that the Berensons no later than
18 January 2002 discovered that there was this gap in time.
19 They got their account statements and they noticed, wait a
20 second, the money is coming out of my account on day one and
21 it's not showing up in the account of my payee until several
22 days later. So there's this gap and they realize that
23 there's interest in that period of time that they're not
24 earning. This was all very clear in the deposition of
25 Mr. Berenson.

Page 6

1    The record is also very clear and even stated by
2  the plaintiffs in their brief that numerous times after
3  making that discovery Mr. Berenson called up Fidelity to
4  complain about the fact that this was happening. And in
5  fact, the statute, the Electronic Funds Transfer Act does
6  specifically permit there to be oral notification of
7  supposed errors.
8    Now, you know, we also have out there our argument
9  that this isn't even an error. In other words, an error
10  is --
11    THE COURT: No, no, I understand that.
12    MR. SHOPE: Yes.
13    THE COURT: But --
14    MR. SHOPE: He may say it's wrongful but we say
15  it's not an error.
16    THE COURT: Well, be clear.
17    MR. SHOPE: Yes.
18    THE COURT: As I have now denied the motion to
19  dismiss, I haven't ruled affirmatively against you and I
20  want cautiously to say I'm not, but I'm proceeding on the
21  argument that this is a prohibited fee. I'm analyzing the
22  issues before me today as though I had agreed with the
23  plaintiffs' legal theory of liability. But that's all
24  right. So take that as a given, though you don't concede
25  it.

Page 7

1    MR. SHOPE: Yes, I don't concede it's a fee. And
2  then even if it were a, quote, fee there's another question
3  as to whether it's an error, something that we're doing
4  intentionally, we're doing it in accordance with the
5  contract terms, there's no dispute that Fidelity intends to
6  do it that way. Our view is that that is not a, quote,
7  error within the meaning of the statute.
8    Be that as it may, let's assume that it is an
9  error. There's absolutely no dispute that Mr. Berenson made
10  multiple phone calls between January of 2002 and September
11  of 2002, in fact, he made them as soon as February of 2002,
12  to complain. And he was very clear in his deposition that
13  he wasn't getting any satisfaction. So he knows that after
14  he's told Fidelity that he doesn't like what's going on that
15  they're not fixing it.
16    THE COURT: Well, yes. But, but under the EFTA
17  once he writes that letter you've got a statutory obligation
18  to respond to that letter within ten days. You don't.
19  That's clear. And so, theoretically now, theoretically, if
20  I face up to the fee business, this does seem to be the
21  tail, not the dog, but he says, and he's pleaded it, that
22  he's entitled to what, the one hundred to one thousand
23  depending upon various factors because you didn't respond to
24  him in writing.
25    Now, it's rather bizarre to try this case for a

Page 8

1  hundred dollars but I can conceive of it. And at least as
2  against a motion to dismiss for statute of limitations, I
3  think that claim survives.
4    MR. SHOPE: Well --
5    THE COURT: What's wrong with that?
6    MR. SHOPE: Well, let me explain why. Because Mr.
7  Berenson knew that after he had made all of those calls
8  complaining we hadn't provisionally recredited him the
9  money, we hadn't resolved the problem.
10    THE COURT: Well, I hear you. The requirement --
11    MR. SHOPE: So he's got to --
12    THE COURT: Respectfully, the requirement is that
13  you reply in writing. You never did. At least you never
14  did within ten days.
15    MR. SHOPE: Your Honor, put aside the question
16  whether or not we violated the statute for purposes of
17  liability, because that's, we're suing in that for purposes
18  of the statute of limitations. The point today is that
19  Mr. Berenson knew that we had not corrected the error,
20  so-called error. He knew that we hadn't provisionally
21  recredited the account. He knew that we hadn't corrected
22  the error. So he knows more than a year before he files the
23  suit that we're not doing what he says the statute requires
24  us to do.
25    THE COURT: We're ships passing in the night. What

Page 9

1  about Bisby v. DC National Bank, a 1986 case out of the DC
2  Circuit. Its holding is that the financial institution is
3  liable where they give oral rather than written explanation.
4  On these facts, no written explanation was provided within
5  the requisite period after the Berensons' letter.
6    MR. SHOPE: Let me try to restate, if I may.
7    Our motion today is on the statute of limitations.
8  So even if you assume that we are liable for failing to
9  provide a written response, which I don't concede, but
10  assume that we're liable, Mr. Berenson knew more than a year
11  before he filed the suit --
12    THE COURT: No, no. Unless I've missed, unless
13  I've missed the time table, if I, if I start that part of
14  the action accruing ten days after his letter he commences
15  suit within that time.
16    MR. SHOPE: And the rejoinder to that, your Honor,
17  is that the letter was only the last in a number of
18  complaints. Because it's undisputed and admitted by the
19  plaintiffs in their brief that Mr. Berenson had made
20  repeated calls before September of 2002 to complain and
21  wasn't, and as he said at his deposition he wasn't getting
22  satisfaction, he wasn't getting the response.
23    THE COURT: But if I understand the statute it's
24  the written letter that triggers the duty to respond.
25    MR. SHOPE: No, the statute permits oral

