# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON, individually and on behalf of all others similarly situated; and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC; FIDELITY BROKERAGE SERVICES LLC; and DOES 1-50, inclusive,<br><br>Defendants | Civil Action 04 CV 11311 WGY |

**PLAINTIFF'S CONSOLIDATED FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Dated: February 18, 2005

DOUGLAS A. RUBEL, ESQUIRE

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON, individually and on behalf of all others similarly situated; and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC; FIDELITY BROKERAGE SERVICES LLC; and DOES 1-50, inclusive,<br><br>　　　　Defendants | Civil Action 04 CV 11311 WGY |

## PLAINTIFFS' CONSOLIDATED FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiffs, Joan Berenson and David Berenson, individually and on behalf of all others similarly situated, by counsel and pursuant to Federal Rules 33 and 34, request each of the Defendants to answer the following interrogatories, under oath, and make available for inspection and copying the documents requested below, within thirty (30) days of service hereof.

This request is intended to cover all documents in the possession of each Defendant and any of their respective partners, affiliates, agents (including CheckFree Corporation), servants, attorneys, employees, or representatives, and any and all documents subject to the respective custody and/or control of each of the aforementioned.

2

### Definitions

1. The definitions set forth in Rule 34(a) of the Federal rules of Civil Procedure and Local Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference. In addition, the following terms shall have the following meanings:

2. The term "BillPay" or "BillPay Service" refers to the electronic bill payment service alleged in the Complaint.

3. "CheckFree" shall mean CheckFree Corporation, CheckFree Services Corporation and is included in the term "agent" or "independent contractor" as used in the Defendants' documents for the BillPay Service.

4.

### Instructions

1. When factual and other knowledge, information and/or documents in the possession of a party is requested, the request includes knowledge, information and/or documents of the party's agents, representatives, experts, persons consulted concerning any factual matters, or matters of opinion relating to any of the facts or issues involved in this action and, unless privileged, the party's attorneys. These requests include material in the possession, constructive possession, custody or control of you, your agent(s), your next friend, guardian(s), representative(s), accountant(s), and, unless privileged, attorney(s); and if you are a business entity, your directors, shareholders, partners, joint venturers, officers, employees, agents, proprietors, and independent

3

contractors. The pronoun "you" and "your" includes the party to whom these interrogatories and requests for production of documents are addressed and the person(s) mentioned in the preceding sentence.

2. With respect to any answer or portion of any answer to any of the following interrogatories not made on or by the present knowledge of the person signing and swearing to the answer, identify each person from whom information was obtained on which the entire answer or any part thereof was based. When an answer is made by a corporate party, state the name, title, residential address and business address of each person from whom information was obtained on which the answer or part was based, as well as the source(s) of the person's information and/or making Affidavit and the sources of his/her information.

3. If you contend that any of the following interrogatories or requests for production of documents are objectionable, answer so much of each interrogatory or document request and each part that is not objectionable in your opinion and, separately and fully, identify that part of each interrogatory or document request to which you raise an objection and the legal ground and basis for each objection.

4. If you object to any or part of any interrogatory or document request on the claim of privilege, identify each statement or document for which the privilege is claimed, together with the following information: (a) with respect to each such statement: the date; the names of persons present; and, the basis on which the privilege is claimed; and (b) with respect to each such document: the date; the sender; the addressee; the number of pages; the subject matter; the basis on

4

which the privilege is claimed; and, the names of all persons to whom copies of any of the document were furnished, together with an identification of their employer and their job titles.

5.  These interrogatories and document requests are continuing in nature. Therefore, you are required to file supplementary answers and produce additional documents if you obtain further or different information or additional responsive documents prior to trial.

6.  Each document that is produced pursuant to a document request should be plainly identified and marked to indicate the specific request to which it is being produced, or should be produced as kept in the usual course of business. Where the original of any book or writing is not in your actual or constructive possession, but a copy thereof is, such copy is to be produced.

7.  Unless otherwise indicted, these interrogatories and document requests refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

## Part I

### Interrogatories

1.  Identify each and every person who answers, or assists in answering, these interrogatories, specifically identifying which person answered which interrogatory and, if that person did not answer the entire interrogatory, which part of the interrogatory he or she answered.

2.  Identify all persons who have material knowledge of the allegations and underlying facts set forth in the Complaint, your Motion to Dismiss and for Summary Judgment, any other motions filed in this case, and set forth as to each person the detailed facts to which that person has knowledge.

3. Identify all expert witnesses you have engaged or who you intend to call testify or to render an opinion in this lawsuit and for each such expert, state the date the expert was engaged, the fee or other compensation the expert is to receive, the subject matter of his expertise, and the substance of the expert's opinion.

4. Specify in detail each and every fact, event or circumstance upon which your defenses to Plaintiffs' claims are based and identify each and every document or record which supports your contentions and upon which you rely to prove your claim, including the date it was created, the preparer of the instrument, and the name, address and telephone number of the current custodian of same.

5. State the factual basis for any and all of your defenses to the Complaint; and, if evidenced in writing of any kind, please identify same (*i.e.*, letter, fax, telegram, handwritten note) and state the present or last known location of the writing, the date it was created, the preparer of the instrument, and the name, address and telephone number of the current custodian of same.

6. Identify all written or oral agreements, contracts or understandings relating to the business relationship between you and CheckFree and, if evidenced in writing of any kind, please identify same (*i.e.*, letter, fax, telegram, contract, handwritten note) and identify the present or last known location of the writing.

