# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON, individually and on behalf of all others similarly situated, and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>  Defendants. | Docket No. 04-CV-11311-WGY |

**PLAINTIFFS' CONSOLIDATED INTERROGATORIES
AND PRODUCTION OF DOCUMENTS
TO DEFENDANTS, SET TWO**

Plaintiffs Joan Berenson and David Berenson, by counsel, and pursuant to Rules 33 and 34 of the Federal Rules of Procedure, request Defendants to respond to the interrogatories and document requests set forth herein no later than 30 days from the date hereof.

This request is intended to cover all documents in the possession of each Defendant and any of their respective partners, affiliates, agents (including CheckFree Corporation), servants, attorneys, employees, or representatives, and any and all documents subject to the respective custody and/or control of each of the aforementioned.

**DEFINITIONS:**   When used herein:

1. "Communication" means any writing, telephone conversation, oral conversation other than telephone conversation and meeting.

2. "Copy" when used in reference to a document, means any color or black-and-white facsimile reproduction made of a document, regardless of whether the facsimile reproduction is made by means of carbon paper, pressure sensitive paper, xerography or other means or process.

3. "Document" means the original or any non-identical copy (whether different from the original because of notes made on such copy or otherwise), all copies and all translations of any writing and all copies and all translations of any writing and any written, recorded or graphic material, whether typed, handwritten, printed or otherwise, and any photograph, photostat, microfilm or other reproduction including, without limitation, any note, memorandum, letter, telegram, telex, circular, release, article, report, prospectus, memorandum of telephone or personal conversation, record, financial statement, analysis, chart, account, book, draft, summary, diary, transcript, agreement, computer printout, contract and order. "Document" also means any tape or audible recording, any photograph and any non-identical copy of any document as previously defined (*e.g.*, any copy of a document as previously defined which differs from any other copy either by virtue of other material appearing thereon, such as handwriting or typewriting, or otherwise). "Photographs" include negatives, prints, transparencies, slides, motion pictures, drawings, paintings, videotapes and any other means of depicting a person or object.

4. (a) "Identify" when used in reference to a natural person means to state his or her full name, date of birth, educational background, present residential address, present business affiliation and present business address, or if the above are not

known, such information as was last known, or his or her residential address, business title, business affiliation and business address at the time in question. If such person has, or at the time in question had, any relationship to you or any other party to this action, "identify" also means to state what the relationship is or was and, if applicable, the inclusive dates of same.

(b) "Identify" when used in reference to a corporation, partnership or any legal entity other than a natural person means to state its full name, form of organization, address or principal place of business at present and address or principal place of business at the time in question.

(c) "Identify" when used in reference to a document means to state the type of document (e.g., letter, bills memorandum, contract, telegram, etc.) or some other means of identifying it, its author or authors, addressee or addressees, if any, and its present location or custodian. If any such document is no longer in your possession or subject to your control, "identify" also means to state what disposition was made of it and the date of such disposition;

(d) "Identify" when used in reference to an act, job, occurrence, transaction, decision, payment, statement, communication, or conduct (hereinafter collectively referred to as "act") means to describe in substance the event or events constituting such act, or what transpired, the place and date thereof and to identify the persons present, the persons involved and the documents referring or relating thereto.

5. "Including" means by way of example and not by way of limitation.

6. "Person" means any natural person, any business entity (whether partnership, association, cooperative or corporation) any governmental entity or department, agency bureau or political subdivision thereof.

7. "You" and "your" include the person or persons to whom these interrogatories are addressed, and all of that person's agents, representatives, employees, insurers, attorneys, parent organizations, and subsidiary organizations.

**INSTRUCTIONS:**

1. Unless otherwise stated, when answering these interrogatories, refer to the time, place and circumstances of the occurrence mentioned or complained of in the Complaint.

2. When knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, experts, persons consulted concerning any factual matters or matters of opinion relating to any of the facts or issues involved in this action and, unless privileged, the party's attorneys. The pronoun "you" includes the party to whom these Interrogatories are addressed and the persons mentioned in the preceding sentence.

3. With respect to any answer or portion of any answer to any of the following Interrogatories not made on or by the present knowledge of the person signing and swearing to such answer, identify each person from whom information was obtained on which such answer or part thereof was based. When an answer is made by a corporate party, state the name, title, residential address and business address of the person signing and swearing to such answer and the name, title, residential address and business address of each person from whom information was obtained on which such answer or part thereof was based, as well as the source of such person's information.

4. If you contend that any of the following interrogatories or requests for production of documents are objectionable, answer so much of each interrogatory or document request that is not objectionable in our opinion, and, separately and fully,

identify that part of each interrogatory or document request to which you raise an objection and the legal ground and basis for each objection.

5.  If you object to any or part of any interrogatory or document request on the claim of privilege, identify each statement or document for which the privilege is claimed, together with the following information: (a) with respect to each such statement, the date, the names of persons present, and the basis on which the privilege is claimed, and (b) with respect to each such document, the date, the sender, the addressee, the number of pages, the subject matter, the basis on which the privilege is claimed, and the names of all persons to whom copies of any documents were furnished, together with an identification of their employer and their job title.

6.  These interrogatories and document requests are continuing in nature. Therefore, you are required to file supplementary answers and produce additional documents if you obtain further or different information or additional responsive documents prior to trial.

