# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>Defendants. | Civil Action No. 04 CV 11311 (WGY) |

**DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendants National Financial Services LLC and Fidelity Brokerage Services LLC (together, "Fidelity") hereby object and respond to Part I of Plaintiffs' Consolidated First Set of Interrogatories and Requests for Production of Documents to Defendants ("the Interrogatories") as set forth below. The service of this response and the act of answering any interrogatory herein does not constitute agreement that any interrogatory or the subject matter thereof is relevant to the issues raised in this action, and does not constitute a waiver of the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure that may be applicable to any information provided, or any document identified or information contained in any of such documents.

## GENERAL OBJECTIONS

1. Fidelity objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery.

2. Fidelity objects to the Interrogatories to the extent that they seek information concerning members of the class proposed by the plaintiffs, other than the plaintiffs themselves.

3. Fidelity objects to the Interrogatories to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules.

4. Fidelity states that there is no text associated with Definition No. 4.

5. Fidelity objects to Instruction No. 1 to the extent it seeks information protected by the work product doctrine, or other applicable privilege or immunity from discovery.

6. Fidelity objects to Instruction No. 1 to the extent it seeks information or knowledge not within its possession.

7. Fidelity objects to Instruction No. 2 to the extent it seeks to impose obligations beyond those imposed by Fed. R. Civ. P. 33 and the L.R. 33.1.

8. Fidelity objects to Instruction No. 3 to the extent it seeks to impose obligations beyond those imposed by Fed. R. Civ. P. 33 and the L.R. 33.1.

9. These general objections are continuing and are incorporated by reference in response to each of the Interrogatories set forth below.

## SPECIFIC OBJECTIONS

### INTERROGATORY NO. 1

**Identify each and every person who answers, or assists in answering, these interrogatories, specifically identifying which person answered which interrogatory and, if that person did not answer the entire interrogatory, which part of the interrogatory he or she answered.**

### OBJECTIONS TO INTERROGATORY NO. 1

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege or work product doctrine. Fidelity further objects to this interrogatory on the ground that it imposes obligations beyond those imposed by Fed. R. Civ. P. 33 and the L.R. 33.1. Fidelity further objects to this interrogatory on the grounds that it is vague and ambiguous.

### ANSWER TO INTERROGATORY NO. 1

Without waiving its general and specific objections, Fidelity states that the following individuals, with the assistance of counsel, helped prepare the answers to these interrogatories: Anne Warren Fagan, Camille Zaslau, Tami Rash.

### INTERROGATORY NO. 2

**Identify all persons who have material knowledge of the allegations and underlying facts set forth in the Complaint, your Motion to Dismiss and for Summary Judgment, any other motions filed in this case, and set forth as to each person the detailed facts to which that person has knowledge.**

### OBJECTIONS TO INTERROGATORY NO. 2

In addition to its general objections, Fidelity objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

### ANSWER TO INTERROGATORY NO. 2

Without waiving its general and specific objections, Fidelity states that the following individuals have material knowledge of the allegations and underlying facts set forth in the Complaint and motions filed in this case, and sets forth the facts to which each individual has knowledge:

| Name | Address | Material Knowledge |
|---|---|---|
| Fagan, Anne Warren (Fidelity employee) | 100 Summer Street Boston, MA 02109 | BillPay Product Management BillPay Marketing and Communications Customer Agreements |

| | | |
|---|---|---|
| | | CheckFree Relationship |
| Fitzmaurice, Cindi (Fidelity employee) | 100 Summer Street Boston, MA 02109 | BillPay Product Management BillPay Marketing and Communications Customer Agreements CheckFree Relationship |
| LoPresti, John (Fidelity employee) | 100 Summer Street Boston, MA 02109 | BillPay Product Management BillPay Marketing and Communications Customer Agreements CheckFree Relationship |
| Porzio, Donald (Fidelity employee) | 100 Summer Street Boston, MA 02109 | BillPay Product Management BillPay Marketing and Communications Customer Agreements CheckFree Relationship |
| Rash, Tami (Fidelity employee) | 200 Liberty Street New York, NY 10281 | BillPay Operations CheckFree Relationship |
| Stickney, Daniel (Fidelity employee) | 245 Summer Street Boston, MA 02210 | Customer Records and Information Records of Fidelity Brokerage Services and National Financial Services |
| Zaslau, Camille (Fidelity employee) | 200 Liberty Street New York, NY 10281 | BillPay Operations CheckFree Relationship |
| Berenson, David | Known to Plaintiffs | Allegations of Complaint Understanding of BillPay Terms, Conditions, Operation |
| Berenson, D.S. (Johanson Berenson LLP) | Known to Plaintiffs | Plaintiffs' request for a refund |
| Berenson, Joan | Known to Plaintiffs | Allegations of Complaint Understanding of BillPay Terms, Conditions, Operation |
| Peter Moenickheim, V.P. Product Management | CheckFree Services Corp. 6000 Perimeter Drive Dublin, OH 43017. | CheckFree Operations CheckFree Relationship with Fidelity |

## INTERROGATORY NO. 3

**Identify all expert witnesses you have engaged or who you intend to call testify [sic] or to render an opinion in this lawsuit and for each such expert, state the date the expert was engaged, the fee or other compensation the expert is to receive, the subject matter of his expertise, and the substance of the expert's opinion.**

## OBJECTIONS TO INTERROGATORY NO. 3

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it is premature because Fidelity has not decided on an expert to give testimony at trial.

