# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>Defendants. | Civil Action No. 04 CV 11311 (WGY) |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants National Financial Services LLC and Fidelity Brokerage Services LLC (together, "Fidelity") hereby object and respond to Part II of Plaintiffs' Consolidated First Set of Interrogatories and Requests for Production of Documents to Defendants ("the Requests") as set forth below. Without waiving its objections, Fidelity will produce responsive, non-privileged documents within its possession, custody, or control. An agreement to produce documents responsive to the Requests shall not constitute a representation that any such documents exist or are within Fidelity's possession, custody, or control, but rather that such documents will be produced if and to the extent that they are in existence and can be located after a search that is reasonable under the circumstances. The service of these objections and responses and the act of responding to any document requests herein does not constitute an admission that any document request or the subject matter thereof is relevant to the issues raised in this action, and does not constitute a

waiver of the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure that may be applicable to any information provided, or any document identified or information contained in any such documents.

## GENERAL OBJECTIONS

1. Fidelity objects to the Requests to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery. Inadvertent disclosure of any documents or information shall not be a waiver of any claim of privilege, work product protection or any other exemption. Fidelity specifically reserves the right to demand the return of any documents that may be produced inadvertently during discovery if it determines that such documents may contain privileged material as broadly defined above.

2. Fidelity objects to the Requests to the extent that they seek documents not in its possession, custody, or control, including without limitation documents in the possession of CheckFree Corporation and/or CheckFree Services Corporation.

3. Fidelity objects to the Requests and Instruction No. 1 to the extent that they seek documents concerning members of the class proposed by the plaintiffs, other than the plaintiffs themselves.

4. Fidelity objects to the Requests to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

5. Fidelity states that there is no text associated with Definition No. 4.

6. Fidelity objects to Instruction No. 1 to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity from discovery.

7. Fidelity objects to Instruction No. 2 to the extent it seeks to impose obligations beyond those imposed by Fed. R. Civ. P. 34 and the L.R. 34.1.

8. Fidelity objects to Instruction No. 3 to the extent it seeks to impose obligations beyond those imposed by Fed. R. Civ. P. 34 and the L.R. 34.1.

9. These general objections are continuing and are incorporated by reference in response to each of the Requests set forth below.

## SPECIFIC OBJECTIONS

### REQUEST NO. 1

**Any and all documents identified in any of your Answers to the foregoing Interrogatories, specifically identifying which documents are being produced in response to and as a result of identification in answer to a particular interrogatory.**

### OBJECTIONS TO REQUEST NO. 1

In addition to its general objections, Fidelity objects to this request to the extent that it seeks to impose obligations beyond those imposed by Fed. R. Civ. P. 34 and the L.R. 34.1. Fidelity states that documents responsive to this request, if any, will be produced pursuant to Fed. R. Civ. P. 34. Fidelity further states that where the answer to any one of plaintiffs' interrogatories may be derived or ascertained from Fidelity's business records, Fidelity may include in its answer a description of the records in sufficient detail to permit the plaintiffs to locate and identify the records pursuant to Fed. R. Civ. P. 33(d) and L.R. 33.1(B).

### RESPONSE TO REQUEST NO. 1

Without waiving its general and specific objections, Fidelity will produce documents it identifies in its answers to the interrogatories set forth in Part I of Plaintiffs' Consolidated First Set of Interrogatories and Requests for Production of Documents to Defendants.

**REQUEST NO. 2**

**All documents constituting or concerning any communications between you and Plaintiffs concerning Plaintiffs' Fidelity accounts, including without limitation, communications concerning BillPay.**

**OBJECTIONS TO REQUEST NO. 2**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overbroad and unduly burdensome. Fidelity further objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 2**

Without waiving its general and specific objections, Fidelity will produce communications between Fidelity and the Berensons concerning the BillPay service and other communications concerning their accounts in XTRAC and Symphony entries.

**REQUEST NO. 3**

**All documents concerning Plaintiffs' Fidelity accounts, including without limitation, agreements, prospectuses, account statements, correspondence, "Symphony" or any other notes.**

**OBJECTIONS TO REQUEST NO. 3**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Fidelity further objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 3**

Without waiving its general and specific objections, Fidelity will produce XTRAC entries and Symphony entries concerning the Berensons' Fidelity accounts and will produce agreements,

prospectuses, account statements, and correspondence concerning the Berensons' Fidelity accounts in which the BillPay service has been used.

**REQUEST NO. 4**

**For the periods of January 1, 1999 to the present, all documents concerning the location of any of Plaintiffs' monies in your care, custody or possession, including without limitation all documents that evidence the transfer of Plaintiffs' monies to CheckFree, CheckFree's holding of those monies, CheckFree's payment of those monies to any third party, and all documents that concern that payment of Plaintiffs' monies into any Fidelity BillPay accounts (at Chase or otherwise).**

**OBJECTIONS TO REQUEST NO. 4**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Fidelity further objects to this request on the ground that it seeks information not in Fidelity's possession, custody, or control.

