# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>Defendants. | Civil Action No. 04 CV 11311 (WGY) |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendants National Financial Services LLC and Fidelity Brokerage Services LLC (together, "Fidelity") hereby object and respond to Part I of Plaintiffs' Consolidated Interrogatories and Requests for Production of Documents to Defendants, Set Two, ("the Interrogatories") as set forth below. The service of this response and the act of answering any interrogatory herein does not constitute agreement that any interrogatory or the subject matter thereof is relevant to the issues raised in this action, and does not constitute a waiver of the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure that may be applicable to any information provided, or any document identified or information contained in any of such documents.

- 2 -

## GENERAL OBJECTIONS

1. Fidelity objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery.

2. Fidelity objects to the Interrogatories to the extent that they seek information concerning members of the class proposed by the plaintiffs, other than the plaintiffs themselves.

3. Fidelity objects to the Interrogatories to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules.

4. Fidelity objects to Definition No. 7 and Instruction No. 2 to the extent they seek information protected by the work product doctrine, or other applicable privilege or immunity from discovery.

5. Fidelity objects to Definition No. 7. and Instruction No. 2 to the extent they seek information or knowledge not within its possession.

6. Fidelity objects to Instruction No. 3 to the extent it seeks to impose obligations beyond those imposed by Fed. R. Civ. P. 33 and the L.R. 33.1.

7. Fidelity objects to Instruction No. 4 to the extent it seeks to impose obligations beyond those imposed by Fed. R. Civ. P. 33 and the L.R. 33.1.

8. These general objections are continuing and are incorporated by reference in response to each of the Interrogatories set forth below.

## SPECIFIC OBJECTIONS

### INTERROGATORY NO. 1

**Identify each and every Fidelity customer, excluding Fidelity employees, who subscribed to and used BillPay during the Class Period. In addition to compliance with instruction 4(a) herein, provide the date each such person first used BillPay.**

## OBJECTIONS TO INTERROGATORY NO. 1

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Fidelity states that there is no instruction 4(a) to Plaintiffs' Consolidated Interrogatories and Requests for Production of Documents to Defendants, Set Two.

## INTERROGATORY NO. 2

**For each person identified in Interrogatory Number 1 above, list the total aggregate dollar amount of BillPay transactions each such person has transacted through BillPay in each month for the four years immediately preceding the filing of the Complaint to the present.**

## OBJECTIONS TO INTERROGATORY NO. 2

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome.

## INTERROGATORY NO. 3

**Identify and list the percentage of payments made by check, as opposed to the percentage made by electronic transfer or otherwise (including laser draft) for the transactions comprising the aggregate dollar amount of BillPay transactions in response to Interrogatory Number 2 above.**

## OBJECTIONS TO INTERROGATORY NO. 3

In addition to its general objections, Fidelity incorporates by reference its specific objections to Interrogatory No. 2. Fidelity further objects to this interrogatory on the ground that it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this

interrogatory on the grounds that it is overly broad and unduly burdensome. Fidelity further objects to this interrogatory on the ground that it seeks information not within Fidelity's knowledge.

**INTERROGATORY NO. 4**

**Identify all written or oral agreements, contracts or understandings relating to the former business relationship between you and Integerion [sic] and, if evidenced in writing of any kind please identify same (*i.e.*, letter, fax, telegram, contract, handwritten note) and identify the present or last known location of the writing.**

**OBJECTIONS TO INTERROGATORY NO. 4**

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**INTERROGATORY NO. 5**

**Identify the bank(s) and account number(s) used by Fidelity to transfer funds to CheckFree in connection with BillPay transactions.**

**OBJECTIONS TO INTERROGATORY NO. 5**

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER TO INTERROGATORY NO. 5**

Without waiving its general and specific objections, Fidelity answers that the following bank and account number is currently used by Fidelity to transfer funds to CheckFree for the payment of BillPay service subscribers' designated payees via the BillPay service:

**REDACTED**



**INTERROGATORY NO. 6**

**Identify all communications between Defendants or anyone on your behalf and BillPay Service subscribers concerning the differences between the "good funds" business model and any other business model.**

**OBJECTIONS TO INTERROGATORY NO. 6**

In addition to its general objections, Fidelity objects to this interrogatory on the ground that it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**ANSWER TO INTERROGATORY NO. 6**

Without waiving its general and specific objections, Fidelity states that it is not aware of any communications specifically responsive to this interrogatory, although Fidelity has described to its BillPay customers the aspects of its service that relate to the good funds business model.

AS TO THE OBJECTIONS:

_/s/ J. Shope_
Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Attorneys for
NATIONAL FINANCIAL SERVICES LLC
FIDELITY BROKERAGE SERVICES LLC

Dated: March 30, 2005

AS TO THE ANSWERS:

On behalf of defendants National Financial Services LLC and Fidelity Brokerage Services LLC, I have read the foregoing answers to interrogatories. Said answers were prepared by or with the assistance of agents, employees, representatives, attorneys and/or others believed to have relevant information, and with the assistance and advice of counsel, upon which I have relied. The answers set forth herein, subject to inadvertent or undiscovered errors or omissions, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, thus far discovered in the course of the preparation of these answers, and currently available. Consequently, said defendants reserve the right to make any changes in or additions to any of these answers if it appears at any time that errors or omissions have been made therein or that more accurate or complete information has become available. Subject to the limitations set forth herein, said answers are true to the best of my present knowledge, information and belief. I certify under the penalty of perjury on behalf of said defendants that the foregoing is true and correct.

/s/ Anne Warren Fagan
Anne Warren Fagan

Dated: March 30, 2005

## CERTIFICATE OF SERVICE

I, William W. Fick, one of the attorneys for defendants National Financial Services LLC and Fidelity Brokerage Services LLC, hereby certify that I have caused a copy of the foregoing document to be served upon the plaintiffs by prepaid first class mail as follows:

Susan Stenger, Esquire
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108

Kenneth L. McWilliams, Esquire
JOHANSON BERENSON LLP
1146 Walker Road, Suite C
Great Falls, Virginia 22066

Douglas A. Rubel, Esquire
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511

_____
William W. Fick

Dated: March 30, 2005