# EXHIBIT H

Case 1:04-cv-11311-WGY   Document 49-9   Filed 05/13/2005   Page 1 of 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>Defendants. | Civil Action No. 04 CV 11311 (WGY) |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants National Financial Services LLC and Fidelity Brokerage Services LLC (together, "Fidelity") hereby object and respond to Part II of Plaintiffs' Consolidated Interrogatories and Requests for Production of Documents to Defendants, Set Two, ("the Requests") as set forth below. Without waiving its objections, Fidelity will produce responsive, non-privileged documents within its possession, custody, or control. An agreement to produce documents responsive to the Requests shall not constitute a representation that any such documents exist or are within Fidelity's possession, custody, or control, but rather that such documents will be produced if and to the extent that they are in existence and can be located after a search that is reasonable under the circumstances. The service of these objections and responses and the act of responding to any document requests herein does not constitute an admission that any document request or the subject matter thereof is relevant to the issues raised in this action, and does not constitute a

waiver of the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure that may be applicable to any information provided, or any document identified or information contained in any such documents.

## GENERAL OBJECTIONS

1. Fidelity objects to the Requests to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery. Inadvertent disclosure of any documents or information shall not be a waiver of any claim of privilege, work product protection or any other exemption. Fidelity specifically reserves the right to demand the return of any documents that may be produced inadvertently during discovery if it determines that such documents may contain privileged material as broadly defined above.

2. Fidelity objects to the Requests, Definition No. 7, and Instruction No. 2 to the extent that they seek documents in the possession, custody, or control of CheckFree Corporation and/or CheckFree Services Corporation.

3. Fidelity objects to the Requests to the extent that they seek documents concerning members of the class proposed by the plaintiffs, other than the plaintiffs themselves.

4. Fidelity objects to the Requests to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules.

5. Fidelity objects to Definition No. 7 and Instruction No. 2 to the extent they seek production of documents protected by the work product doctrine, or other applicable privilege or immunity from discovery.

6. Fidelity objects to Instruction No. 3 to the extent it seeks to impose obligations beyond those imposed by Fed. R. Civ. P. 34 and the L.R. 34.1.

7. Fidelity objects to Instruction No. 4 to the extent it seeks to impose obligations beyond those imposed by Fed. R. Civ. P. 34 and the L.R. 34.1.

8. These general objections are continuing and are incorporated by reference in response to each of the Requests set forth below.

## SPECIFIC OBJECTIONS

### REQUEST NO. 1

**Produce any and all files, including, without limitation, account statements and household profiler reports, maintained or generated by you for the following BillPay customers identified in your response to Interrogatory Number 1: every twenty-fifth customer as such customer's files are maintained in Defendants' records, exclusive of any Fidelity employee.**

### OBJECTIONS TO REQUEST NO. 1

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad and unduly burdensome.

### REQUEST NO. 2

**Produce any and all versions of all disclosure forms, statements or buckslips supplied to the BillPay customers identified in your response to Interrogatory Number 1. In connection with your response, produce a print-out from "EReview" documenting each and every version of such disclosure form, statement or buckslip and when such document was allegedly sent to BillPay customers.**

### OBJECTIONS TO REQUEST NO. 2

In addition to its general objections, Fidelity objects to this request on the ground that it is overly broad and unduly burdensome.

### RESPONSE TO REQUEST NO. 2

Without waiving its general and specific objections, Fidelity will produce disclosure forms and buckslips concerning the BillPay service that were sent to the Berensons.

**REQUEST NO. 3**

**Produce and any all [sic] training materials used to train customer service representatives in connection with questions concerning BillPay.**

**OBJECTIONS TO REQUEST NO. 3**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad and unduly burdensome.

**RESPONSE TO REQUEST NO. 3**

Without waiving its general and specific objections, Fidelity will produce customer service representative training materials for the BillPay service covering the period from September 26, 1999 to the present.

**REQUEST NO. 4**

**Produce any and all documents supporting or concerning Defendants' contention(s) that BillPay loses money or that BillPay otherwise operates at a loss to Fidelity, including, without limitation, profit and loss statements as testified to by Anne Warren Fagan (deposition of Anne Warren Fagan, pgs. 112-113).**

**OBJECTIONS TO REQUEST NO. 4**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad and unduly burdensome.

**RESPONSE TO REQUEST NO. 4**

Without waiving its general and specific objections, Fidelity will produce the profit and loss statements underlying the deposition testimony of Anne Warren Fagan (Transcript of the Deposition of Anne Warren Fagan, at 112–13 (Jan. 18, 2005)).

