IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>Defendants. | Civil Action No. 04 CV 11311 (WGY) |

## **AFFIDAVIT OF NICHOLAS C. THEODOROU**

I, Nicholas C. Theodorou, depose and state as follows:

1. I am an attorney licensed to practice in the Commonwealth of Massachusetts. I am a partner of Foley Hoag LLP in Boston, Massachusetts, counsel for defendants National Financial Services LLC and Fidelity Brokerage Services LLP (together, "Fidelity"). I base this affidavit on my personal knowledge, except where otherwise indicated.

2. On March 18, 2005, Fidelity served its Second Request for Production of Documents, Second Set of Interrogatories, and First Set of Requests for Admission. True and correct copies of the foregoing documents are attached hereto at Exhibits. 1, 2, and 3. (Ex. 3 is attached without its own accompanying exhibits.)

3. On or about April 15, 2005, Fidelity received the plaintiffs' responses to its Second Request for Production of Documents, Second Set of Interrogatories, and First Set of Requests for Admission. True and correct copies of the plaintiffs responses are attached hereto at Exhibits 4, 5, and 6.

4. On April 22, 2005, my partner, John A. Shope, sent a letter to the plaintiffs outlining several deficiencies in their responses (including such basic matters as the plaintiffs' failure to sign their interrogatory answers). We did not receive any response. A true and correct copy of Mr. Shope's April 22 letter is attached hereto at Exhibit 7.

5. On May 4, 2005, I sent a letter to Douglas A. Rubel, counsel for the plaintiffs, requesting a discovery conference pursuant to Local Rule 37.1 to discuss deficiencies in the Berensons' responses to discovery requests that were outlined in the letter dated April 22, 2005. I proposed that the conference take place immediately before or after the deposition of Fidelity's expert witness, Professor David B. Humphrey, on May 6, 2005, when counsel could speak in person. A true and correct copy of my May 4, 2005 letter is attached hereto at Exhibit 8. At the May 6, 2005 deposition, Mr. Rubel stated that he would call me on May 9, 2005.

6. On May 9, 2005, Mr. Rubel called me to say that he was in a deposition and unable to confer. Mr. Rubel did say he would be calling me to confer.

7. On May 10, 2005, the requested discovery conference was held via telephone.

8. I participated in the discovery conference, along with my associate, William Fick, on behalf of Fidelity. Mr. Rubel participated on behalf of the Berensons.

9. The May 10, 2005 conference started at approximately 10:00 a.m. and lasted approximately 30 minutes. We discussed the issues outlined in Mr. Shope's April 22 letter. At the end of this conference, Mr. Rubel said that he would get back to me later that same day regarding the Berensons' positions on the disputed discovery issues.

10. At approximately 4:30 p.m. on May 10, 2005, Mr. Rubel, Mr. Fick and I discussed issues left open at the end of the earlier conference. This conversation lasted approximately 10 minutes. At the end of this follow-up conference, Mr. Rubel agreed that by

May 16, 2005 the Berensons would provide Fidelity with revised responses to Fidelity's Interrogatories Nos. 12, 13, 14, 20, and 24, and Fidelity's Requests for Admission Nos. 2, 4, 5, 6, and 12 to 25. Mr. Rubel stated that the plaintiffs would not supplement their answer to Fidelity's Interrogatory No. 22 or produce materials responsive to Fidelity's Requests for Production of Documents Nos. 35 and 36.

11. On May 10, 2005, after the follow-up conference, I sent a letter to Mr. Rubel to confirm the substance of our conversations and to request that the Berensons sign their answers to the interrogatories. A true and correct copy of my May 10, 2005 letter is attached hereto at Exhibit 9.

12. By letter dated May 11, 2005, Mr. Rubel responded to my May 10 letter, disputing, in part, my letter of the previous day. A true and correct copy of Mr. Rubel's May 11, 2005 letter is attached hereto at Exhibit 10.

13. Later on May 11, 2005, I wrote a letter in response to Mr. Rubel. A true and correct copy of my letter of May 11, 2005 is attached hereto at Exhibit 11.

14. Fidelity has not received any further response to its May 10 and 11 letters.

15. Although Mr. Rubel promised the Berensons' supplemental responses by May 16, 2005, as of the time of filing its motion to compel Fidelity has not received the promised supplemental responses.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: May 18, 2005

_____
Nicholas C. Theodorou