# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>Defendants. | Civil Action No. 04 CV 11311 (WGY) |

## DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants National Financial Services LLC and Fidelity Brokerage Services LLC (together, "Fidelity") hereby request that plaintiffs Joan Berenson and David Berenson produce the following materials in accordance with the following definitions and instructions at the law offices of Foley Hoag LLP, 155 Seaport Boulevard, Boston, Massachusetts 02210, within thirty (30) days of the date hereof.

### I.    DEFINITIONS

1.    The definitions set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated by reference herein. In addition, the following terms shall have the following meanings in this Second Request for Production of Documents.

2.    The term "BillPay" refers to the defendants' electronic bill payment service alleged in the Complaint.

3.   The terms "and" and "or" as used herein mean, where the context permits, "and/or."

4.   The terms "all" and "any" as used herein mean, where the context permits, "any and all."

5.   The terms "you," "your," "yours," and "yourself" refer to both plaintiffs Joan Berenson and David Berenson or either of them, including when acting as officers, directors, trustees, or in another representative capacity.

6.   Words used in the singular shall, where the context permits, be deemed to include the plural, and vice versa. Words used in the present tense shall, where the context permits, be deemed include the future as well as the present, and vice versa. Words used in the masculine gender shall, where the context permits, be deemed to include the feminine gender and neuter.

## II.   INSTRUCTIONS

1.   In producing documents, all documents that are physically attached to each other shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they were maintained.

2.   If you object to a request, produce responsive items that do not fall within your objection.

3.   If, in responding to a request, you claim an ambiguity in interpreting either a request or any definition or instruction, set forth as part of your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

  4.  You are under a continuing obligation to supplement or amend your responses to these Requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

  5.  As to each document herein requested that is withheld on the ground of attorney-client privilege, attorney work product, or any reason whatsoever, state the following:

    a.  date of the document;

    b.  title of the document;

    c.  names and positions of all persons who prepared the document, or assisted in its preparation, or in whose names the document was prepared;

    d.  names and positions of all persons to whom the document was addressed, or who have been sent, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof;

    e.  identity of all persons whom you know have or have had possession, custody or control of the document (or any portions thereof);

    f.  nature of the document (e.g., correspondence or memorandum);

    g.  subject-matter of the document in sufficient detail to permit the court to decide a motion to compel the production of the document; and

    h.  the ground(s) for withholding the document.

## III. DOCUMENTS REQUESTED

  32.  All statements and/or bills from your BillPay payees for the period from January 1, 1999 to the present.

  33.  All communications with your BillPay payees concerning the timing of your payments to them for the period from January 1, 1999 to the present.

  34.  All documents relating to any report of late payment by your BillPay payees.

  35.  Your state and federal income tax returns for the years 1999 through 2004.

36. All forms 1099 INT and any analogous state income tax reporting forms issued to you for the years 1999 to 2004 with respect to any account from which you did or had the ability to pay bills, whether by check, bill payment service, or otherwise.

37. All documents responsive to Fidelity's first or second set of requests for production that are in the custody or possession of any accountant or accounting firm whose services you have utilized.

>Respectfully submitted,
>
>NATIONAL FINANCIAL SERVICES LLC and
>FIDELITY BROKERAGE SERVICES LLC
>
>By their attorneys,
>
>_____
>Nicholas C. Theodorou (BBO No. 495730)
>John A. Shope (BBO No. 562056)
>William W. Fick (BBO No. 650562)
>David E. Cole (BBO No. 658705)
>FOLEY HOAG LLP
>155 Seaport Boulevard
>Boston, MA 02210
>(617) 832-1000

Dated: March 18, 2005

## Certificate of Service

I certify that the foregoing was served upon the following individuals this 18th day of March, 2005, in the manner indicated below:

By Hand:

Susan Stenger, Esquire
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108
617-854-4228

By Federal Express:

Douglas A. Rubel, Esquire
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511
703-759-1055

Kenneth L. McWilliams, Esquire
JOHANSON BERENSON LLP
1146 Walker Road
Great Falls, VA 22066
703-759-1055

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　William W. Fick