# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>    Defendants. | Civil Action No. 04 CV 11311 (WGY) |

### DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendants National Financial Services LLC and Fidelity Brokerage Services LLC (together, "Fidelity") hereby request that plaintiffs Joan Berenson and David Berenson answer the following interrogatories. These interrogatories are to be answered separately, fully, in writing, under oath, and in accordance with the definitions and instructions specified below. Answers shall be served at the law offices of Foley Hoag LLP, 155 Seaport Boulevard, Boston, Massachusetts 02210, within thirty (30) days of the date hereof.

I.  **DEFINITIONS**

1.  The definitions set forth in Local Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated by reference herein. In addition, the following terms shall have the following meanings in this First Set of Interrogatories.

B3004789.2

2.  The term "BillPay" refers to the defendants' electronic bill payment service alleged in the Complaint.

3.  The terms "and" and "or" as used herein mean, where the context permits, "and/or."

4.  The terms "all" and "any" as used herein mean, where the context permits, "any and all."

5.  The terms "you," "your," "yours," and "yourself" refer to both plaintiffs Joan Berenson and David Berenson or either of them, including when acting as officers, directors, trustees, or in another representative capacity.

6.  Words used in the singular shall, where the context permits, be deemed to include the plural, and vice versa. Words used in the present tense shall, where the context permits, be deemed include the future as well as the present, and vice versa. Words used in the masculine gender shall, where the context permits, be deemed to include the feminine gender and neuter.

## II. INSTRUCTIONS

1.  Answers to these interrogatories are to be based on all information, in whatever form and from whatever source, that is available to you. Please make diligent inquiry of any and all persons, documents and other sources that may have any information relating in any way to any of these interrogatories.

2.  When exact information is not available in responding to an interrogatory, please use or provide the best estimate that is available. Please designate any estimate so used or provided as such and state the basis, source or other derivation of such estimate.

3.  If any of these interrogatories is objected to on the ground of a claim of privilege or other protection from discovery, state the nature of the claimed privilege or protection and the

grounds thereof, and provide sufficient information concerning the surrounding facts so that the claim of privilege or protection may be fairly evaluated.

4. If any of these interrogatories is objected to on the ground of a claim of privilege or other protection from discovery, answer the interrogatory to the fullest extent possible without waiving the purported claim of privilege.

5. If any of these interrogatories is objected to in part, please state the nature of the objections and answer that part of the interrogatory to which no objection is made.

6. You are under a continuing obligation to supplement or amend your answers to these interrogatories pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

### III. **INTERROGATORIES**

11. Identify all occasions upon which you contend that you provided Fidelity with notice of an "error" within the meaning of the "error resolution" provisions of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693f. For each, identify specifically: (i) the nature and amount of the alleged "error"; (ii) the date and manner in which notice of the alleged "error" was communicated to Fidelity; (iii) the content of the alleged notice to Fidelity; (iv) the specific account statement or other document which contained the alleged "error"; and (v) any response by Fidelity to the purported notice of error.

12. Identify all false or misleading advertising upon which you contend that you relied. For each piece of advertising, identify: (i) the medium and content of the advertisement; (ii) what specifically was misleading about the advertisement; (iii) the date(s) upon which you heard or saw the advertisement; (iv) any action(s) which you took or refrained from taking in reliance on the advertisement; (v) any damages suffered as a result of such action or inaction.

13. Identify all misrepresentations by Fidelity upon which you contend that you relied. For each, identify specifically: (i) the particular document or statement alleged to be misleading, its content, its date, and its source; (ii) what specifically was misleading about the document or statement; (iii) the date(s) upon which you saw or heard the document or statement; (iv) any action(s) which you took or refrained from taking in reliance on the alleged misrepresentation; (v) any damages suffered as a result of such action or inaction.

14. Identify all material facts that you contend Fidelity omitted from its disclosures concerning BillPay. For each, (i) identify specifically the fact omitted, (ii) state the basis for your contention that the fact is material; (iii) identify any action(s) which you took or refrained from taking in reliance on the alleged omission of material fact; and (v) identify any damages suffered as a result of such action or inaction.

15. State the basis for your contention that Fidelity's alleged misrepresentations or omissions of material fact concerning the BillPay service were made "with the intent to deceive."

16. State the basis for your contention that Fidelity's alleged misrepresentations or omissions of material fact concerning the BillPay service were made negligently or upon failure to exercise reasonable care.

17. State the basis for your contention that Fidelity Brokerage Services LLC or National Financial Services LLC is your fiduciary with respect to your subscription to or the operation of the BillPay service.

18. Identify each and every breach of fiduciary duty by Fidelity on which you base your claim, stating the duty(ies) breached, the date(s) of breach, the nature of the breach, and the amount of damages you suffered and the reason(s) therefor.

19. Identify any document(s) that you contend fulfill(s) the demand letter requirement of M.G.L. ch. 93A, § 9(3).

20. Identify all alleged unfair or deceptive acts or practices by Fidelity in regard to BillPay. For each, identify : (i) the particular act or practice alleged to be unfair or deceptive; (ii) what specifically makes the practice unfair or deceptive; (iii) any action(s) which you took or refrained from taking in reliance on the alleged unfair or deceptive act or practice; (iv) any damages suffered as a result of such action or inaction; (v) any other damages suffered as a result of the alleged unfair act or practice.

21. Identify the name and address of any accountant or accounting firm whose services you have utilized since January 1, 1999.

22. Identify, on a month-end basis for each month since January 1, 1999, the amount of money that you have held in checking accounts that earn interest, the interest rate on each such account, and the amount of money that you have held in checking accounts that do not earn interest.

23. State the basis for any denial(s) among your responses to Fidelity's First Set of Requests for Admission.

24. With respect to each of the payees to which you have made payment through the BillPay service since September 1, 1999, identify the manner by which you contend Fidelity should have transmitted payment if other than how the payment was in fact transmitted, and state the basis for your contention that payment should have been transmitted in this manner.

Respectfully submitted,

NATIONAL FINANCIAL SERVICES LLC and
FIDELITY BROKERAGE SERVICES LLC

By their attorneys,

_____
Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: March 18, 2005

B3004789.2

- 6 -

- 7 -

## Certificate of Service

I certify that the foregoing was served upon the following individuals this 18th day of March, 2005, in the manner indicated below:

By Hand:

Susan Stenger
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108
617-854-4228


By Federal Express:

Douglas A. Rubel
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511
703-759-1055

Kenneth L. McWilliams
JOHANSON BERENSON LLP
1146 Walker Road
Great Falls, VA 22066
703-759-1055

William W. Fick