# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>Defendants. | Civil Action No. 04 CV 11311 (WGY) |

## DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, defendants National Financial Services LLC and Fidelity Brokerage Services LLC (together, "Fidelity") hereby request that plaintiffs Joan Berenson and David Berenson admit the truth of the following statements. These requests for admission are to be answered separately, in writing, and in accordance with the definitions and instructions specified below. Answers shall be served at the law offices of Foley Hoag LLP, 155 Seaport Boulevard, Boston, Massachusetts 02210, within thirty (30) days after the service hereof.

### I.  DEFINITIONS

1.  The definitions set forth in Local Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated by reference herein. In addition, the following terms shall have the following meanings in this First Set of Requests for Admission.

B3004814.1

2. The term "BillPay" refers to the electronic bill payment service alleged in the Complaint.

3. The terms "and" and "or" as used herein mean, where the context permits, "and/or."

4. The terms "all" and "any" as used herein mean, where the context permits, "any and all."

5. The terms "you," "your," "yours," and "yourself" refer to both Plaintiffs Joan Berenson and David Berenson or either of them, including when acting as officers, directors, trustees, or in another representative capacity.

6. Words used in the singular shall, where the context permits, be deemed to include the plural, and vice versa. Words used in the present tense shall, where the context permits, be deemed include the future as well as the present, and vice versa. Words used in the masculine gender shall, where the context permits, be deemed to include the feminine gender and neuter.

## II. **INSTRUCTIONS**

1. Answers to these requests for admission are to be based on all information, in whatever form and from whatever source, that is available to you. Please make diligent inquiry of any and all persons, documents and other sources that may have any information relating in any way to any of these requests for admission.

2. If any of these requests for admission is objected to on the ground of a claim of privilege or other protection from discovery, state the nature of the claimed privilege or protection and the grounds thereof, and provide sufficient information concerning the surrounding facts so that the claim of privilege or protection may be fairly evaluated.

3.  If any of these requests for admission is objected to on the ground of a claim of privilege or other protection from discovery, answer the request for admission to the fullest extent possible without waiving the purported claim of privilege.

4.  You are under a continuing obligation to supplement or amend your answers to these requests for admission pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## III. REQUESTS FOR ADMISSION

1.  You first began to use a bill payment service provided by Fidelity in the 1980s.

2.  Your use of the Fidelity BillPay service continues to be governed by the contractual terms and conditions to which you agreed in the 1980s, without subsequent amendment.

3.  You are unable locate a copy of a customer agreement or other writing that contains the terms and conditions governing the BillPay service to which you agreed in the 1980s.

4.  You do not recall receiving from Fidelity any disclosures concerning the BillPay service or revised BillPay Service Agreements from the time when you contend you began using BillPay in the 1980s to the present.

5.  You do not recall the content of any of Fidelity's disclosures concerning the BillPay service that you received or reviewed between January 1, 1980 and January 1, 2002.

6.  You do not recall the content of any of Fidelity's disclosures concerning the BillPay service that you received or reviewed between January 1, 1994 and January 1, 2002.

7.  You do not use the Fidelity website to conduct BillPay transactions.

8. You did not schedule your December 2004 bill payment to Barhite & Holzinger for payment until after the December 1 payment due date.

9. Barhite & Holzinger refunded, rescinded, or waived the late payment fee of $25 that it had assessed for late receipt of your December 2004 payment.

10. If Fidelity is instructed to make a certain payment under the BillPay service, and a check is mailed to the intended recipient, and the check is not cashed, Fidelity credits the customer for dividends that would have accrued on those monies during the time in which those monies were in limbo, once Fidelity returns the funds to the originating customer's account.

11. The letter from David Berenson to Fidelity dated September 17, 2002, marked as deposition exhibit 13 and attached hereto at Tab A, is the only document that you contend constitutes a "demand letter" within the meaning of M.G.L. ch. 93A, § 9(3).

12. In 1996, you received from Fidelity the Fidelity Interactive Bill Payment Service User's Guide for touch-tone telephone, attached hereto at Tab B;

13. In 1996, you received from Fidelity the Fidelity Interactive Bill Payment Service User's Guide for personal computer, attached hereto at Tab C;

14. In 1996, you received from Fidelity the Fidelity Interactive Bill Payment Service License and Disclosure Agreement for Personal Computer, attached hereto at Tab D;

15. In 1996, you received from Fidelity the Fidelity Interactive Bill Payment Service Agreement for Touch-Tone Telephone, attached hereto at Tab E;

16. In 1996, you received from Fidelity the Prospectus for the Fidelity Daily Income Trust, attached hereto at Tab F;

17. In 1998, you received from Fidelity one of the three mailings attached hereto at Tab G;

18. In 1998, you received from Fidelity the Fidelity BillPay Service Agreement and User Guide, attached hereto at Tab H;

19. In 1998, you received from Fidelity the Prospectus for the Fidelity Daily Income Trust, attached hereto at Tab I;

20. In 2000, you received from Fidelity the letter to BillPay customers, attached hereto at Tab J;

21. In 2000, you received from Fidelity the Buckslip sent to BillPay Customers, attached hereto at Tab K;

22. In 2000, you received from Fidelity the Fidelity BillPay Service Agreement, attached hereto at Tab L;

23. In 2003, you received from Fidelity the Fidelity Customer Agreement, attached hereto at Tab M;

24. In 2003, you received from Fidelity the Fidelity BillPay Service Agreement, attached hereto at Tab N;

25. In 2003, you received from Fidelity the Prospectus for Fidelity Cash Reserves, attached hereto at Tab O.

Respectfully submitted,

NATIONAL FINANCIAL SERVICES LLC and
FIDELITY BROKERAGE SERVICES LLC

By their attorneys,

_/s/ _____
Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: March 18, 2005

## Certificate of Service

I certify that the foregoing was served upon the following individuals this 18th day of March, 2005, in the manner indicated below:

By Hand:

Susan Stenger
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108
617-854-4228
Boston, MA 02210

By ~~U.S. Mail, postage prepaid:~~ *Federal Express*

Douglas A. Rubel
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511
703-759-1055

Kenneth L. McWilliams
JOHANSON BERENSON LLP
1146 Walker Road
Great Falls, VA 22066
703-759-1055

William W. Fick