# Exhibit 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON, individually and on behalf of all others similarly situated; and DAVID BERENSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> NATIONAL FINANCIAL SERVICES LLC; FIDELITY BROKERAGE SERVICES LLC; and DOES 1-50, inclusive, <br><br> Defendants | Civil Action 04 CV 11311 WGY |

### PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs, Joan Berenson and David Berenson, each individually and on behalf of all others similarly situated, respond to Defendants' Requests for Production of Documents, Set Two, as follows:

### I. PRELIMINARY STATEMENT

Plaintiffs have not completed their investigation of all of the facts relating to this case, have not fully completed their discovery in this action and have not completed their preparation for trial. Thus, the following responses and any documents produced are based only upon such information and documents presently available to and specifically known to Plaintiffs, and said responses and documents disclose only those contentions which presently occur to Plaintiffs. It is anticipated that further discovery, independent investigation and legal research and analysis will supply additional facts and documents, add meaning to known facts, and establish entirely new factual conclusions and legal contentions herein set forth. The following responses and

documents produced are given without prejudice to Plaintiffs' rights to produce evidence at trial. Plaintiffs accordingly reserve their right to amend any and all responses herein as additional facts are ascertained, analysis made, legal research is completed and contentions are formulated. The responses contained herein and documents produced are made in a good faith effort to supply as much factual information and as much specification as is presently known, but should in no way be to the prejudice of Plaintiffs in relation to further discovery, research, analysis or proof. All of the following responses are made on information and belief.

Moreover, these responses and the accompanying document production are made solely for the purpose of this action and are subject to objections as to competence, relevance, materiality, propriety, and admissibility, and any other objection or grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at time of trial.

No incidental or implied admissions are intended by these responses or document production. The fact that Plaintiffs respond or object to any Document Request should not be taken as an admission that Plaintiffs accept or admit the existence of any facts or documents assumed by such Document Request, or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that Plaintiffs respond or object to any Document Request should not be taken, and is not intended to act, as a waiver by Plaintiffs of any objection to a Document Request.

## II. GENERAL OBJECTIONS

Plaintiffs generally object to each Document Request as follows:

2

1. Plaintiffs object to each Document Request, and the Definitions and Instructions accompanying the Document Requests, to the extent that the Request seeks information or documents that are not in Plaintiffs' possession, custody or control.

2. Plaintiffs object to each Document Request, and the Definitions and Instructions accompanying the Document Requests, to the extent that the Request exceeds the scope of discovery that is necessary and appropriate under the applicable Rules of Court or statutory law.

3. Plaintiffs object to each Document Request, and the Definitions and Instructions accompanying the Document Requests, to the extent that the Request is overbroad, unduly burdensome, and/or is solely designed to harass Plaintiffs.

4. Plaintiffs object to each Document Request, and the Definitions and Instructions accompanying the Document Requests, to the extent that the Request requires disclosure of confidential or personal information, the disclosure of which compromises or violates Plaintiffs' rights to confidentiality.

5. Plaintiffs object to each Document Request, and the Definitions and Instructions accompanying the Document Requests, to the extent that the Request seeks information in violation of the rights of privacy of other individuals as guaranteed by the United States and Massachusetts Constitutions.

6. Plaintiffs object to each Document Request, and the Definitions and Instructions accompanying the Document Requests, to the extent that the Request seeks the production of documents or information protected by the attorney-client privilege, the work-product privilege, or any other rule of privilege, confidentiality, or immunity provided by law.

7. Plaintiffs object to each Document Request, and the Definitions and Instructions accompanying the Document Requests, to the extent that the Request seeks the disclosure of

information or a document that is equally available to Defendants and/or that is or is embodied in a publicly available pleading, document or other filing.

8. Plaintiffs object to each Discovery Request, and the Definitions and Instructions accompanying the Document Requests, to the extent that they purport to require Plaintiffs to produce documents at a location other than the location at which the documents are kept in the ordinary course of business, on grounds that any such requirement is unduly burdensome and vexatious and unreasonable. Without prejudice to the foregoing, Plaintiffs will produce documents as requested by Defendants, but does not waive any rights in doing so.

9. Plaintiffs object to each Discovery Request, and the Definitions and Instructions accompanying the Document Requests, to the extent that it seeks to impose upon Plaintiffs requirements in addition to or different from those imposed by law, the Rules of Court or by statute.

### III. RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Request 32. All statements and/or bills from your BillPay payees for the period of January 1, 1999 to the present.

Response: In addition to their general objections, Plaintiffs object to Request 32 because it is overbroad, unduly burdensome and vague to the extent that it requests the production of "all" statements and/or bills from their BillPay payees for the specified period regardless of whether Plaintiffs contend that any of those payees have been paid late or not all via the BillPay Service. Without waiving their objections, Plaintiffs state that other than the bills and/or statements already in the possession of Defendants, or already produced to Defendants, they have no such documents.

4

Request 33. All communications with your BillPay payees concerning the timing of your payments to them for the period of January 1, 1999 to the present.

Response: In addition to their general objections, Plaintiffs object to Request 33 because it is overbroad, unduly burdensome and vague. Plaintiffs cannot be held accountable for producing "all" communications concerning the timing of their payments to their BillPay Service payees for the specified period. Furthermore, Plaintiffs object to Request 33 to the extent that it seeks documents that are subject to the attorney-client privilege or the work product doctrine. Without waiving their objections, Plaintiffs state that other than the communications already in the possession of Defendants, or already produced to Defendants, they have no such documents.

Request 34. All documents relating to any report of late payment by your BillPay payees.

Response: In addition to their general objections, Plaintiffs object to Request 34 because it is overbroad, unduly burdensome, and vague. Furthermore, Plaintiffs object to Request 34 to the extent that it seeks documents that are subject to the attorney-client privilege or the work product doctrine. Without waiving their objections, Plaintiffs state that other than the communications already in the possession of Defendants, or already produced to Defendants, they have no such documents.

Request 35. Your federal and state tax returns for the years 1999 through 2004.

Response: In addition to their general objections, Plaintiffs object to Request 35 because it is overbroad, unduly burdensome and harassing. Moreover, the Request seeks the production of documents that are not relevant to this case and the request is not reasonably calculated to lead to the discovery of admissible evidence.

Request 36.   All forms 1099 INT and any analogous state income tax reporting forms issued to you for the years 1999 through 2004 for any account from which you did or had the ability to pay bills, whether by check, bill payment service, or otherwise..

Response:   Plaintiffs object to Request 36 because it is overbroad, unduly burdensome and harassing. Moreover, the Request seeks the production of documents that are not relevant to this case and the request is not reasonably calculated to lead to the discovery of admissible evidence.

Dated: April 15, 2005

Respectfully submitted,

_____
Douglas A. Rubel, Esquire
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511
(919) 654-4544
(919) 654-4545 (Fax)

Attorney for Plaintiffs

### Certificate of Service

I hereby certify that on this 15th day of April 2005, a copy of the foregoing was mailed, via overnight mail, postage prepaid, and forwarded by facsimile, to:

John A. Shope, Esquire
Nicholas C. Theodorou, Esquire
William W. Fick, Esquire
David C. Cole, Esquire
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617 832 7000)

_____
Douglas A. Rubel