# Exhibit 7

# Exhibit 7



# FOLEY HOAG LLP
ATTORNEYS AT LAW

John A. Shope
Partner
Boston Office
617-832-1233
jshope@foleyhoag.com

April 22, 2005

**BY TELECOPIER (309) 285-1044 & FIRST CLASS MAIL**

Douglas A. Rubel, Esquire
Johanson Berenson LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511

Re:  ***Berenson, et al. v. National Financial Services, LLC, et al.,
Civil No. 04-11311 (WGY) (D. Mass.)***

Dear Mr. Rubel:

I write with respect to several discovery matters.

1.  Expert Report

As you acknowledge, you have not provided us with an expert report. Merely providing a name and possible topics of testimony does not satisfy the requirements of Rule 26 or Judge Young's scheduling order, which required disclosure of expert reports by April 15, 2005. Please be advised that we will move to exclude any expert testimony on behalf of the plaintiffs on this ground. Per your request, I have sent an inquiry to our expert, Professor Humphrey, whose report we did disclose, to ascertain when he is available for deposition.

2.  Plaintiffs' Interrogatory Answers

First, the purported answers were not signed by the Berensons and therefore do not qualify as a response. Please supply signed answers immediately.

Second, your responses to our interrogatories nos. 12, 13, 14, and 20 refuse to provide information about the basis for your allegations of fraud by Fidelity, the plaintiffs' reliance thereon, and the plaintiffs' claimed damages, all on the basis that the plaintiffs have not completed discovery. This is a concession that the complaint lacked a good faith basis when filed. Moreover, you have in fact since then had ample opportunity to obtain, and have obtained, considerable discovery from the defendants. Please withdraw your objections and supplement the answers to these interrogatories immediately.

B3024963.1

Douglas A. Rubel, Esquire
April 22, 2005
Page 2

Third, you have declined to answer our interrogatory no. 22, which relates to the extent to which the Berensons used checking accounts that bore interest in the relevant period and at what rates, on the basis that the information is irrelevant. However, such information is highly relevant to any claimed damages, since any claimed actual damages depend upon the Berensons' opportunities to earn interest through other accounts from which bills could be paid. Please supplement your response immediately.

Fourth, and finally, with respect to our interrogatory no. 24 you have refused to identify the manner in which you contend that Fidelity should have made payment to the plaintiffs' payees on the theory that the plaintiffs require additional discovery. Again, the plaintiffs' failure to seek discovery does not excuse their own obligation to provide discovery. Please supplement your answer to interrogatory no. 24 immediately.

3.     <u>Plaintiffs' Responses to Requests to Admit</u>

(i)     You have objected to our request no. 2 on the grounds that "[w]hether the plaintiffs' use of the Fidelity BillPay Service is governed by certain terms is a legal conclusion." This objection is frivolous. Rule 36 expressly permits requests for admission seeking the application of law to fact. Please withdraw the objection and admit or deny the request.

(ii)     Our request no. 4 seeks the plaintiffs' admission that they do not recall receiving from Fidelity any disclosures concerning the BillPay Service after they began using it in the 1980s, and our request no. 5 seeks an admission that the plaintiffs do not recall the contents of any disclosures between January 1, 1980 and January 1, 2002. Request no. 6 seeks the same admission for the period January 1, 1992 to January 1, 2003. Contrary to your stated objections, these requests assume nothing about what Fidelity actually sent, but seek information only about what the plaintiffs recall receiving. Please admit or deny the requests.

(iii)     Our requests nos. 12 to 25 sought the plaintiffs' admission that they received a variety of BillPay Service Agreements and prospectuses. The receipt of most of these items was admitted in your opposition to our motion for summary judgment filed in 2003. You now state that, purportedly because you lack sufficient information, receipt is denied. It is clear that, on the one hand, you fear that denial will make the Berensons atypical and unrepresentative of the proposed class, but that admission will make them vulnerable to summary judgment. At this point, your purported excuse of insufficient information is frivolous. Furthermore, the denials contradict Mr. Berenson's express deposition testimony under oath. To avoid sanction, please revise your response.

4.     <u>Plaintiffs' Responses to Document Requests</u>

You have objected to our requests nos. 35 and 36, which seek the Berensons' Forms 1099 INT and any state analogs, together with their state and federal tax returns

B3024963.1

Douglas A. Rubel, Esquire
April 22, 2005
Page 3

for the tax years 1999 through 2004. Your objection that the request is "burdensome" is frivolous. The requests seek relevant information. First, the forms 1099 INT are clearly relevant to whether the Berensons were using interest bearing checking accounts and, if so, at what rates (which information you have elsewhere failed to provide). That information directly bears on any damage the Berensons incurred from the loss of "float" through use of the BillPay service. We believe that the rates of interest in the Berensons' other accounts was lower than in their Fidelity brokerage core accounts and therefore that they suffered no loss whatsoever. Second, the tax returns are relevant to determine whether the production of Forms 1099 INT is complete and, more important, to determine the facts of the plaintiffs' residences, as to which they gave conflicting testimony but which are highly relevant to the choice of law issues in this case.

5. <u>Plaintiffs' Noticed Depositions</u>

We have received your notices of "telephonic" depositions of Intuit and Charles Schwab. Rule 30(b)(7) permits telephonic depositions only by stipulation or court order. We do not stipulate to a telephone deposition of either party and there is no court order. Please advise whether you wish to take the depositions of each in California.

We are available on April 27, 2005 for the noticed deposition of the Navy Federal Credit Union at your office in Great Falls, Virginia. Please let me know immediately whether the Navy Federal Credit Union is available to proceed on that date.

6. <u>Fidelity Production</u>

As I stated yesterday afternoon when you called, we believe that we have sent you copies of all of the documents that we have agreed to produce, other than with respect to the plaintiffs' use of the Fidelity website. Per your request, we have sent today the paper documents on hand relating to that subject. Fidelity's IT staff is working on obtaining information about the plaintiffs' use of the website in earlier years and we will produce it when available. By way of supplemental disclosure, the Fidelity Investments employee with knowledge of that use is Kristen Drobnis.

Sincerely,

John A. Shope

cc: Nicholas C. Theodorou, Esquire
William Fick, Esquire
David E. Cole, Esquire
Susan Stenger, Esquire (by fax and first-class mail)
Kenneth McWilliams, Esquire (by fax and first-class mail)

B3024963.1