IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>Defendants. | Civil Action No. 04 CV 11311 (WGY) |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO ENLARGE TIME FOR DISCOVERY**

Defendants National Financial Services LLC and Fidelity Brokerage Services LLC (together, "Fidelity") respectfully submit this memorandum in opposition to the Plaintiffs' Motion to Enlarge Discovery for Purpose of Taking Deposition of Non-Party CheckFree Services Corporation (dated May 13, 2005). While Fidelity does not oppose the plaintiffs' taking the deposition of and obtaining documents from CheckFree pursuant to the outstanding subpoena at whatever time and to whatever extent may be agreed or ordered by the District Court for the Northern District of Georgia, the motion should otherwise be denied because, among other reasons, the plaintiffs' delay in seeking discovery from CheckFree does not justify their failure to complete all other discovery by the already extended deadline. In particular, the plaintiffs should not be permitted to take additional discovery from parties other than CheckFree, and should not be permitted to postpone their response to Fidelity's forthcoming motion for summary judgment.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Since at least November 7, 2003, plaintiffs Joan and David Berenson have known about the relationship between Fidelity and CheckFree, the third party vendor that currently administers Fidelity's BillPay service. On that date, Fidelity filed a Motion to Dismiss and for Summary Judgment and expressly identified CheckFree and the role it plays in administering the BillPay service. *See* Excerpts from Defs.' Mem. Supp. Mot. Dismiss & Summ. J., at 5–6, 15 (Ex. A).

On November 15, 2004, when the parties served their initial disclosures on each other, Fidelity named CheckFree as a third party that may have discoverable information and documents concerning its operations and relationship with Fidelity. *See* Defs.' Initial Disclosure Statement, at 2–3 (Ex. B). It was not until over five months later, however, with only eleven days before the end of the originally scheduled discovery period (April 29, 2005), when on April 18, 2005 the Berensons served a subpoena *duces tecum* on CheckFree and noticed its deposition for April 28, 2005. *See* CheckFree Subpoena, Ex. C.

On April 28, 2005, the parties filed a Joint Motion for Extension of Time to (1) extend the deadline for third parties to respond to previously issued deposition subpoenas from April 29, 2005 to May 13, 2005, and (2) extend the deadline for filing dispositive motions from May 12, 2005 to May 26, 2005. *See* Joint Mot. (Court's Docket No. 45). The Court granted the joint motion but stated that there would be "no further continuances."

On May 13, 2005, on the last day of the extended deadline, the Berensons filed the current motion seeking another thirty days — until June 13, 2005 — for further discovery.

Fidelity intends to move for summary judgment on all claims by the deadline of May 26, 2005. A response will be due on June 9, 2005. If the motion is not allowed in its entirety, trial is scheduled for September.

**II.     ARGUMENT**

      **A.**     *An Extension is Not Justified by the Berensons' Negligent Failure to Seek Third Party Discovery of CheckFree Within a Reasonable Time.*

In their motion papers, the Berensons do not address the obvious question of why they waited until eleven days remained in the original discovery period to subpoena CheckFree. Scheduling conflicts and other difficulties when seeking third party discovery are typical and, to a degree, foreseeable. While a third party should not be able to avoid a timely subpoena by asserting objections that cannot be resolved before the overall deadline, the existence of such objections does not justify additional time to take discovery from other parties.

      **B.**     *Fidelity Produced Responsive Documents in Its Files Regarding CheckFree and Has No Control over CheckFree's Responses to the Berensons' Belated Discovery Requests.*

Without offering any excuse for their failure to seek discovery from CheckFree in a timely way, and without any supporting facts, the Berensons assert that they need discovery from CheckFree because of Fidelity's alleged "lack of candor in discovery" and that "CheckFree's deposition is absolutely necessary to corroborate anything Fidelity proffers." *See* Pls.' Mot. Enlarge ¶ 3. They also falsely imply that Fidelity has control over CheckFree's responses to their belated discovery requests. *See id.* ¶ 6.

First, while Fidelity did produce responsive documents in its own files, Fidelity objected to the Berensons' discovery requests to the extent that they sought information or documents *not* within Fidelity's possession, custody, or control. Fidelity has no contractual or other legal basis to demand information and documents from CheckFree other than as specified in their contract for circumstances not applicable here.

Second, Fidelity has no way of controlling — and has not controlled — CheckFree's responses to the Berensons' discovery requests. The Berensons imply that because Fidelity

- 3 -

listed Peter Moenickheim as the CheckFree representative with knowledge of the matters in this litigation, this somehow obligates CheckFree to produce Mr. Moenickheim. There is no support for this proposition. Fidelity simply has no control over how CheckFree chooses to respond to the Berensons' belated discovery requests.

        C.    *The Plaintiffs' Brief Misstates the Issues.*

While not necessary for the resolution of the present motion, it should be noted that the plaintiffs' brief misstates several points. First, they assert, without any supporting citation, that the information they seek is relevant to whether Fidelity should have "disclosed" its use of CheckFree to its customers. *See* Pls.' Mot. Enlarge ¶ 1. This is unrelated to any allegation in the complaint and does not provide an excuse for why the Berensons failed to seek discovery from CheckFree at a reasonable time when they have known of CheckFree's role from briefs Fidelity filed in November 2003.

Second, the Berensons assert, again without any support, that "CheckFree earns significant 'float' on the monies in the Fidelity BillPay Service, as does Fidelity." Pls.' Mot. Enlarge ¶ 2. In fact, Fidelity itself receives no "float," since the Berensons' accounts continue to accrue money market mutual fund dividends ("interest") up until the beginning of the day on which Fidelity makes its transfer to CheckFree (there is no intra-day interest). CheckFree then transfers the subject monies to the Berensons' designated payees. Any float inures solely to CheckFree.

        D.    *Statements Made in the Berensons' Counsel's Certification are Improper.*

The counsel for the Berensons states in his Local Rule 7.1 certification that "Defendants simply do not want CheckFree to testify." This assertion is baseless. Although counsel for the parties did confer regarding the filing of this motion and Fidelity's counsel did not give his assent, Fidelity's counsel did not make any statement with regard to whether Fidelity wanted

CheckFree to testify. Indeed, a May 13, 2005 letter sent by Berensons' counsel confirmed only that Fidelity would not assent to the proposed motion states as much. *See* May 13 Letter, Ex. D.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Enlarge Discovery for Purpose of Taking Deposition of Non-Party CheckFree Services Corporation should be denied.

                                                                                     Respectfully submitted,

NATIONAL FINANCIAL SERVICES LLC and
FIDELITY BROKERAGE SERVICES LLC

By their attorneys,

/s/ John A. Shope
Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: May 20, 2005