Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOAN BERENSON and DAVID
BERENSON, individually and on behalf of
all others similarly situated,

              Plaintiffs,

     v.

NATIONAL FINANCIAL SERVICES LLC,
FIDELITY BROKERAGE SERVICES LLC,
and DOES 1-50, inclusive,

              Defendants.

Civil Action No. 1:03 CV 02004 (RBW)

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
## MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Defendants National Financial Services LLC and Fidelity Brokerage Services LLC

(together, "Fidelity") submit this memorandum in support of their motion to dismiss and for

summary judgment on all counts of the Complaint.

### Introduction

Plaintiffs Joan and David Berenson allege in this proposed nationwide consumer class

action that Fidelity failed to disclose that its bill payment service would not credit them with

"interest" on their Fidelity money market mutual fund during the period of "float" between the

time that amounts were debited from their account and the time that payees were ultimately

credited with payments. The Berensons claim that this practice amounts to the "kiting" of

interest and that Fidelity's failure to disclose its practice violates federal and state law.

As a matter of indisputable fact, however, Fidelity did nothing improper and made full

disclosure of all material information. Specifically, Fidelity disclosed:

16/371842.12

Over time, Fidelity has implemented various methods to access the bill payment service, first via personal computer and modem and then via an Internet website. SOF ¶ 15. Currently, Fidelity customers who have enrolled in the BillPay service are able to arrange payments to creditors and other entities electronically using Fidelity's Internet website. SOF ¶ 16 Fidelity also permits customers to request assistance of telephone customer service representatives to modify BillPay information. Id.

Fidelity and its vendor, CheckFree Corp., operate an automated process system that manages the BillPay service. SOF ¶ 17. On either a recurring or non-recurring basis, the customer enters the necessary information on Fidelity's website such as the payee and the amount of the payment. SOF ¶ 18. The customer then chooses a "Transaction Date" as defined in relevant agreements. SOF ¶ 19.

On the Transaction Date selected by the customer, Fidelity's automated system (i) informs CheckFree that a payment is to be made; (ii) checks the customer's Core Account to ensure that the customer has adequate funds; and (iii) debits the customer's Core Account for the amount of the transaction. SOF ¶ 20. If the Core Account is a mutual fund, as it is for plaintiffs Joan and David Berenson, shares are redeemed in a sufficient amount to fund the debit. Id. If the Core Account does not contain sufficient funds to support the bill payment, the customer's request is rejected. Id.

At approximately 1:00 a.m. on the following morning, CheckFree determines whether the payee will accept payment electronically or by check. SOF ¶ 21. If payment is to be made electronically, CheckFree initiates the electronic payment that same day and settles with the payee thereafter. Id. If payment is to be made by check, then CheckFree mails the payment the same day. Id. If the payment instruction is invalid and cannot be corrected within 24 hours,

5

there is no payment and Fidelity credits the debit amount back to the customer's Core Account. SOF ¶ 22.

Because customers' Fidelity Core Accounts are debited as of the Transaction Date, because CheckFree must then determine whether the payee information it has received is correct, and because Fidelity must in turn supply CheckFree with the appropriate funds to make payments, it is not practicable to commence payment to the designated payees before the next day. SOF ¶ 23. Fidelity guarantees its customers that the payee will be credited with payment within five business days; however, generally payees receive payments in a much shorter time. SOF ¶ 24. The five day cushion is needed to ensure that payments that are mailed reach their destination and the payee deposits the payment by the payment due date. Id.

A customer who prefers to earn "interest" (or additional dividend income in the case of Core Accounts that are money market mutual funds) up until the time a payee actually receives payment may do so without using the BillPay service simply by writing checks on his or her Fidelity account. SOF ¶ 25. In that case, however, the customer must write and mail checks him- or herself and assume the risk that the check will bounce if the account later contains insufficient funds. Id.

### C.    **Fidelity's Repeated and Ongoing Disclosures**

Fidelity has repeatedly disclosed the terms of its BillPay service, including the timing of bill payment debits and income on debited funds, to the Berensons and other customers.