Page 10

1  notification of an error.
2      THE COURT: So you say that because -- oh, well,
3  well, you know, I'm not going to interpret the statute that
4  way. On that you've lost. You say, well, he's called a lot
5  of times, you don't do anything for him, he eventually gets
6  around to writing and you still don't do anything for him
7  and because he's called a lot somehow you're excused from
8  then responding. If anything's a continuing violation,
9  that's a continuing violation.
10     So, the motion to dismiss --
11     MR. SHOPE: Your Honor, may --
12     THE COURT: -- in its entirety is, is denied.
13     But your big gun here, the one where you're worried
14 about the liability, it would seem, is the business of
15 whether he had notice of, he had disclosure of the data that
16 would put him on a duty at least to inquire about an
17 unauthorized fee. And when I threw it up to plaintiff I
18 made your argument.
19     Can you do any better than that argument?
20     MR. SHOPE: Your Honor, may I raise one other point
21 that we've presented in our motion that I think hasn't been
22 addressed in the colloquy so far.
23     The statute specifically requires that if you are
24 going to make a complaint it has to be done within 60 days
25 of the statements complained of. All right? In other

Page 11

1  words, there's sort of two limitation periods here. One is
2  a year after the violation he's got to sue. The other is
3  completely apart from that, if he wants to invoke these
4  error resolution obligations, so Bisby and so forth, if he
5  wants to invoke that he's got to do it within 60 days of his
6  getting the statement that has the problem.
7      Now, he says in his letter of September 17, 2002,
8  that he's complaining about statements in January. And we
9  have raised this in our briefs. And it was -- and we said,
10 look, he's responded to that provision independently. And
11 there was absolutely zero response in the opposing brief.
12     THE COURT: Because his letter refers to a
13 statement more than 60 days even though he had statements
14 within 60 days in a situation where oral notification is
15 sufficient?
16     MR. SHOPE: Well, here's, here's the problem.
17     THE COURT: This is a consumer protection statute.
18 It's supposed to be construed in a way that protects
19 consumers.
20     MR. SHOPE: But I think what the cases indicate is
21 that in statute of limitations generally that we can't
22 construe cases, or that we can't construe the statutes as if
23 they have absolutely no effect.
24     THE COURT: This is second call. Do you want to
25 make your argument on your big point?

Page 12

1      THE CLERK: This is third call.
2      THE COURT: Oh, this is third call.
3      Well, this is third call. Do you want to make your
4  argument on your big point?
5      MR. SHOPE: Well, as far as the statute of
6  limitations, I think I can say more other than, I think
7  we've really addressed, addressed the issue that clearly
8  there's no claim of any kind of tolling, there's no means
9  for equitable tolling. It does seem to me, though, if one
10 were to give him infinite opportunity of something that he's
11 been complaining about repeatedly, many times, and then he
12 says send another complaint letter, and then they, and then
13 they don't fix it, to say that he beats the statute of
14 limitations in that way it seems would vitiate the statute
15 of limitations, not give it any, any effect whatsoever. So
16 I think that's the fundamental problem that I have with
17 the statute of limitations.
18     THE COURT: Well, on that, I mean once he has
19 disclosure I think I agree. I think I'm, I'm bound to allow
20 the motion to dismiss with respect to the nondisclosure of
21 the fee on the ground that more than a year passed from the
22 time when that cause of action accrued. I deny the motion
23 for partial summary judgment on the error resolution
24 procedure part.
25     Now, before I let you go, as a practical matter,

Page 13

1  since I have very much in mind that in the background here,
2  though we put that off to one side, we have class action
3  allegations, this partial loss by the Berensons makes them
4  less representative of any class. I don't think perhaps I
5  should say anymore.
6      When are we going to trial in this case?
7      MR. SHOPE: Your Honor had said that September
8  would be the month but we don't have a precise date as of
9  now.
10     THE COURT: Thank you.
11     MR. SHOPE: Your Honor, may I raise just a
12 housekeeping matter?
13     THE COURT: Yes. It might be helpful because
14 I'm -- well, I'm headed for trial on the Berensons' case
15 unless it gets resolved.
16     MR. SHOPE: Sure.
17     THE COURT: Go ahead.
18     MR. SHOPE: You may recall that when the case was
19 initially filed back in the district of the District of
20 Columbia before it was transferred up here, we had responded
21 to the complaint with a motion to dismiss and for summary
22 judgment that argued Rule 12(b)(6) theories and that also
23 argued Rule 56 theories and we had served a statement of
24 undisputed facts and there had been a response to that and
25 there had been various admissions in the response or