7. Identify by date, publication, page, and content, each and every item of advertising and other information that you have provided to BillPay customers, actual or potential; and, if evidenced in writing of any kind, please identify same (*i.e.*, letter, fax, telegram,

6

handwritten note) and state the present or last known location of the writing, the date it was created, the preparer of the instrument, and the name, address and telephone number of the current custodian of same.

8. For the period of January 1, 1999 to the present, identify any and all charges and/or fees that are part of the BillPay Service; and, if evidenced in writing of any kind, please identify same (*i.e.*, letter, fax, telegram, handwritten note) and state the present or last known location of the writing, the date it was created, the preparer of the instrument, and the name, address and telephone number of the current custodian of same.

9. Identify any and all reasons why Fidelity does not accept electronic payments from CheckFree as a third party

10. Identify all other electronic bill payment services of which you are aware and the business models that they follow, such as the "good funds" business model or the "risk" model; and, if evidenced in writing of any kind, please identify same (*i.e.*, letter, fax, telegram, handwritten note) and state the present or last known location of the writing, the date it was created, the preparer of the instrument, and the name, address and telephone number of the current custodian of same.

11. If you are aware of any oral statement or statements made by either of the Plaintiffs that refer or relate to the claims that are the subject matter of this litigation, or refer or relate to the defenses you intend to raise to any claims in this litigation, state the substance of each such statement giving the names, addresses and occupations of those persons who have personal

7

knowledge of each such statement or statements and the places and dates when each such statement was made.

12. If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in this action, including any claim for damages or any defense(s), provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody or control of them.

13. If you claim, contend and/or believe that Plaintiffs (or any of their agents, representatives, attorneys, employees and the like) has made any admissions and/or declarations against their legal or pecuniary interests relative to the factual matters and issues involved in this litigation, identify and describe in detail each and every fact upon which you rely to support this claim, contention and/or belief including, but not limited to, (a) the substance of each alleged admission or declaration; (b) the identity of the declarant or the individual making the admission; (c) the date(s) on which each admission or declaration was made; (d) the identity of the individuals to whom the admission or declaration was made; and, (e) the identity of any document, record or note memorializing each alleged admission or declaration.

14. For each document or item of property responsive to the Plaintiffs' requests for production or interrogatories to which you are declining to produce or respond to on grounds of privilege, immunity, relevancy, burdensomeness, or any other objection, specifically identify the date, type and parties to any such document or item of property or interrogatory and state the

precise nature of the claim to privilege, immunity, relevancy, burdensomeness, or other objection against production or response.

## Part II

### Requests for Production of Documents

You are requested to produce the following:

1. Any and all documents identified in any of your Answers to the foregoing Interrogatories, specifically identifying which documents are being produced in response to and as a result of identification in answer to a particular interrogatory.

2. All documents constituting or concerning any communications between you and Plaintiffs concerning Plaintiffs' Fidelity accounts, including without limitation, communications concerning BillPay.

3. All documents concerning Plaintiffs' Fidelity accounts, including without limitation, agreements, prospectuses, account statements, correspondence, "Symphony" or any other notes.

4. For the period of January 1, 1999 to the present, all documents concerning the location of any of Plaintiffs' monies in your care, custody or possession, including without limitation all documents that evidence the transfer of Plaintiffs' monies to CheckFree, CheckFree's holding of those monies, CheckFree's payment of those monies to any third party, and all documents that concern that payment of Plaintiffs' monies into any Fidelity BillPay accounts (at Chase or otherwise).

5. All documents concerning accounts you maintain with any bank, savings and loan association, credit union, mutual fund company, or financial institution that are part of the BillPay Service, or that you use to pay third parties as part of the BillPay Service.

6. All documents concerning electronic bill payment services.

7. All documents concerning any complaints from BillPay customers concerning late, or otherwise errant, payments as part of the BillPay Service.

8. All documents concerning your crediting of monies to any BillPay Service subscriber's account for having made a late or errant payment.

9. All documents concerning the practices of any bank, savings and loan association, credit union, mutual fund company, or financial institution concerning electronic bill payment services, including without limitation CheckFree, Navy Federal Credit Union.

10. All documents concerning bill payment conducted on a "good funds" business model.

11. All documents concerning business models of bill payment other than a good funds business model.

12. All documents concerning CheckFree.

13. All documents concerning the Plaintiffs' access to the Fidelity internet website.

14. All documents that form the source, or any part thereof, of your information concerning the alleged facts or legal conclusions of your motion to dismiss and for summary judgment, or any other motion papers you filed.

10

15. All documents identified in your initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

16. Any and reports of any expert witnesses you have engaged in this litigation and said expert's curriculum vitae.

17. Any and all documents shown to any expert witness you have retained in this litigation.

18. Any and all documents which evidence or set forth the factual basis for your denial of any and all averments of the Complaint.

19. Any and all of your files regarding Plaintiff.

20. Any and all documents upon which you rely for your denial of any of Plaintiff's claims.

21. All documents that refer or relate to any admission on the part of the Plaintiffs.

22. All documents that you contend refer, relate to or are the statements of the Plaintiff.

Dated: February 18, 2005

Respectfully submitted,

_____
Douglas A. Rubel, Esquire
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27519
(919) 654-4544
(919) 654-4545 (Fax)

11

## Certificate of Service

I hereby certify that, on this 18th day of February 2005, I cause a copy of the foregoing to be hand delivered to:

John A. Shope, Esquire
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

_____
DOUGLAS A. ROBEL