7.  Each document that is produced pursuant to a document request should be plainly identified and marked to indicate the specific request to which it is being produced, or should be produced as kept in the normal course of business. Where the original of any book or writing is not in your actual or constructive possession, but a copy thereof is, such copy is to be produced.

8.  Unless otherwise indicated, these interrogatories and document requests refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

## INTERROGATORIES

1. Identify each and every Fidelity customer, excluding Fidelity employees, who subscribed to and used BillPay during the Class Period. In addition to compliance with instruction 4(a) herein, provide the date each such person first used BillPay.

2. For each person identified in Interrogatory Number 1 above, list the total aggregate dollar amount of BillPay transactions each such person has transacted through BillPay in each month for the four years immediately preceding the filing of the Complaint to the present.

3. Identify and list the percentage of payments made by check, as opposed to the percentage made by electronic transfer or otherwise (including laser draft) for the transactions comprising the aggregate dollar amount of BillPay transactions in response to Interrogatory Number 2 above.

4. Identify all written or oral agreements, contracts or understandings relating to the former business relationship between you and Integerion and, if evidenced in writing of any kind, please identify same (*i.e.*, letter, fax, telegram, contract, handwritten note) and identify the present or last known location of the writing.

5. Identify the bank(s) and account number(s) used by Fidelity to transfer funds to CheckFree in connection with BillPay transactions.

6. Identify all communications between Defendants or anyone on your behalf and BillPay Service subscribers concerning the differences between the "good funds" business model and any other business model.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce any and all files, including, without limitation, account statements and household profiler reports, maintained or generated by you for the following BillPay customers identified in your response to Interrogatory Number 1: every twenty-fifth customer as such customer's files are maintained in Defendants' records, exclusive of any Fidelity employee.

2. Produce any and all versions of all disclosure forms, statements or buckslips supplied to the BillPay customers identified in your response to Interrogatory Number 1. In connection with your response, produce a print-out from "EReview" documenting each and every version of such disclosure form, statement or buskslip and when such document was allegedly sent to BillPay customers.

3. Produce and any all training materials used to train customer service representatives in connection with questions concerning BillPay.

4. Produce any and all documents supporting or concerning Defendants' contention(s) that BillPay loses money or that BillPay otherwise operates at a loss to Fidelity, including, without limitation, profit and loss statements as testified to by Anne Warren Fagan (deposition of Anne Warren Fagan, pgs. 112-113).

5. Produce any and all reports or documents generated from the XTrac system documenting complaints from BillPay customers concerning the operation of the BillPay system.

6. Produce each and every invoice from CheckFree to Fidelity during the Class Period.

7.  Produce daily payment files generated by Defendants and sent to CheckFree during the Class Period as testified to by Anne Warren Fagan (deposition of Anne Warren Fagan, pg. 45).

8.  Produce all documents concerning any disputes by BillPay subscribers concerning the BillPay Service.

9.  Produce all documents relating to Defendants' decisions to offer a BillPay Service and/or decisions to make any changes in the BillPay Service from the inception of the Service.

10. Produce all documents (including all forms) concerning all BillPay applications, subscription applications or the like, from the inception of Defendants' BillPay Service to the present.

11. Produce all documents concerning all policies governing the BillPay Service and any and all changes to the BillPay Service.

12. Produce all documents between Defendants and any electronic billpay service provider, independent contractors, agent or sponsor, with which Defendants consulted, about which Defendants researched, or with which Defendants entered into negotiations (including CheckFree and Integreon).

13. Produce all documents between Defendants and Chase concerning the BillPay Service.

14. Produce all documents concerning Defendants' accounting treatment of all monies in the BillPay Service and Defendants' treatment of such monies for financial reporting purposes and/or tax purposes.

15. Produce all television advertising run on NBC affiliates in February 2004.

16. Produce all of Defendants' advertisements referencing electronic bill payments services or capabilities.

17. Produce all documents concerning Defendants' switching of any core accounts to cash sweep accounts, such as those referenced in the Wall Street journal article of February 17, 2005 on pages D1-2.

18. Produce a privilege log by Defendants' internal and external counsel of any documents withheld from response to any of Plaintiffs' document requests.

19. Produce all printouts of errors or reports of any alleged errors in the BillPay Service from the inception of the BillPay Service.

20. For the period of January 1, 1999 to the present, produce all documents evidencing errors or reports of errors in the Billpay Service.

21. Produce all annual reports, financial statements filings with the SEC or any other governmental entity concerning the BillPay Service, any monies in the BillPay Service, and/or Defendants' accounting of monies in the BillPay Service.

22. Produce all reports of investigations concerning Plaintiffs and/or their counsel.

23. Produce all documents concerning any surveys, questionnaires, consumer studies or otherwise of electronic bill payment users (actual or potential) concerning usage or such services, desired methods of conducting such services (such as the so-called "good funds model or otherwise).

Dated: February 28, 2005

Respectfully submitted,

//ss// Douglas A. Rubel
Douglas A. Rubel, Esquire [pro hac vice]
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27519
(919) 654-4544
(919) 654-4545 (Fax)

### Certificate of Service

I hereby certify that, on this 28th day of February 2005, I caused a copy of the foregoing to be hand delivered to:

John A. Shope, Esquire
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02219

//ss// Douglas A. Rubel
Douglas A. Rubel, Esquire

10