Fidelity states that disclosures concerning any expert who may be used at trial to present evidence, said expert's curriculum vitae, and any reports prepared by said expert shall be disclosed pursuant to Fed. R. Civ. P. 26(a)(2) and the Court's scheduling order.

## INTERROGATORY NO. 4

**Specify in detail each and every fact, event or circumstance upon which your defenses to Plaintiffs' claims are based and identify each and every document or record which supports your contentions and upon which you rely to prove your claim, including the date it was created, the preparer of the instrument, and the name, address and telephone number of the current custodian of same.**

## OBJECTIONS TO INTERROGATORY NO. 4

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege or work product doctrine. Fidelity further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Fidelity states that to date it has not asserted any claims or counter-claims in this action.

## INTERROGATORY NO. 5

**State the factual basis for any and all of your defenses to the Complaint; and if evidenced in writing of any kind, please identify same (*i.e.*, letter fax, telegram, handwritten note) and state the present or last known location of the writing, the date it was created, the preparer of the instrument, and the name, address and telephone number of the current custodian of same.**

## OBJECTIONS TO INTERROGATORY NO. 5

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege or work product doctrine. Fidelity further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

### INTERROGATORY NO. 6

Identify all written or oral agreements, contracts or understandings relating to the business relationship between you and CheckFree and, if evidenced in writing of any kind, please identify same (*i.e.*, letter, fax, telegram, contract, handwritten note) and identify the present or last known location of the writing.

### OBJECTIONS TO INTERROGATORY NO. 6

In addition to its general objections, Fidelity objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

### ANSWER TO INTERROGATORY NO. 6

Without waiving its general and specific objections, Fidelity identifies the Electronic Commerce Service Agreement between Fidelity and CheckFree executed by Fidelity on December 17, 1999.

### INTERROGATORY NO. 7

Identify by date, publication, page, and content, each and every item of advertising and other information that you have provided to BillPay customers, actual or potential; and if evidenced in writing of any kind, please identify same (*i.e.*, letter fax, telegram, handwritten note) and state the present or last known location of the writing[,] the date it was created, the preparer of the instrument, and the name, address and telephone number of the current custodian of same.

### OBJECTIONS TO INTERROGATORY NO. 7

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

### ANSWER TO INTERROGATORY NO. 7

Without waiving its general and specific objections, Fidelity states that, pursuant to Fed. R.. Civ. P. 33(d), it will produce various documents concerning the advertising of the BillPay service in particular.

**INTERROGATORY NO. 8**

**For the period of January 1, 1999 to the present, identify any and all charges and/or fees that are part of the BillPay Service; and, if evidenced in writing of any kind, please identify same (*i.e.*, letter, fax, telegram, handwritten note) and state the present or last known location of the writing, the date it was created, the preparer of the instrument, and the name, address and telephone number of the current custodian of same.**

**OBJECTIONS TO INTERROGATORY NO. 8**

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**ANSWER TO INTERROGATORY NO. 8**

Without waiving its general and specific objections, Fidelity states that in January 1999, BillPay customers were charged $5 per month. In February 1999, BillPay customers with over $100,000 in assets at Fidelity were charged $4.95 per month, while other BillPay customers were charged $9.95 per month. In 2000, BillPay customers who maintained $30,000 in assets or more in certain Fidelity accounts were not charged a monthly fee. Other BillPay customers were charged $6.95 per month. Currently, BillPay customers who execute 36 or more trades in a 12-month period or maintain $100,000 or more in their Fidelity Relationship Household are not charged a monthly BillPay fee. Other BillPay customers are charged $6.95 per month. Fidelity further states that, pursuant to Fed. R.. Civ. P. 33(d), it will produce various documents concerning the monthly fee for the BillPay service.

**INTERROGATORY NO. 9**

**Identify any and all reasons why Fidelity does not accept electronic payments from CheckFree as a third party.**

**OBJECTIONS TO INTERROGATORY NO. 9**

In addition to its general objections, Fidelity further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**ANSWER TO INTERROGATORY NO. 9**

Without waiving its general and specific objections, Fidelity states that it does not accept electronic payments from CheckFree as a third party because Fidelity does not have an established contractual relationship with CheckFree as an electronic merchant or payee since Fidelity's receipt of funds typically represents a deposit rather than a payment of a bill.

**INTERROGATORY NO. 10**

Identify all other electronic bill payment services of which you are aware and the business models that they follow, such as the "good funds" business model or the "risk" model; and if evidenced in writing of any kind, please identify same (*i.e.*, letter, fax, telegram, handwritten note) and state the present or last known location of the writing, the date it was created, the preparer of the instrument, and the name, address and telephone number of the current custodian of same.