**REQUEST NO. 5**

**All documents concerning accounts you maintain with any bank, savings and loan association, credit union, mutual fund company, or financial institution that are part of the BillPay Service, or that you use to pay third parties as part of the BillPay Service.**

**OBJECTIONS TO REQUEST NO. 5**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad and unduly burdensome. Fidelity further objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 5**

Without waiving its general and specific objections, Fidelity will produce any agreements between it and Chase with respect to the account that is used for, among other purposes, the transfer of funds to CheckFree for bill payment. Fidelity will also produce an example of a general ledger entry for the BillPay service.

### REQUEST NO. 6

**All documents concerning electronic bill payment services.**

### OBJECTIONS TO REQUEST NO. 6

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad and unduly burdensome.

### RESPONSE TO REQUEST NO. 6

Without waiving its general and specific objections, Fidelity will produce any documents concerning its consideration of electronic bill payment services.

### REQUEST NO. 7

**All documents concerning complaints from BillPay customers concerning late, or otherwise errant, payments as part of the BillPay Service.**

### OBJECTIONS TO REQUEST NO. 7

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that the search required for a complete response would be overly broad and unduly burdensome.

### RESPONSE TO REQUEST NO. 7

Without waiving its general and specific objections, Fidelity will produce XTRAC entries, Symphony entries, and available recorded telephone conversations concerning alleged late, or otherwise errant, payments made as part of the BillPay Service on the Berensons' accounts.

### REQUEST NO. 8

**All documents concerning your crediting of monies to any BillPay Service subscribers' account for having a late or errant payment.**

**OBJECTIONS TO REQUEST NO. 8**

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**RESPONSE TO REQUEST NO. 8**

Without waiving its general and specific objections, if they exist Fidelity will produce any XTRAC entries, Symphony entries, and available recorded telephone conversations concerning the crediting of monies to the Berensons' accounts for having an alleged late or erroneous payment as part of the BillPay Service.

**REQUEST NO. 9**

**All documents concerning the practices of any bank, savings and loan association, credit union, mutual fund company, or financial institution concerning electronic bill payment services, including without limitation CheckFree, Navy Federal Credit Union.**

**OBJECTIONS TO REQUEST NO. 9**

In addition to its general objections, Fidelity objects to this requests on the ground that it seeks information protected by the work product doctrine. Fidelity further objects to this request on the grounds that it is overly broad and unduly burdensome.

**REQUEST NO. 10**

**All documents concerning bill payment conducted on a "good funds" business model.**

**OBJECTIONS TO REQUEST NO. 10**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad and unduly burdensome.

**RESPONSE TO REQUEST NO. 10**

Without waiving its general and specific objections, Fidelity will produce documents concerning the comparison of electronic bill payment services and models.

**REQUEST NO. 11**

**All documents concerning business models of bill payment other than a good funds business model.**

**OBJECTIONS TO REQUEST NO. 11**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad and unduly burdensome.

**RESPONSE TO REQUEST NO. 11**

Without waiving its general and specific objections, Fidelity will produce documents concerning the comparison of electronic bill payment services and models.

**REQUEST NO. 12**

**All documents concerning CheckFree.**

**OBJECTIONS TO REQUEST NO. 12**

In addition to its general objections, Fidelity objects to this request on the ground that it purports to demand information not in Fidelity's possession, custody or control. Fidelity further objects to this request on the grounds that it is overly broad and unduly burdensome.

**RESPONSE TO REQUEST NO. 12**

Without waiving its general and specific objections, Fidelity will produce invoices from CheckFree from September 26, 1999 to the present, any agreements between CheckFree and Fidelity, and any documents concerning the comparison of electronic bill payment services, the different service offerings of CheckFree, and Fidelity's choice of CheckFree.

**REQUEST NO. 13**

**All documents concerning the Plaintiffs' access to the Fidelity internet website.**

**OBJECTIONS TO REQUEST NO. 13**

In addition to its general objections, Fidelity objects to this request on the ground that it purports to demand information not in Fidelity's possession, custody or control. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**RESPONSE TO REQUEST NO. 13**

Without waiving its general and specific objections, Fidelity will produce any documents underlying the Affidavit of Ann Warren Fagan ¶ 13 (Nov. 6, 2003) that evidence the Berensons' access to the Fidelity Internet Web site.