**REQUEST NO. 5**

**Produce any and all reports or documents generated from the XTrac system documenting complaints from BillPay customers concerning the operation of the BillPay system.**

**OBJECTIONS TO REQUEST NO. 5**

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad and unduly burdensome.

**RESPONSE TO REQUEST NO. 5**

Without waiving its general and specific objections, Fidelity will produce documents generated from the XTRAC system concerning complaints from the Berensons concerning BillPay.

**REQUEST NO. 6**

**Produce each and every invoice from CheckFree to Fidelity during the Class Period.**

**OBJECTIONS TO REQUEST NO. 6**

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad and unduly burdensome.

**RESPONSE TO REQUEST NO. 6**

Without waiving its general objections, Fidelity will produce invoices from CheckFree to Fidelity during the period from February 2001 to the present.

**REQUEST NO. 7**

**Produce daily payment files generated by Defendants and sent to CheckFree during the Class Period as testified to by Anne Warren Fagan (deposition of Anne Warren Fagan, pg. 45).**

## OBJECTIONS TO REQUEST NO. 7

In addition to its general objections, Fidelity objects to this request on the ground that it purports to demand information not in Fidelity's possession, custody, or control. Fidelity further objects to this request on the grounds that it is overly broad and unduly burdensome.

## REQUEST NO. 8

**Produce all documents concerning any disputes by BillPay subscribers concerning the BillPay Service.**

## OBJECTIONS TO REQUEST NO. 8

In addition to its general objections, Fidelity objects to this request on the ground that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery. Fidelity further objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.

## REQUEST NO. 9

**Produce all documents relating to Defendants' decisions [sic] to offer a BillPay Service and/or decisions to make any changes in the BillPay Service from the inception of the Service.**

## OBJECTIONS TO REQUEST NO. 9

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**RESPONSE TO REQUEST NO. 9**

Without waiving its general and specific objections, Fidelity will produce documents concerning the comparison of electronic bill payment services, the different service offerings of CheckFree, and differing bill payment service providers.

**REQUEST NO. 10**

**Produce all documents (including all forms) concerning all BillPay applications, subscription applications or the like, from the inception of Defendants' BillPay Service to the present.**

**OBJECTIONS TO REQUEST NO. 10**

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**RESPONSE TO REQUEST NO. 10**

Without waiving its general and specific objections, Fidelity will produce the Berensons' applications for the BillPay service for their Fidelity accounts in which the BillPay service has been used.

**REQUEST NO. 11**

**Produce all documents concerning all policies governing the BillPay Service and any and all changes to the BillPay Service.**

**OBJECTIONS TO REQUEST NO. 11**

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad and unduly burdensome.

**RESPONSE TO REQUEST NO. 11**

Without waiving its general and specific objections, Fidelity will produce written policies and procedures that are specific to the current BillPay service.

**REQUEST NO. 12**

**Produce all documents between Defendants and any electronic billpay service provider, independent contractors, agent or sponsor, with which Defendants consulted, about which Defendants researched, or with which Defendants entered into negotiations.**

**OBJECTIONS TO REQUEST NO. 12**

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**RESPONSE TO REQUEST NO. 12**

Without waiving its general and specific objections, Fidelity will produce documents concerning the comparison of electronic bill payment services and its choice of CheckFree.

**REQUEST NO. 13**

**Produce all documents between Defendants and Chase concerning the BillPay Service.**

**OBJECTIONS TO REQUEST NO. 13**

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad and unduly burdensome.

**RESPONSE TO REQUEST NO. 13**

Without waiving its general and specific objections, Fidelity will produce documents concerning the terms and conditions of Fidelity's account with Chase from which funds are transferred to CheckFree.

**REQUEST NO. 14**

**Produce all documents concerning Defendants' accounting treatment of all monies in the BillPay Service and Defendants' treatment of such monies for financial purposes and/or tax purposes.**

**OBJECTIONS TO REQUEST NO. 14**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**REQUEST NO. 15**

**Produce all television advertising run on NBC affiliates in February 2004.**

**OBJECTIONS TO REQUEST NO. 15**

In addition to its general objections, Fidelity objects to this request on the ground that it purports to demand information not in Fidelity's possession, custody, or control. Fidelity further objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and is overly broad and unduly burdensome.