####     1.    Fidelity's Disclosure Practices

Fidelity's relationship with BillPay customers is governed by the "global" Customer Agreement, the BillPay Service Agreement, and the Fidelity prospectus for the customer's "Core Account." SOF ¶ 26. Fidelity provides customers with copies of the Customer Agreement and any pertinent prospectuses when they open their account. SOF ¶ 27. In addition, Fidelity

6

Supp. I, ¶ 7(b)(5)1 ( "An institution is required to disclose all fees for EFTs [Electronic Fund Transfers] or the right to make them. Other fees (for example, minimum-balance fees, stop-payment fees, or account overdrafts) may, <u>but need not</u>, be disclosed.") (emphasis added); <u>id.</u>, ¶ 7(b)(5)2 ("A per-item fee for EFTs must be disclosed even if the same fee is imposed on nonelectronic transfers."); <u>id.</u>, ¶ (9)(b)(3)1 ("The fees disclosed may include fees for EFTs and for other nonelectronic services, and both fixed fees and per-item fees; they may be given as a total or may be itemized in part or in full.").

The Official Staff Commentary further states that finance (interest) charges debited from an account need <u>not</u> be disclosed.   <u>See id.</u>, ¶ 9(b)(3)3 ("The requirement to disclose any fees assessed against the account <u>does not include a finance</u> charge imposed on the account during the statement period.") (emphasis added).  Since an <u>actual</u> interest charge need not be disclosed, the Berensons' contention that unearned <u>potential</u> interest is a "fee" subject to disclosure is implausible.  And while the retention of interest for a brief period by Fidelity and CheckFree may be construed as a benefit to them and an opportunity the plaintiffs lose, it also offsets the expense of the labor intensive bill payment service, thereby likely reducing the charge to the customer.

The expansive definition of "fee" that the Berensons propose, moreover, would entail absurdly burdensome reporting requirements and result in highly confusing periodic account statements.  The EFTA requires that periodic account statements provided to the consumer must include "the amount of any fee or charge assessed by the financial institution during the period for electronic fund transfers or for account maintenance." 15 U.S.C. § 1693d(c)(2).  If, as the Berensons argue, unearned potential interest were a "fee" within the meaning of the statute, each BillPay transaction reflected on a statement would of necessity be accompanied by a complex

15

16/371842.12

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOAN BERENSON and DAVID
BERENSON, individually and on behalf of
all others similarly situated,

Plaintiffs,

v.

NATIONAL FINANCIAL SERVICES LLC,
FIDELITY BROKERAGE SERVICES LLC,
and DOES 1-50, inclusive,

Defendants.

Civil Action No. 04 CV 11311 (WGY)

## DEFENDANTS' INITIAL DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 26(A)(1) AND LOCAL RULE 26.2(A)

Defendants National Financial Services LLC and Fidelity Brokerage Services LLC (together, "Fidelity") hereby make the following Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A).

### Reservation of Rights

1. By identifying the individuals and/or categories of documents set forth below, the Defendants do not waive, but expressly reserve, without limitation, any and all objections that they may have under the attorney-client privilege, work product doctrine, and any other such privilege or immunity from discovery, and any objection to the appropriateness and/or scope of discovery involving these individuals and/or categories of documents.

2. The Defendants reserve the right to amend, modify, and/or supplement the information contained in its initial disclosures in the event that they become aware of additional individuals or categories of documents subject to automatic disclosure.

3.  The Defendants have made a good faith effort to identify individuals and categories of documents required to be identified by the Federal Rules of Civil Procedure, but reserve the right to rely on documents or testimony of individuals that may be later identified, or whose importance to this case may be later ascertained.

### Initial Disclosures

**A.    Individuals**

The Defendants state that the following individuals may have discoverable information that the Defendants may use to support their defenses:

**1.    Fidelity Employees (to be contacted only through undersigned counsel)**

| Name | Address/Telephone | Subject(s) of Information |
|---|---|---|
| Fagan, Anne Warren | 100 Summer Street Boston, MA 02109 617-563-3626 | BillPay Product Management BillPay Marketing and Communications Customer Agreements CheckFree Relationship |
| Fitzmaurice, Cindi | 100 Summer Street Boston, MA 02109 617-563-5383 | BillPay Product Management BillPay Marketing and Communications Customer Agreements CheckFree Relationship |
| LoPresti, John | 100 Summer Street Boston, MA 02109 617-563-1884 | BillPay Product Management BillPay Marketing and Communications Customer Agreements CheckFree Relationship |
| Stickney, Daniel (or other corporate records custodian) | 245 Summer Street Boston, MA 02210 617-563-3548 | Customer Records and Information Records of Fidelity Brokerage Services and National Financial Services |
| Zaslau, Camille | 200 Liberty Street New York, NY 10281 212-335-5573 | BillPay Operations CheckFree Relationship |