Page 14
1  effectively as a result of the response that we had provided
2  to the Berensons and to the, and to the members of the class
3  various form contracts that the complaint had alleged had
4  never been provided that in our view fully disclose how the
5  BillPay service works. We had had a hearing, after the case
6  came up here, we had had a hearing in front of your Honor
7  back in the fall which was at --
8       THE COURT: Right.
9       MR. SHOPE: -- Suffolk University Law School.
10      THE COURT: Which I treated as a motion to dismiss
11  and now I've denied it.
12      MR. SHOPE: Okay, I just want to clarify. Actually
13  in the fall when we were at Suffolk, so this is several
14  months ago, your Honor had indicated that you were ruling on
15  part of the motion to dismiss, granting some of the motion
16  to dismiss, denying some of the motion to dismiss. At that
17  time you held the EFTA theory of fee under advisement and
18  then the summary judgment you kept under advisement subject
19  to the plaintiffs' right to take discovery.
20      THE COURT: Your, your recitation is in complete
21  accord with my memory.
22      MR. SHOPE: Sure. And we then had the hearing on
23  the motion for --
24      THE COURT: Class certification.
25      MR. SHOPE: -- class certification. And there was

Page 15
1  a colloquy between yourself and my colleague, Mr. Theodorou.
2  And we then read the clerk's notes. And I recently learned
3  from Mr. Rubel that we have some slight disagreement as to
4  what was happening. And I just need to clear it up so that
5  we can --
6       THE COURT: Right.
7       MR. SHOPE: -- resolve it going forward.
8       Here's the practical issue. We had understood at
9  least before we had the hearing on class certification that
10  we still had out there this motion for summary judgment
11  under advisement with Mr. Rubel having the opportunity to
12  take discovery and then come back and submit briefs, for
13  example, to say I've now had the chance to take discovery, I
14  impose summary judgment for the following reasons.
15      THE COURT: What's the disagreement?
16      MR. SHOPE: And so we had understood that after the
17  certification hearing that your Honor had said that the
18  motion to dismiss piece of what we had filed in the fall of
19  2003 was off the table but that the motion for summary
20  judgment --
21      THE COURT: Was denied.
22      MR. SHOPE: Yes. -- that the motion for summary
23  judgment was still pending subject to our providing
24  supplemental briefing. The issue presented frankly --
25      THE COURT: I don't think I said that but that's

Page 16
1  logical. And what do you want, a timing for the
2  supplemental briefing?
3       MR. SHOPE: Yes, we want -- so basically the
4  supplemental briefing is pending. We obviously, we need to
5  know whether the statement of undisputed facts that has been
6  responded to, whether that's sort of operative at least for
7  the purposes of --
8       THE COURT: It is. It is. How much time do you
9  want?
10      MR. SHOPE: Well, my proposal would be that, I
11  think your Honor had also suggested that there might be
12  further grounds for summary judgment after we finish up
13  discovery. I mean, you weren't saying it, you weren't
14  opining on the liability, you were just expecting that we
15  might assert them, and that our theory of fee we might wish
16  to, to renew as a motion for summary judgment.
17      And so my suggestion would be that in accordance
18  with the schedule that's already in place, where we have to
19  move for summary judgment by May 12th, that if we want to
20  advance any new theories of summary judgment or revise ones
21  that were raised as a motion to dismiss that we should
22  present that together with supplemental briefing on the
23  outstanding summary judgment issue, which was the adequacy
24  of disclosure, all those, the buck slips and the contracts
25  and all of that that got mailed out, we do that at once.

Page 17
1  Mr. Rubel can then respond, he may wish to do it in a single
2  brief, and then it will all be teed up for your Honor sort
3  of all at once.
4       THE COURT: So any supplementary matter that you
5  want to have before us you move by May 12.
6       MR. SHOPE: Yes.
7       THE COURT: He'll respond in accordance with the
8  local rules. Is that satisfactory, Mr. Rubel?
9       MR. RUBEL: No, I'm entitled to file whatever I
10  need to file whether -- my recollection, your Honor, is as
11  you said essentially, the motion to dismiss has been ruled
12  on. The portions that were pending were denied. I need you
13  to refile the motion for summary judgment. I'm not going to
14  require you to literally again, again refile everything that
15  you had before. If you want to file something so I have a
16  specific notice of it in the record and just simply
17  incorporate that by reference, that's fine. So my
18  understanding as to that as well as now is that he can file
19  whatever he wants and I can file in response whatever I want
20  regardless of what I filed previously.
21      THE COURT: And I agree with you all. But it's got
22  to be done by May 12th.
23      MR. SHOPE: Your Honor?
24      MR. RUBEL: His has to be filed. The --
25      THE COURT: It has to be done by May 12th.