**OBJECTIONS TO INTERROGATORY NO. 10**

In addition to its general objections, Fidelity further objects to this interrogatory on the ground that it seeks information protected by the work product doctrine. Fidelity further objects to this interrogatory on the grounds that it is vague and ambiguous.

**ANSWER TO INTERROGATORY NO. 10**

Without waiving its general and specific objections, Fidelity states that, pursuant to Fed. R. Civ. P. 33(d), Fidelity will produce documents concerning its historical consideration of different payment models.

**INTERROGATORY NO. 11**

If you are aware of any oral statement or statements made by either of the Plaintiffs that refer or relate to the claims that are the subject matter of this litigation, or refer or relate to the defenses you intend to raise to any claims in this litigation, state the substance of each such statement giving names, addresses and occupations of those persons who have

personal knowledge of each statement or statements and the places and dates when each such statement was made.

### OBJECTIONS TO INTERROGATORY NO. 11

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege or work product doctrine. Fidelity further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

### ANSWER TO INTERROGATORY NO. 11

Without waiving its general and specific objections, and other than discovery responses provided in this case, Fidelity states that oral statements by David and Joan Berenson are contained in available recorded telephone conversations with Fidelity's customer service representatives and entries in Fidelity's Symphony, XTRAC, and Value Network systems.

### INTERROGATORY NO. 12

If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in this action, including any claim for damages or any defense(s), provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody or control of them.

### OBJECTIONS TO INTERROGATORY NO. 12

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege or work product doctrine. Fidelity further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

### INTERROGATORY NO. 13

If you claim, contend and/or believe that Plaintiffs (or any of their agents, representatives, attorneys, employees and the like) has made any admissions and or declarations against their legal or pecuniary interests relative to the factual matters and issues involved in this litigation, identify and describe in detail each and every fact upon which you rely to

-9-

support this claim, contention and/or belief including, but not limited to, (a) the substance of each alleged admission or declaration; (b) the identity of the declarant or the individual making the admission; (c) the date(s) on which each admission or declaration was made; (d) the identity of the individuals to whom the admission or declaration was made; and (e) the identity of any document, record or note memorializing each alleged admission or declaration.

### OBJECTIONS TO INTERROGATORY NO. 13

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege or work product doctrine. Fidelity further objects to this interrogatory on the ground that it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

### INTERROGATORY NO. 14

**For each document or item of property responsive to Plaintiffs' requests for production or interrogatories to which you are declining to produce or respond to on the grounds of privilege, immunity, relevancy, burdensomeness, or any other objection, specifically identify the date, type and parties to any document or item of property or interrogatory and state the precise nature of the claim to privilege, immunity, relevancy, burdensomeness, or other objection against production or response.**

### OBJECTIONS TO INTERROGATORY NO. 10

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it imposes obligations beyond those imposed by Fed. R. Civ. P. 33 and the L.R. 33.1, and is improper under Fed. R. Civ. P. 33. Fidelity states that it will provide general and/or specific objections to each of the Interrogatories and to the plaintiffs' document requests in Part II of Plaintiffs' Consolidated First Set of Interrogatories and Requests for Production of Documents to Defendants pursuant to Fed. R. Civ. P. 33 and 34 and L.R. 33.1 and 34.1. Fidelity further states that it will produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) and L.R. 34.1(E).

AS TO THE OBJECTIONS:

_____
Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Attorneys for
NATIONAL FINANCIAL SERVICES LLC
FIDELITY BROKERAGE SERVICES LLC

Dated: March 21, 2005

AS TO THE RESPONSES:

    On behalf of defendants National Financial Services LLC and Fidelity Brokerage Services LLC, I have read the foregoing answers to interrogatories. Said answers were prepared by or with the assistance of agents, employees, representatives, attorneys and/or others believed to have relevant information, and with the assistance and advice of counsel, upon which I have relied. The answers set forth herein, subject to inadvertent or undiscovered errors or omissions, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, thus far discovered in the course of the preparation of these answers, and currently available. Consequently, said defendants reserve the right to make any changes in or additions to any of these answers if it appears at any time that errors or omissions have been made therein or that more accurate or complete information has become available. Subject to the limitations set forth herein, said answers are true to the best of my present knowledge, information and belief. I certify under the penalty of perjury on behalf of said defendants that the foregoing is true and correct.

_____
Anne Warren Fagan

Dated: March 21, 2005

## CERTIFICATE OF SERVICE

    I, William W. Fick, one of the attorneys for defendants National Financial Services LLC and Fidelity Brokerage Services LLC, hereby certify that I have caused a copy of the foregoing document to be served upon counsel for the plaintiffs by U.S. Mail, postage prepaid:

Susan Stenger, Esquire
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108

Kenneth L. McWilliams, Esquire
JOHANSON BERENSON LLP
1146 Walker Road, Suite C
Great Falls, Virginia 22066

Douglas A. Rubel, Esquire
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511

                                                                     /s/ William W. Fick

Dated: March 21, 2005