**REQUEST NO. 14**

**All documents that form the source, or any part thereof, of your information concerning the alleged facts or legal conclusions of your motion to dismiss and for summary judgment, or any other motion papers you filed.**

**OBJECTIONS TO REQUEST NO. 14**

In addition to its general objections, Fidelity objects to this requests on the ground that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery. Fidelity further objects to this request on the ground that it is overly broad and unduly burdensome.

**REQUEST NO. 15**

**All documents identified in your initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.**

**OBJECTIONS TO REQUEST NO. 15**

In addition to its general objections, Fidelity objects to this request on the ground that it purports to demand information not in Fidelity's possession, custody or control. Fidelity further objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

Fidelity further objects to this request on the grounds that it is overly broad and unduly burdensome. Fidelity further objects to this request on the grounds that it is vague and ambiguous because Fidelity identified specific categories of documents rather than specific documents.

### REQUEST NO. 16

**Any and reports [sic] of any expert witness you have engaged in this litigation and said expert's curriculum vitae.**

### OBJECTIONS TO REQUEST NO. 16

In addition to its general objections, Fidelity objects to this request on the ground that it is premature because Fidelity has not decided on an expert to give testimony at trial. Fidelity states that disclosures concerning any expert who may be used at trial to present evidence, said expert's curriculum vitae, and any reports prepared by said expert shall be disclosed pursuant to Fed. R. Civ. P. 26(a)(2) and the Court's scheduling order.

### REQUEST NO. 17

**Any and all documents shown to any expert witness you have retained in this litigation.**

### OBJECTIONS TO REQUEST NO. 17

In addition to its general objections, Fidelity objects to this request on the ground that it is premature because Fidelity has not decided on an expert to give testimony at trial. Fidelity states that disclosures concerning any expert who may be used at trial to present evidence, said expert's curriculum vitae, and any reports prepared by said expert shall be disclosed pursuant to Fed. R. Civ. P. 26(a)(2) and the Court's scheduling order.

### REQUEST NO. 18

**Any and all documents which evidence or set forth the factual basis for your denial of any averments of the Complaint.**

**OBJECTIONS TO REQUEST NO. 18**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad and unduly burdensome.

**RESPONSE TO REQUEST NO. 18**

Without waiving its general and specific objections, Fidelity will produce documents which were relied on as the factual basis of its denial of any averments of the Complaint.

**REQUEST NO. 19**

**Any and all of your files regarding Plaintiff.**

**OBJECTIONS TO REQUEST NO. 19**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**RESPONSE TO REQUEST NO. 19**

Without waiving its general and specific objections, Fidelity will produce XTRAC entries and Symphony entries concerning the Berensons' Fidelity accounts and will produce agreements, prospectuses, account statements, and correspondence concerning the Berensons' Fidelity accounts in which the BillPay service has been used.

**REQUEST NO. 20**

**Any and all documents upon which you rely for your denial of any of Plaintiff's claims.**

**OBJECTIONS TO REQUEST NO. 20**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**REQUEST NO. 21**

**All documents that refer or relate to any admission on the part of the Plaintiffs.**

**OBJECTIONS TO REQUEST NO. 21**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**RESPONSE TO REQUEST NO. 21**

Without waiving its general and specific objections, Fidelity will produce XTRAC entries, Symphony entries, and available recorded telephone conversations for the Berensons' accounts.

**REQUEST NO. 22**

**All documents that you contend refer, relate to or are the statements of the Plaintiff.**

**OBJECTIONS TO REQUEST NO. 22**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**RESPONSE TO REQUEST NO. 22**

Without waiving its general and specific objections, Fidelity will produce XTRAC entries, Symphony entries, and available recorded telephone conversations concerning the Berensons' accounts.

                                        NATIONAL FINANCIAL SERVICES LLC and
                                        FIDELITY BROKERAGE SERVICES LLC

                                        By their attorneys,

                                        _____
                                        Nicholas C. Theodorou (BBO No. 495730)
                                        John A. Shope (BBO No. 562056)
                                        William W. Fick (BBO No. 650562)
                                        David E. Cole (BBO No. 658705)
                                        FOLEY HOAG LLP
                                        155 Seaport Boulevard
                                        Boston, MA 02210
                                        (617) 832-1000

Dated: March 21, 2005

## CERTIFICATE OF SERVICE

I, William W. Fick, one of the attorneys for defendants National Financial Services LLC and Fidelity Brokerage Services LLC, hereby certify that I have caused a copy of the foregoing document to be served upon counsel for the plaintiffs by U.S. Mail, postage prepaid, as follows:

Susan Stenger, Esquire
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108

Kenneth L. McWilliams, Esquire
JOHANSON BERENSON LLP
1146 Walker Road, Suite C
Great Falls, Virginia 22066

Douglas A. Rubel, Esquire
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511

William W. Fick

Dated: March 21, 2005

B3005273.5