**REQUEST NO. 16**

**Produce all of Defendants' advertisements referencing electronic bill payments [sic] services or capabilities.**

**OBJECTIONS TO REQUEST NO. 16**

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably

calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad and unduly burdensome.

**RESPONSE TO REQUEST NO. 16**

Without waiving its general and specific objections, Fidelity will produce print advertisements referencing the BillPay service during the period from September 26, 1999 to the present.

**REQUEST NO. 17**

**Produce all documents concerning Defendants' switching of any core accounts to cash sweep accounts, such as those referenced in the Wall Street [J]ournal article of February 17, 2005 on pages D1-2.**

**OBJECTIONS TO REQUEST NO. 17**

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**REQUEST NO. 18**

**Produce a privilege log by Defendants' internal and external counsel of any documents withheld from response to any of Plaintiffs' document requests.**

**OBJECTIONS TO REQUEST NO. 18**

In addition to its general objections, Fidelity objects to this request on the ground that it imposes obligations beyond those imposed by Fed. R. Civ. P. 34 and the L.R. 34.1. Fidelity further objects to this request on the grounds that it is not a proper request pursuant to Fed. R. Civ. P. 34 because it calls for the creation of a document and does not request the production of existing documents. Fidelity states that it will produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) and L.R. 34.1(E).

**REQUEST NO. 19**

**Produce all printouts of errors or reports of any alleged errors in the BillPay Service from the inception of the BillPay Service.**

**OBJECTIONS TO REQUEST NO. 19**

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**RESPONSE TO REQUEST NO. 19**

Without waiving its general and specific objections, Fidelity will produce documents concerning the Berensons' complaints concerning the BillPay service.

**REQUEST NO. 20**

**For the period of January 1, 1999 to the present, produce all documents evidencing errors or reports of errors in the BillPay Service.**

**OBJECTIONS TO REQUEST NO. 20**

In addition to its general objections, Fidelity objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**REQUEST NO. 21**

**Produce all annual reports, financial statements filings [sic] with the SEC or any other governmental entity concerning the BillPay Service, any monies in the BillPay Service, and/or Defendants' accounting of monies in the BillPay Service.**

**OBJECTIONS TO REQUEST NO. 21**

In addition to its general objections, Fidelity objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**REQUEST NO. 22**

**Produce all reports of investigations concerning Plaintiffs and/or their counsel.**

**OBJECTIONS TO REQUEST NO. 22**

In addition to its general objections, Fidelity objects to this request on the ground that it seeks information protected by the work product doctrine.

**REQUEST NO. 23**

**Produce all documents concerning any surveys, questionnaires, consumer studies or otherwise of electronic bill payment users (actual or potential) concerning usage or [sic] such services, [and] desired methods of conducting such services (such as the so-called "good funds["] model or otherwise).**

**OBJECTIONS TO REQUEST NO. 23**

In addition to its general objections, Fidelity objects to this request on the ground that it purports to demand information not in Fidelity's possession, custody, or control. Fidelity further objects to this request on the ground that it seeks documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Fidelity further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

**RESPONSE TO REQUEST NO. 23**

Without waiving its general and specific objections, Fidelity will produce documents concerning the comparison of electronic bill payment services, as well as any customer surveys of electronic bill payment services.

                      NATIONAL FINANCIAL SERVICES LLC and
                      FIDELITY BROKERAGE SERVICES LLC

                      By their attorneys,

                      /s/ John A. Shope
                      Nicholas C. Theodorou (BBO No. 495730)
                      John A. Shope (BBO No. 562056)
                      William W. Fick (BBO No. 650562)
                      David E. Cole (BBO No. 658705)
                      FOLEY HOAG LLP
                      155 Seaport Boulevard
                      Boston, MA 02210
                      (617) 832-1000

Dated: March 30, 2005

## CERTIFICATE OF SERVICE

I, William W. Fick, one of the attorneys for defendants National Financial Services LLC and Fidelity Brokerage Services LLC, hereby certify that I have caused a copy of the foregoing document to be served upon the plaintiffs by first class U.S. Mail, postage prepaid, as follows:

Susan Stenger, Esquire
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108

Kenneth L. McWilliams, Esquire
JOHANSON BERENSON LLP
1146 Walker Road, Suite C
Great Falls, Virginia 22066

Douglas A. Rubel, Esquire
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511

_____
William W. Fick

Dated: March 30, 2005

- 14 -