**2.    Others**

| Name | Address/Telephone | Subject(s) of Information |
|---|---|---|
| Berenson, David | Known to Plaintiffs | Allegations of Complaint Understanding of BillPay Terms, Conditions, Operation |
| Berenson, D.S. | Known to Plaintiffs | Conflict(s) between interests |

| | | |
|---|---|---|
| | | of named plaintiffs and other class members<br>Adequacy of Class Counsel |
| Berenson, Joan | Known to Plaintiffs | Allegations of Complaint<br>Understanding of BillPay<br>Terms, Conditions, Operation |
| Representative(s) of CheckFree Corp. | 4411 East Jones Bridge Road<br>Norcross, GA 30092<br>678-375-3000<br>(or other corporate locations) | CheckFree Operations<br>CheckFree Relationship with Fidelity |

**B.  Documents**

The Defendants state that they may use the following documents, data compilations, and

tangible things, described by category and location, to support their defenses:

| Category | Location |
|---|---|
| Documents concerning Fidelity's relationship with CheckFree | Various offices and computer systems of Fidelity |
| Documents concerning CheckFree's operations and relationship with Fidelity | Various offices and computer systems of CheckFree Corp. |
| Present and historical documents and data concerning use of the BillPay service | Various offices and computer systems of Fidelity |
| Documents concerning the Berensons' Fidelity accounts | Various offices and computer systems of Fidelity |
| Current and historical versions of various customer agreements, including the BillPay Service Agreement | Various offices and computer systems of Fidelity |
| Current and historical versions of the Berensons' core account prospectus and prospectuses for other possible core accounts | Various offices and computer systems of Fidelity |
| Current and historical version of BillPay marketing and operations materials | Various offices and computer systems of Fidelity |
| Documents concerning communications between Fidelity and its customers concerning BillPay | Various offices and computer systems of Fidelity |

Respectfully submitted,

NATIONAL FINANCIAL SERVICES LLC and
FIDELITY BROKERAGE SERVICES LLC

By their attorneys,

Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: November 15, 2004

## Certificate of Service

I certify that the foregoing Automatic Disclosures were served upon the following individuals this 15th day of November, 2004, in the manner indicated below:

By Hand:

Susan Stenger
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108
617-854-4228
Boston, MA 02210

By U.S. Mail, postage prepaid:

Douglas A. Rubel
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, NC 27511
703-759-1055

Kenneth L. McWilliams
JOHANSON BERENSON LLP
1146 Walker Road
Great Falls, VA 22066
703-759-1055

David E. Cole

Exhibit C

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

|  Northern | DISTRICT OF | Georgia |
|---|---|---|

| Joan Berenson, et al. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| National Financial Services LLC, et al. | Case Number:[1]  04 CV 11311 (Massachusetts) |

TO:  CheckFree Services Corporation, 4411 E. Jones Bridge
Road, Norcross, Georgia 30092

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Office Suites Plus, 4555 Mansell Road, Suite 300, Alpharetta, GA 30022 (770 521 4222) (or any other mutually agreeable place and time) | DATE AND TIME  4/28/2005 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Notice of Deposition Duces Tecum

| PLACE  Office Suites Plus, 4555 Mansell Road, Suite 300, Alpharetta, GA 30022 (770 521 4222) (or any other mutually agreeable place and time) | DATE AND TIME  4/28/2005 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  4/18/2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Douglas A. Rubel, Esquire, Johanson Berenson LLP, 201 Shannon Oaks Circle, Suite 200, Cary, NC 27511 (919 654 4544)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4/19/2005 | 4411 E. Jones Bridge Road, Norcross, GA 30092 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Laura Binion | Federal Express and Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Douglas A. Rubel, Esquire | Attorney for Plaintiffs |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____4/18/2005_____
　　　　　　　　　　　　　DATE