Page 18

1  MR. SHOPE: But, your Honor, here's the only other
2  issue, practical issue. As I said, the reason that I care
3  about the motion for summary judgment being pending is that
4  I can rely upon the statement of facts in the response as
5  being operative.
6  THE COURT: You can.
7  MR. SHOPE: Okay.
8  THE COURT: You and Mr. Rubel agree on that and
9  that is my memory.
10  MR. SHOPE: Okay.
11  MR. RUBEL: But, your Honor --
12  MR. SHOPE: The only --
13  THE COURT: Go ahead.
14  MR. SHOPE: The other issue is technically if
15  there's no pending motion I'm going to need to file an
16  answer, and if so I would like a little extra time to do
17  that since we're now trying to resolve what exactly the
18  state of the pleading is.
19  THE COURT: There is no pending motion. How much
20  time do you want --
21  MR. SHOPE: Could I --
22  THE COURT: -- to file an answer?
23  MR. SHOPE: Could I have ten days, if I could.
24  THE COURT: That's satisfactory, Mr. Rubel? Ten
25  days to --

Page 19

1  MR. RUBEL: Yes, because otherwise it was due by
2  six o'clock today. So, yes, your Honor.
3  THE COURT: I will give him the ten days. Thank
4  you very much.
5  MR. SHOPE: Thank you.
6  THE COURT: All right.
7  MR. RUBEL: I just want to be clear, your Honor.
8  May I amend my response --
9  THE COURT: You may.
10  MR. RUBEL: -- to whatever was prior, factual
11  response to --
12  THE COURT: You may make an amendment. But the
13  record is what it is and I'll look at it. You can amend it.
14  MR. SHOPE: Your Honor, I'm sorry to trouble you.
15  But we have, under Rule 56, the local rules in the District
16  of Columbia, which are the same here, you serve with your
17  motion a statement of facts. If they're not responded to
18  they're admitted. And that is what we had here. Is
19  Mr. Rubel now to be permitted to change them? Because then
20  I would have to serve a whole new motion with whole new
21  facts and new deposition cites and all the rest.
22  THE COURT: I can't proceed this way.
23  MR. SHOPE: Yes, I understand.
24  THE COURT: I'm telling him he can amend. If he
25  amends you object. I'll look at the papers.

Page 20

1  MR. SHOPE: All right. Thank you, your Honor.
2  MS. STENGER: Thank you, your Honor.
3  MR. RUBEL: May we be excused, your Honor?
4  (Whereupon the Court and the Clerk conferred.)
5  (Whereupon the matter concluded.)
6
7
8  C E R T I F I C A T E
9
10
11  I, Donald E. Womack, Official Court Reporter for
12  the United States District Court for the District of
13  Massachusetts, do hereby certify that the foregoing portions
14  are a true and accurate transcription of my shorthand notes
15  taken in the aforementioned matter to the best of my skill
16  and ability.
17
18
19
20
21  _____
         DONALD E. WOMACK
22       Official Court Reporter
         P.O. Box 51062
23       Boston, Massachusetts 02205-1062
         womack@megatran.com
24
25

**A**

ability 20:16
absolutely 7:9 11:11,23
accord 14:21
account 5:19,20,21 8:21
accrued 12:22
accruing 9:14
accurate 20:14
Act 4:20 6:5
action 1:2 2:1 3:18,22 3:23,24 9:14 12:22 13:2
addressed 10:22 12:7,7
adequacy 16:23
admissions 13:25
admitted 9:18 19:18
advance 16:20
advisement 14:17,18 15:11
affirmatively 6:19
aforementioned 20:15
afternoon 2:4,6,10
ago 14:14
agree 12:19 17:21 18:8
agreed 4:17 6:22
ahead 13:17 18:13
allegations 13:3
allege 3:19
alleged 14:3
allow 12:19
amend 19:8,13,24
amendment 19:12
amends 19:25
analyzing 6:21
Andrew 1:18
answer 18:16,22
anymore 13:5
anything's 10:8
apart 11:3
APPEARANCES 1:15
appears 3:5
applies 4:1
argue 3:14
argued 13:22,23
argument 5:6 6:8,21 10:18,19 11:25 12:4
aside 8:15
assert 16:15
assume 7:8 9:8,10
ATM 4:21
attorney 2:13
aware 3:6

**B**

back 13:19 14:7 15:12
background 13:1
Bank 9:1
basically 16:3
basis 4:2,19
Beacon 1:17

beats 12:13
begins 4:5
behalf 1:6,19,22
believe 2:23 3:10 4:8 4:16 5:7
Berenson 1:5,5,18 2:1 5:25 6:3 7:9 8:7,19 9:10,19
Berensons 3:21 5:17 9:5 13:3,14 14:2
best 20:15
better 10:19
big 10:13 11:25 12:4
bill 4:4,24
BillPay 14:5
Bisby 9:1 11:4
bizarre 7:25
Boston 1:17,22,24,24 20:23
Boulevard 1:21
bound 12:19
Box 20:22
brief 3:11 6:2 9:19 11:11 17:2
briefing 15:24 16:2,4 16:22
briefs 11:9 15:12
BROKERAGE 1:10
BU 2:7
buck 16:24
business 7:20 10:14