SIGNATURE OF SERVER

Johanson Berenson LLP, 201 Shannon Oaks Circle
ADDRESS OF SERVER

Suite 200, Cary, NC 27511

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOAN BERENSON and DAVD BERENSON,  )
Individually and on behalf of all others similarly  )
Situated,  )
                       )
          Plaintiffs  )
                       )
v.  )  Civil Action No.: 04 CV 11311 (WGY)
                       )
NATIONAL FINANCIAL SERVICES, LLC,  )
FIDELITY BROKERAGE SERVICES, LLC  )
and DOES 1-50, inclusive,  )
                       )
         Defendants  )
_____ )

### NOTICE OF DEPOSITION DUCES TECUM
### (CHECKFREE SERVICES CORPORATION)

To:    Corporate Designee of CheckFree Services Corporation
        C/o Laura Binion, Registered Agent
        4411 E. Jones Bridge Road
        Norcross, GA 30092

PLEASE TAKE NOTICE that, pursuant to the Federal Rule of Civil Procedure 30(b)(6),

Plaintiffs, Joan Berenson and David Berenson, by their attorneys, will take the deposition upon

oral examination of the **corporate designee of CheckFree Services Corporation** on **April 28,**

**2005 at 10:00 a.m.** at the offices of Offices Suites Plus, 4555 Mansell Road, Suite 300,

Alpharetta, GA 30022.

The deposition will be taken before a notary public or some other officer authorized to

administer oaths, will be recorded by stenographic means, and will continue from day to day

until completed.

The Deponent shall be expected to testify as to, among other things, all matters concerning the following:

1. The relationship between CheckFree Services Corporation ("CheckFree") and the above listed Defendants and/or any of its parents, subsidiaries or affiliates, such as the Fidelity Investment Corporation (collectively, "Fidelity")

2. The operation of the Fidelity BillPay Service;

3. All services provided by CheckFree to Fidelity;

4. All services that CheckFree provided to anyone else;

5. Any and all float or interest earned by CheckFree or Fidelity on monies that are part of the Fidelity BillPay Service;

6. All forms of marketing, customer agreements, white papers, technology papers and the like provided to or that could been provided to CheckFree's customers, such as Fidelity;

7. The identity of any and all financial institutions or other customers of CheckFree for which payment services are provided and the types of services provided. For example, Fidelity apparently provides monies directly to CheckFree from which designated payments are made, whereas other such customers of CheckFree (such as Navy Federal Credit Union) apparently do not and the monies are remitted directly to the designated payee from the Navy Federal Credit Union account holder's account; and,

8. The "good funds" model utilized by CheckFree and any other models under which CheckFree (or its customers) provide electronic bill payment services (such as a "risk" model).

2

In addition to testifying as to the matters set forth above, the Deponent shall be required to produce the following documents at the deposition:

1. All invoices from CheckFree to Fidelity during the period of January 1, 1999 to the present;

2. All documents evidencing payment from Fidelity to CheckFree during the period of January 1, 1999 to the present, whether part of the Fidelity BillPay Service or not;

3. All documents evidencing payment from CheckFree to Fidelity during the period of January 1, 1999 to the present, whether part of the Fidelity BillPay Service or not;

4. Any and all written agreements between CheckFree and Fidelity during the period of January 1, 1999 to the present (including any and all drafts of the agreements or proposals for the agreements);

5. Notes of any and all communications between CheckFree and Fidelity regarding the formation of the Fidelity BillPay Service, and the relationship (including the scope of the relationship) between CheckFree and Fidelity;

6. Any and all accounting documents concerning or evidencing the monies received from Fidelity as part of the Fidelity BillPay Service from the time of receipt of the funds through the time of payment of the monies;

7. Any and all bank statements reflecting or concerning monies received from Fidelity as part of the Fidelity BillPay Service;

8. Any and all documents evidencing the float or interest earned by CheckFree or Fidelity on monies that were part of the Fidelity BillPay Service;

3

9.      Any and all documents associated with the methodology used in determining whether a payee will accept an electronic payment or how the payee will otherwise be paid;

10.     Any and all documents associated with any determination not to fund any payments to Fidelity as a payee by electronic transfer;

11.     Any and all documents concerning or reflecting any benefit to the payor of using the "good funds" model;

12.     Any and all documents concerning a "good funds" model and/or any other models utilized or considered by CheckFree;

13.     Any and all profit and loss statements for the period in which CheckFree has been a vendor for Fidelity;

14.     Any and all "white papers" or "technology papers" during the period of January 1, 1999 to the present;

15.     Any and all marketing (or other) documents concerning return on investment and payback period for both free and fee-based electronic bill payment services; and

16.     All 10k reports filed with the Securities and Exchange Commission since January 1, 1999.

You are invited to attend and cross-examine.