**C**

C 20:8,8
call 11:24 12:1,2,3
called 6:3 10:4,7
Calling 2:1
calls 7:10 8:7 9:20
care 18:2
Carolina 1:19
Cary 1:19
case 3:11 4:7,15,16,17 4:25 7:25 9:1 13:6,14 13:18 14:5
cases 3:12 11:20,22
cause 12:22
cautiously 6:20
certification 14:24,25 15:9,17
certify 20:13
chance 15:13
change 4:11 19:19
charge 3:19
Circle 1:19
Circuit 9:2
cite 3:11
cited 4:15,17
cites 19:21
Civil 1:2 2:1
claim 2:16,18,19 8:3 12:8

claims 2:22 3:3
clarify 14:12
class 2:7 13:2,4 14:2,24 14:25 15:9
clear 5:24 6:1,16 7:12 7:19 15:4 19:7
clearly 5:10 12:7
Clerk 2:1 12:1 20:4
clerk's 15:2
client 3:17,17 4:5
COHEN 1:16
colleague 2:12 15:1
Colleen 2:12
colloquy 10:22 15:1
Columbia 13:20 19:16
come 15:12
coming 5:20
commences 9:14
complain 6:4 7:12 9:20
complained 10:25
complaining 8:8 11:8 12:11
complaint 2:20,23 5:1 5:2 10:24 12:12 13:21 14:3
complaints 9:18
complete 14:20
completely 11:3
comply 5:13
concede 6:24 7:1 9:9
conceive 8:1
concluded 20:5
conferred 20:4
construe 11:22,22
construed 5:9 11:18
consumer 11:17
consumers 11:19
continue 3:18,19
continued 3:15
continuing 3:12,21 10:8,9
contract 7:5
contracts 14:3 16:24
corrected 8:19,21
Court 1:1 2:3,8,14,25 3:13 4:3 5:4,15 6:11 6:13,16,18 7:16 8:5 8:10,12,25 9:12,23 10:2,12 11:12,17,24 12:2,18 13:10,13,17 14:8,10,20,24 15:6 15:15,21,25 16:8 17:4,7,21,25 18:6,8 18:13,19,22,24 19:3 19:6,9,12,22,24 20:4 20:11,12,22

**D**

damages 2:21 5:8
data 10:15
date 13:8

DAVID 1:5
day 5:7,20
days 5:22 7:18 8:14 9:14 10:24 11:5,13 11:14 18:23,25 19:3
DC 9:1,1
deal 4:20
defendants 1:11,22 2:11,13 4:17
demonstrates 4:8
denied 6:18 10:12 14:11 15:21 17:12
deny 12:22
denying 14:16
depending 7:23
deposition 5:24 7:12 9:21 19:21
disagree 5:11
disagreement 15:3,15
disclose 2:17 3:19 14:4
disclosed 3:16
disclosure 4:3 10:15 12:19 16:24
discovered 5:18
discovery 6:3 14:19 15:12,13 16:13
discussion 3:8
dismiss 6:19 8:2 10:10 12:20 13:21 14:10,15 14:16,16 15:18 16:21 17:11
dispute 7:5,9
district 1:1,1,13 13:19 13:19 19:15 20:12,12
dog 7:21
doing 7:3,4 8:23
dollar 4:23
dollars 8:1
Donald 20:11,21
Douglas 1:18 2:4
due 4:11 19:1
duty 9:24 10:16

**E**

E 1:16 20:8,8,11,21
earning 5:24
effect 11:23 12:15
effectively 14:1
EFTA 4:1 5:3 7:16 14:17
elapsed 3:6
Electronic 4:20 6:5
entirety 10:12
entitled 7:22 17:9
equitable 12:9
error 5:14 6:9,9,15 7:3 7:7,9 8:19,20,22 10:1 11:4 12:23
errors 6:7
Esq 1:17,19,21,21
essentially 17:11

eventually 10:5
evidence 5:17
exactly 18:17
example 15:13
excused 10:7 20:3
expecting 16:14
explain 5:16 8:6
explanation 9:3,4
extra 18:16

**F**

F 20:8
face 7:20
fact 3:15,18 6:4,5 7:11
factors 7:23
facts 3:7 9:4 13:24 16:5 18:4 19:17,21
factual 19:10
failing 9:8
failure 2:17 5:7,13
fall 5:2 14:7,13 15:18
far 10:22 12:5
February 7:11
fee 2:18 3:8,16,20 4:6 6:21 7:1,2,20 10:17 12:21 14:17 16:15
Fick 1:21 2:12
Fidelity 1:10 6:3 7:5,14
fifty 4:23
file 17:9,10,15,18,19 18:15,22
filed 9:11 13:19 15:18 17:20,24
files 8:22
filing 5:1
financial 1:9 2:2 9:2
fine 17:17
finish 16:12
first 3:3
fix 12:13
fixing 7:15
float 4:5
Floor 1:17
Foley 1:21 2:11
following 15:14
foregoing 20:13
form 14:3
forth 2:23 4:18 11:4
forward 15:7
frankly 15:24
front 14:6
fully 14:4
fundamental 12:16
Funds 4:20 6:5
further 16:12
future 4:14,24