Dated:  April 18, 2005                          Respectfully submitted,


                                                Douglas A. Rubel, Esq. (pro hac vice)
                                                Johanson Berenson LLP
                                                201 Shannon Oaks Circle, Suite 200
                                                Cary, North Carolina 27511
                                                (919) 654-4544

                                                Counsel for Plaintiffs




**CERTIFICATE OF SERVICE**

      I hereby certify the foregoing Subpoena and Notice of Deposition Duces Tecum was served upon the following individual this 18th day of April 2005, by facsimile and overnight mail, postage-prepaid.

                  John A. Shope
                  Foley Hoag, LLP
                  155 Seaport Blvd.
                  Boston, Massachusetts 02210



Douglas A. Rubel

Exhibit D

# JOHANSON BERENSON LLP

## Attorneys and Counselors At Law

201 Shannon Oaks Circle, Suite 200  Cary, North Carolina 27511

DOUGLAS A. RUBEL, PLLC'
PARTNER (NC, DC, MD)
NOT ADMITTED IN CA OR VA

WRITER'S
TELEPHONE: (919) 654-4544
FACSIMILE: (919) 882-0906
E-MAIL: DAR@JOHANSONBERENSON.COM

# FAX COVER SHEET

| | | | |
|---|---|---|---|
| **DATE:** | May 13, 2005 | **TIME:** | 11:43 AM |
| **TO:** | Nicholas C. Theodorou  FOLEY HOAG LLP | **PHONE:**  **FAX:** | 617 832 1000  617 832 7000 |
| **CC:** | Susan E. Stenger (617 854 4040) | | |
| **RE:** | Joan Berenson, et al v. National Financial Services LLC, et al. | | |

**Number of pages including cover sheet:**     2

## *Message*

Dear Nick:  Please see the enclosed.  Best regards, Douglas A. Rubel.

Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by telephone (919-654-4544) or e-mail (dar@johansonberenson.com) and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank you.

1400 N. 14TH STREET • ARLINGTON • VIRGINIA  • 22209
1350 BEVERLY ROAD • SUITE 115 PMB 208 • MCLEAN • VIRGINIA • 22101
1201 PENNSYLVANIA AVENUE, N.W. • SUITE 300 • WASHINGTON, D.C. • 20004
1146 WALKER ROAD • SUITE C • GREAT FALLS • VIRGINIA • 22066
1792 SECOND STREET • NAPA • CALIFORNIA • 94559
50 CALIFORNIA STREET, SUITE 490 • SAN FRANCISCO • CALIFORNIA 94111

# JOHANSON BERENSON LLP

### Attorneys and Counselors At Law

201 Shannon Oaks Circle, Suite 200  Cary, North Carolina 27511

DOUGLAS A. RUBEL, PLLC*
PARTNER (NC, DC, MD)
NOT ADMITTED IN CA OR VA

Writer's
TELEPHONE: (919) 654-4544
FACSIMILE: (919) 882-0906
E-MAIL: DAR@JOHANSONBERENSON.COM

13 May 2005

**<u>Via Confirmed Facsimile Only (617 832 1000)</u>**

Nicholas C. Theodorou, Esquire
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

Re:     *Berenson, et al., v. National Financial Services LLC, et al.*
        Civil 04-11311 WGY in the United States District Court for the District of Massachusetts

Dear Nick:

I write to confirm that your clients do not consent to the relief requested in my clients' motion to enlarge the discovery deadline for the purpose of taking the deposition of CheckFree Services Corporation.

Sincerely,

Douglas A. Rubel

1400 N. 14TH STREET • ARLINGTON • VIRGINIA • 22209
1350 BEVERLY ROAD • SUITE 115 PMB 208 • McLEAN • VIRGINIA • 22101
1201 PENNSYLVANIA AVENUE, N.W. • SUITE 300 • WASHINGTON, D.C, • 20004
1146 WALKER ROAD • SUITE C • GREAT FALLS • VIRGINIA • 22066
1792 SECOND STREET • NAPA • CALIFORNIA • 94559