**G**

G 1:13
gap 5:18,22
generally 11:21

getting 7:13 9:21,22
    11:6
give 4:22 9:3 12:10,15
    19:3
given 4:9,10 6:24
gives 5:8
go 4:22 12:25 13:17
    18:13
going 3:2,22 4:23 5:6
    7:14 10:3,24 13:6
    15:7 17:13 18:15
Good 2:4,6,10
granting 14:15
ground 12:21
grounds 16:12
guess 2:18
gun 10:13

**H**
Hankins 2:12
happen 4:14
happened 4:13
happening 6:4 15:4
headed 13:14
hear 5:5 8:10
hearing 1:8 14:5,6,22
    15:9,17
held 14:17
helpful 13:13
He'll 17:7
Hoag 1:21 2:11
holding 9:2
home 2:8
Honor 2:4,6,10,24 3:10
    3:25 4:7 8:15 9:16
    10:11,20 13:7,11
    14:6,14 15:17 16:11
    17:2,10,23 18:1,11
    19:2,7,14 20:1,2,3
Honorable 1:13
Houck 4:15,16
housekeeping 13:12
hundred 7:22 8:1

**I**
impose 15:14
inappropriately 4:16
inclusive 1:10
incorporate 17:17
independently 11:10
indicate 11:20
indicated 14:14
individual 4:19
individually 1:5
infinite 12:10
initially 13:19
inquire 10:16
institution 9:2
intends 7:5
intentionally 7:4
interest 5:23

Internet 4:9
interpret 10:3
introduce 2:3
invoke 11:3,5
in-house 2:12
issue 4:2 12:7 15:8,24
    16:23 18:2,2,14
issues 6:22

**J**
January 5:18 7:10 11:8
JOAN 1:5
JOHANSON 1:18
John 1:21 2:10
Judge 1:13
judgment 2:15 3:3
    12:23 13:22 14:18
    15:10,14,20,23 16:12
    16:16,19,20,23 17:13
    18:3

**K**
kept 14:18
kind 12:8
knew 8:7,19,20,21 9:10
know 2:18,21 3:16,22
    4:3,5,9 6:8 10:3 16:5
knowledge 4:12,13
knows 3:17 4:5 7:13
    8:22

**L**
Law 1:24 2:7 14:9
learned 15:2
legal 3:18 6:23
letter 5:8 7:17,18 9:5
    9:14,17,24 11:7,12
    12:12
let's 7:8
liability 6:23 8:17
    10:14 16:14
liable 9:3,8,10
limitation 11:1
limitations 2:16,17 3:9
    5:10,12 8:2,18 9:7
    11:21 12:6,14,15,17
literally 17:14
little 18:16
LLC 1:9,10
LLP 1:18,21
local 17:8 19:15
logical 16:1
look 11:10 19:13,25
looking 4:19
loss 13:3
lost 10:4
lot 10:4,7

**M**
mailed 16:25
making 2:22 6:3

March 1:25
Massachusetts 1:1,17
    1:22,24 20:13,23
matter 12:25 13:12
    17:4 20:5,15
mean 12:18 16:13
meaning 7:7
means 12:8
members 14:2
memory 14:21 18:9
mind 13:1
missed 2:17,19 9:12,13
modest 2:21 5:8
money 5:20 8:9
month 13:8
months 14:14
motion 1:8 2:15 3:2
    6:18 8:2 9:7 10:10,21
    12:20,22 13:21 14:10
    14:15,15,16,23 15:10
    15:18,19,22 16:16,21
    17:11,13 18:3,15,19
    19:17,20
move 16:19 17:5
multiple 7:10

**N**
National 1:9 2:2 9:1
necessarily 4:13
need 2:21 15:4 16:4
    17:10,12 18:15
never 8:13,13 14:4
new 16:20 19:20,20,21
night 8:25
nondisclosure 12:20
North 1:19
notes 15:2 20:14
notice 4:7,10,22 10:15
    17:16
noticed 5:19
notification 5:14 6:6
    10:1 11:14
number 9:17
numerous 6:2

**O**
Oaks 1:19
object 19:25
obligation 7:17
obligations 11:4
obviously 16:4
Official 20:11,22
oh 10:2 12:2
Okay 14:12 18:7,10
once 3:15,16,17 4:3
    7:17 12:18 16:25
    17:3
ones 16:20
operative 16:6 18:5
opining 16:14
opportunity 12:10

15:11
opposing 2:15 11:11
oral 6:6 9:3,25 11:14
outstanding 16:23
o'clock 19:2

**P**
papers 19:25
part 9:13 12:24 14:15
partial 12:23 13:3
particular 3:25 4:10
passed 12:21
passing 8:25
pay 4:4,4
payee 5:21
paying 4:24
pending 15:23 16:4
    17:12 18:3,15,19
period 2:20 4:5 5:2,7
    5:23 9:5
periods 11:1
PERKINS 1:16
permit 6:6
permits 9:25
permitted 19:19
per-charge 4:1
per-fee 4:1
phone 7:10
piece 15:18
place 16:18
plaintiff 2:7 10:17
plaintiffs 1:7,20 2:5,14
    6:2,23 9:19 14:19
pleaded 7:21
pleading 18:18
point 8:18 10:20 11:25
    12:4
portions 17:12 20:13
position 4:1
practical 12:25 15:8
    18:2
preceded 5:1
precise 13:8
premise 5:12
present 16:22
presented 10:21 15:24
previously 17:20
prior 19:10
problem 2:25 8:9 11:6
    11:16 12:16
procedure 12:24
proceed 19:22
proceeding 6:20
prohibited 6:21
properly 5:2
proposal 16:10
proposition 4:18
protection 11:17
protects 11:18
provide 9:9
provided 9:4 14:1,4

providing 15:23
provision 11:10
provisionally 8:8,20
purported 4:8
purports 4:11
purpose 4:20
purposes 3:7 8:16,17
    16:7
put 8:15 10:16 13:2
P.O 20:22

**Q**
question 2:19 5:13 7:2
    8:15
quote 7:2,6

**R**
R 20:8
raise 10:20 13:11
raised 11:9 16:21
ran 3:23
read 15:2
realize 5:22
really 5:9 12:7
reason 18:2
reasons 15:14
recall 13:18
recitation 14:20
recollection 17:10
record 3:5 4:8 6:1
    17:16 19:13
recredited 8:8,21
redress 3:18
reference 17:17
refers 11:12
refile 17:13,14
regard 3:25 4:23
regardless 17:20
reject 5:5
rejoinder 9:16
rely 18:4
renew 16:16
repeated 9:20
repeatedly 12:11
reply 8:13
Reporter 20:11,22
representative 13:4
representing 2:11
require 17:14
requirement 8:10,12
requires 8:23 10:23
requisite 9:5
resolution 11:4 12:23
resolve 15:7 18:17
resolved 8:9 13:15
respect 4:12 12:20
Respectfully 8:12
respond 2:20 3:4 5:7
    7:18,23 9:24 17:1,7
responded 11:10 13:20
    16:6 19:17

| | | | | |
|---|---|---|---|---|
| responding 10:8 | six 19:2 | tail 7:21 | United 1:1 20:12 | **1** |
| response 5:14 9:9,22 11:11 13:24,25 14:1 17:19 18:4 19:8,11 | skill 20:15 | take 3:7,17,22,23,24 4:23 6:24 14:19 15:12,13 | University 1:24 14:9 | 1-50 1:10 |
| | slight 15:3 | | | 12 17:5 |
| | slips 16:24 | | **V** | 12th 16:19 17:22,25 |
| rest 19:21 | SMITH 1:16 | taken 20:15 | v 1:8 2:2 9:1 | 12(b)(6) 13:22 |
| restate 9:6 | soon 7:11 | Taylor 3:11 | various 7:23 13:25 14:3 | 155 1:21 |
| result 14:1 | sorry 19:14 | technically 18:14 | | 17 11:7 |
| revise 16:20 | sort 11:1 16:6 17:2 | tee 3:4 | view 7:6 14:4 | 1986 9:1 |
| right 2:25 5:4 6:24 10:25 14:8,19 15:6 19:6 20:1 | so-called 8:20 | teed 17:2 | violated 8:16 | |
| | specific 2:18 17:16 | telling 19:24 | violation 3:12,21 10:8 10:9 11:2 | **2** |
| | specifically 6:6 10:23 | ten 5:7 7:18 8:14 9:14 18:23,24 19:3 | | 200 1:19 |
| Rubel 1:19 2:4,5,23 3:10,24 4:7 15:3,11 17:1,8,9,24 18:8,11 18:24 19:1,7,10,19 20:3 | start 9:13 | | vitiate 12:14 | 2002 5:18 7:10,11,11 9:20 11:7 |
| | state 18:18 | terms 7:5 | | 2003 15:19 |
| | stated 6:1 | Thank 2:9 13:10 19:3,5 20:1,2 | **W** | 2005 1:25 |
| | statement 11:6,13 13:23 16:5 18:4 19:17 | | W 1:21 | 201 1:19 |
| | | Theodorou 15:1 | wait 5:19 | 27511 1:19 |
| Rule 13:22,23 19:15 | | theoretically 7:19,19 | want 6:20 11:24 12:3 14:12 16:1,3,9,19 17:5,15,19 18:20 19:7 | |
| ruled 6:19 17:11 | statements 5:19 10:25 11:8,13 | theories 13:22,23 16:20 | | **3** |
| rules 17:8 19:15 | | theory 4:11,25 6:23 14:17 16:15 | | 3 1:25 |
| ruling 14:14 | States 1:1 20:12 | | | 30th 1:17 |
| run 4:5 5:10,12 | statute 2:16,17 3:9 5:9 5:12 6:5 7:7 8:2,16 8:18,23 9:7,23,25 10:3,23 11:17,21 12:5,13,14,17 | think 3:11 4:15 8:3 10:21 11:20 12:6,6 12:16,19,19 13:4 15:25 16:11 | wants 11:3,5 17:19 | |
| | | | wasn't 7:13 9:21,21,22 | **5** |
| **S** | | | way 3:20 7:6 10:4 11:18 12:14 19:22 | 51062 20:22 |
| satisfaction 7:13 9:22 | | third 12:1,2,3 | Welcome 2:8 | 56 13:23 19:15 |
| satisfactory 17:8 18:24 | | thousand 7:22 | weren't 16:13,13 | |
| saying 16:13 | statutes 11:22 | threw 10:17 | we're 7:3,4 8:17,23,25 9:10 18:17 | **6** |
| says 7:21 8:23 11:7 12:12 | statutory 2:21 7:17 | time 2:19 3:6 4:4,10,22 5:18,23 9:13,15 12:22 14:17 16:8 18:16,20 | | 60 10:24 11:5,13,14 |
| | Stenger 1:17 2:6,7,9 20:2 | | we've 10:21 12:7 | |
| schedule 16:18 | | | whatsoever 12:15 | **8** |
| School 1:24 2:7 14:9 | Street 1:17 | | William 1:13,21 2:12 | 88 2:7 |
| Seaport 1:21 | strictly 5:9 | times 6:2 10:5 12:11 | wish 16:15 17:1 | |
| second 5:20 11:24 | subject 14:18 15:23 | timing 16:1 | Womack 20:11,21 | |
| send 12:12 | submit 15:12 | today 6:22 8:18 9:7 19:2 | womack@megatran.... 20:23 | |
| September 7:10 9:20 11:7 13:7 | sue 11:2 | | | |
| | sued 3:8 | told 7:14 | words 6:9 11:1 | |
| serve 19:16,20 | sufficient 11:15 | tolling 12:8,9 | works 14:5 | |
| served 13:23 | Suffolk 14:9,13 | transaction 3:25 4:21 4:21 | worried 10:13 | |
| service 14:5 | suggest 3:14 | | writes 7:17 | |
| Services 1:9,10 2:2 | suggested 16:11 | transactions 4:2,24 5:1 | writing 2:20 7:24 8:13 10:6 | |
| sets 2:23 4:18 | suggestion 16:17 | transcription 20:14 | | |
| Shannon 1:19 | suing 8:17 | Transfer 4:20 6:5 | written 9:3,4,9,24 | |
| ships 8:25 | suit 8:23 9:11,15 | transferred 13:20 | wrong 8:5 | |
| Shope 1:21 2:10,10 5:11,16 6:12,14,17 7:1 8:4,6,11,15 9:6 9:16,25 10:11,20 11:16,20 12:5 13:7 13:11,16,18 14:9,12 14:22,25 15:7,16,22 16:3,10 17:6,23 18:1 18:7,10,12,14,21,23 19:5,14,23 20:1 | Suite 1:19 | treated 14:10 | wrongful 6:14 | |
| | summary 2:15 3:3 12:23 13:21 14:18 15:10,14,19,22 16:12 16:16,19,20,23 17:13 18:3 | trial 13:6,14 | | |
| | | triggers 9:24 | **Y** | |
| | | trouble 19:14 | year 3:6,8,17,22,23,24 5:2 8:22 9:10 11:2 12:21 | |
| | | true 20:14 | | |
| | | try 7:25 9:6 | | |
| | supplemental 15:24 16:2,4,22 | trying 18:17 | Young 1:13 | |
| | supplementary 17:4 | two 3:3 11:1 | | |
| | Suppose 5:5 | | **Z** | |
| shorter 2:19 | supposed 6:7 11:18 | **U** | zero 11:11 | |
| shorthand 20:14 | Sure 13:16 14:22 | unauthorized 10:17 | | |
| showing 5:21 | survive 3:2 | understand 3:13 5:4,5 6:11 9:23 19:23 | **0** | |
| side 13:2 | survives 8:3 | | 02108 1:17 | |
| similarly 1:6 | Susan 1:16 2:6 | understanding 17:18 | 02205-1062 20:23 | |
| simply 17:16 | | understood 15:8,16 | 02210 1:22 | |
| single 17:1 | **T** | undisclosed 3:20 | 04-11311 2:1 | |
| situated 1:6 | T 20:8,8 | undisputed 9:18 13:24 16:5 | 04-11311-WGY 1:3 | |
| situation 11:14 | table 9:13 15:19 | | | |