# Exhibit Two

(Plaintiffs' Signed Answers to Defendants'
Second Set of Interrogatories)

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOAN BERENSON, individually and on behalf of all others similarly situated; and DAVID BERENSON, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Civil Action 04 CV 11311 WGY |
| NATIONAL FINANCIAL SERVICES LLC; FIDELITY BROKERAGE SERVICES LLC; and DOES 1-50, inclusive, | ) ) ) ) | |
| Defendants | ) ) | |

## PLAINTIFFS' ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Plaintiffs, Joan Berenson and David Berenson, each individually and on behalf of all other similarly situated, answers Defendants' second set of interrogatories, as follows:

### I. PRELIMINARY STATEMENT

Plaintiffs have not completed their investigation of all of the facts relating to this case, have not fully completed their discovery in this action, and have not completed their preparation for trial. Thus, the following responses are based only upon such information and documents presently available to and specifically known to Plaintiffs, and said responses disclose only those contentions which presently occur to Plaintiffs. Plaintiffs anticipate that further discovery, independent investigation and legal research and analysis will supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions herein set forth. The following responses are given without prejudice to Plaintiffs' rights to

produce evidence at trial. Plaintiffs accordingly reserve their right to amend any and all responses herein as additional facts are ascertained, analysis made, legal research is completed and contentions are formulated. These responses contained herein are made in a good faith effort to supply as much factual information and as much specification as is presently known, but should in no way be to the prejudice of Plaintiffs in relation to further discovery, research, analysis or proof.

Moreover, these responses are made solely for the purpose of this action and are subject to objections as to competence, relevance, materiality, propriety, and admissibility, and any other objection or grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at time of trial.

No incidental or implied admissions are intended by these responses. The fact that Plaintiffs respond or object to any Interrogatory should not be taken as an admission that Plaintiffs accept or admit the existence of any facts assumed by such Interrogatory, or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that Plaintiffs respond or object to any Interrogatory should not be taken, and is not intended to act, as a waiver by Plaintiffs of any objection to an Interrogatory.

II. **General Objections**

1. Plaintiffs object to each Interrogatory, and the Definitions and/or Instructions accompanying the Interrogatories, to the extent that they differ from or impose requirements beyond those set forth in the Federal Rules.

2. Plaintiffs object to each Interrogatory, and the Definitions and/or Instructions accompanying the Interrogatories, to the extent that they seek information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other rule of privilege, confidentiality, or immunity provided by law.

3.  Plaintiffs object to each Interrogatory, and any Definitions and/or Instructions accompanying the Interrogatories, to the extent that they seek information that is or is embodied in a publicly available pleading, document or other filing.

4.  Plaintiffs do not concede that any information or document they provide in response to any Interrogatory is relevant to this litigation, and specifically reserve the right to object to further discovery in the subject matter of any Interrogatory and to the introduction into evidence of any information or document provided.

5.  The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agent, representatives and attorneys, unless privileged.

6.  Plaintiffs object to each of the Interrogatories to the extent that the Interrogatories seek information that is not in the possession, custody or control of Plaintiffs.

7.  The word usage, sentence structure and syntax may be that of the attorney assisting in the preparation of these answers, and thus, does not necessarily purport to be the precise language of the executing party.

### III. ANSWERS TO INTERROGATORIES

11. Identify all occasions upon which you contend that you provided Fidelity with notice of an "error" within the meaning of the "error resolution" provisions of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693f. For each, identify specifically: (i) the nature and amount of the alleged "error"; (ii) the date and manner in which notice of the alleged "error" was communicated to fidelity, (iii) the content of the alleged notice to Fidelity; (iv) the specific account statement or other document which contained the alleged "error"; and (v) any response by Fidelity to the purported notice of error.

**Answer:** In addition to their general objections, Plaintiffs object to Interrogatory 11 as calling for a legal conclusion. Plaintiffs also object to Interrogatory 11 on the grounds that it is overbroad, unduly burdensome, harassing and vague. Plaintiffs communicated with Defendants on many occasions over an approximate twenty-year period and cannot recall the specifics of each communication. Plaintiffs believe that Defendants maintained recordings or notes of the communications and produced those communications to Plaintiffs in discovery. Plaintiffs will produce those documents to Defendants, pursuant to Federal Rule 33(d), if necessary.

12. Identify all false or misleading advertising upon which you contend that you relied. For each piece of advertising, identify: (i) the medium and content of the advertisement; (ii) what specifically was misleading about the advertisement; (iii) the date(s) upon which you heard or saw the advertisement; (iv) any action(s) you took or refrained from taking in reliance upon the advertisement; (v) any damages you suffered as a result of the action or inaction.

**Answer:** Any and all of Defendants' advertising for the BillPay Service that fails to fully and completely set forth that interest will not be paid on monies between the time that any funds are designated for payment and until such time as the intended designee of the monies actually receives the monies. Specific identification cannot be made until the Plaintiffs have completed their discovery, as the advertising in question is in the possession of the Defendants.

Any and all of Defendants' documents (including media advertising) or other information provided to BillPay customers for the BillPay Service that fails to fully and completely set forth that interest or other value will not be paid on a customer's monies between the time that any funds are designated for payment and until such time as the intended designee of the monies actually receives the monies constitutes a deceptive business practice.

An example of the documentation is included in Plaintiffs' Response to Defendants' Requests for Production of Documents and is identifiable as "Everyday Finances" addressed to "Berenson & Company Intl." Plaintiffs do not have possession of any other such documents, except as may have been provided as part of Defendants' Motion for Summary Judgment some of which was also reproduced to Defendants.

Damages cannot be calculated at this time. The information relating to the cost and damage of the use of the BillPay System by the Plaintiffs is within the possession of the Defendants and not the Plaintiffs, as only Fidelity knows exactly how and when or in what specific manner it effectuated transactions under the BillPay System for the Plaintiffs.

13. Identify all misrepresentations by Fidelity upon which you contend that you relied. For each, identify specifically: (i) the particular document or statement alleged to be misleading, its content, its date, and its source; (ii) what specifically was misleading about the document or statement; (iii) the date(s) upon which you saw or heard the document or statement; (iv) any action(s) which you took or refrained from taking in reliance on the alleged omission of material fact; and (v) identify any damages suffered as a result of such action or inaction.

**Answer:** In addition to their general objections, Plaintiffs object to Interrogatory 13 on the grounds that it is overbroad, unduly burdensome and harassing. Interrogatory 13 is a collection of previously propounded interrogatories that Plaintiffs have already answered. Without waiving their objections, Plaintiffs state that all of Fidelity's documentation regarding the BillPay Service fails to disclose the true cost of the use of the Fidelity BillPay Service; fails to disclose that Fidelity does not transfer monies under the BillPay Service to the intended recipient without first taking ownership of, and benefit to, said monies; fails to disclose that Fidelity transfers the BillPay customer's monies to a third party (CheckFree Corporation), which then transfers it to the BillPay customer's designated payee; and fails to disclose that the BillPay Service customer will not have the benefit of their money during the time Fidelity has taken ownership of such monies. Defendants' documentation fails to fully and completely inform Plaintiffs and all other Fidelity BillPay Service subscribers of the foregoing information.

Plaintiffs relied upon each and every document they saw in taking the actions they took in their use of the BillPay Service. It is the entire gestalt, if you will, of the Fidelity BillPay Service and the overall failure of the documentation to provide clear and precise information that is necessary for consumers to make an educated decision as to the operation of the BillPay Service that is at issue in this case. As fully and completely set forth in Answer to Interrogatory 1, any electronic bill payment system which, after having been directed to make a certain payment, transfers said monies to the intended recipient in the most commercially expedient

manner available is less expensive than Fidelity's BillPay Service because (i) Fidelity does not always transfer monies under its BillPay service in the most commercially expedient manner and (ii) does not pay interest on the customers' monies, or pay any other value to the customer, after having transferred the customers' monies out of the customers' account and before actually paying the monies to the intended recipient, as directed by the customer.

Plaintiffs' damages cannot be estimated at this time because all of the relevant information is in the possession of Defendants.

14. Identify all material facts that you contend Fidelity omitted from its disclosures concerning BillPay. For each, (i) identify specifically the fact omitted; (ii) state the basis for your contention that the fact is material; (iii) identify any action(s) which you took or refrained from taking in reliance upon the alleged omission of material fact; and (v) [sic] identify any damages suffered as a result of such action or inaction.

Answer: In addition to its general objections, Plaintiffs object to Interrogatory 14 on the ground that it is overbroad, unduly burdensome and harassing. Without waiving their objections, Plaintiffs state that all of Fidelity's documentation regarding the BillPay Service fails to disclose the true cost of the use of the Fidelity BillPay Service; fails to disclose that Fidelity does not transfer monies under the BillPay Service to the intended recipient without first taking ownership of, and benefit to, said monies; fails to disclose that Fidelity transfers the BillPay customer's monies to a third party (CheckFree Corporation), which then transfers it to the BillPay customer's designated payee; and fails to disclose that the BillPay Service customer will not have the benefit of their money during the time Fidelity has taken ownership of such monies. Defendants' documentation fails to fully and completely inform Plaintiffs and all other Fidelity BillPay Service subscribers of the foregoing information.

Plaintiffs relied upon each and every document they saw in taking the actions they took in their use of the BillPay Service. It is the entire "gestalt" of the Fidelity BillPay Service and

the overall failure of the documentation to provide clear and precise information that is necessary for consumers to make an educated decision as to the operation of the BillPay Service that is at issue in this case. As fully and completely set forth in Answer to Interrogatory 1, any electronic bill payment system which, after having been directed to make a certain payment, transfers said monies to the intended recipient in the most commercially expedient manner available is less expensive than Fidelity's BillPay Service because (i) Fidelity does not always transfer monies under its BillPay service in the most commercially expedient manner and (ii) does not pay interest on the customers' monies, or pay any other value to the customer, after having transferred the customers' monies out of the customers' account and before actually paying the monies to the intended recipient, as directed by the customer.

Damages cannot be calculated at this time. The information relating to the cost and damage of the use of the BillPay System by the Plaintiffs is within the possession of the Defendants and not the Plaintiffs, as only Fidelity knows exactly how and when or in what specific manner it effectuated transactions under the BillPay System for the Plaintiffs.

15. State the basis for your contention that Fidelity's alleged misrepresentations or omissions of material fact concerning the BillPay service were made "with the intent to deceive."

**Answer:** Fidelity had and has knowledge of methods of operating its BillPay Service such that BillPay customers would continue to receive interest (or earn dividends) until such time as the particular designated payment was presented for payment against the customer's account. Fidelity intentionally failed to disclose that knowledge to its BillPay Service customers because it wanted to earn the limbo float. Fidelity could have disclosed its alleged "good funds" model to the BillPay Service customers, but obviously chose not to do so for selfish reasons.

16. State the basis for your contention that Fidelity's alleged misrepresentations or omissions of material fact concerning the BillPay service were negligently made or upon failure to exercise reasonable care.

**Answer:** Please see the Answer to Interrogatory 15, above.

17. State the basis for your contention that Fidelity Brokerage Services LLC or National Financial Services LLC is your fiduciary with respect to your subscription to or the operation of BillPay service.

**Answer:** Defendants obtained the monies of the Plaintiffs and the proposed Class under misleading circumstances, placed those monies into an undisclosed Fidelity account at Chase Bank, and then forwarded those monies to an undisclosed agent, care of an undisclosed financial institution, for the alleged purpose of making the BillPay Service transactions. None of this was fully and completely disclosed to Plaintiffs or the proposed Class members. Plaintiffs' basis is also fully set forth in the Opposition to Defendants' Motion to Dismiss and for Summary Judgment.

18. Identify each and every breach of Fiduciary duty by Fidelity on which you base your claim, stating the duty(ies) breached, the date(s) of the breach, the nature of the breach, and the amount of damages you suffered and the reason(s) therefor.

**Answer:** In addition to their general objections, Plaintiffs object to Interrogatory 18 on the grounds that it is overbroad, unduly burdensome and harassing. Moreover, Interrogatory 18 seeks information in violation of the attorney client privilege and the attorney work product doctrine. Without waiving their objections, Plaintiffs state that each and every transaction they initiated through the BillPay Service and Defendants took ownership, possession and control of Plaintiffs' monies, constituted a breach of fiduciary duty. Each of these transactions is evidenced by the financial records already produced to Defendants and/or which records Defendants already possess. Plaintiffs' basis is also fully set forth in the Opposition to Defendants' Motion to Dismiss and for Summary Judgment. Damages cannot be calculated at this time. The

8

information relating to the cost and damage of the use of the BillPay System by the Plaintiffs is within the possession of the Defendants and not the Plaintiffs, as only Fidelity knows exactly how and when or in what specific manner it effectuated transactions under the BillPay System for the Plaintiffs.

> 19. Identify any document(s) that you contend fulfill(s) the demand letter requirement of M.G.L. ch 93A, § 9(3).

**Answer:** In addition to their general objections, Plaintiffs object to Interrogatory 19 as calling for a legal conclusion. Plaintiffs also object to Interrogatory 19 on the grounds that it is overbroad, unduly burdensome, harassing and vague. Plaintiffs communicated with Defendants on many occasions over an approximate twenty-year period and cannot recall the specifics of each communication. Plaintiffs believe that Defendants maintained recordings or notes of the communications and produced those communications to Plaintiffs in discovery. Plaintiffs will produce those documents to Defendants, pursuant to Federal Rule 33(d), if necessary. In addition, Plaintiffs hereby identify the September 17, 2002 letter already produced to Defendants, and will provide another copy of that letter if necessary.

> 20. Identify all alleged unfair or deceptive acts or practices by Fidelity in regard to BillPay. For each, identify; (i) the particular act or practice alleged to be unfair or deceptive; (ii) what specifically makes the practice unfair or deceptive; (iii) any action(s) which you took or refrained from talking in reliance on the alleged unfair or deceptive act or practice; (iv) any damages suffered as a result of such action or inaction; (v) any other damages suffered as a result of the alleged unfair act or practice.

**Answer:** See Answers to Interrogatories 12, 13, 14, 15 and 18, above.

> 21. Identify the name and address of any accountant or accounting firm whose services you have utilized since January 1, 1999.

**Answer:** In addition to their general objections, Plaintiffs object to Interrogatory 21 on the grounds that it seeks information that is not relevant to this case and is not reasonably

9

calculated to lead to the discovery of admissible evidence.

22. Identify, on a month-end basis for each month since January 1, 1999, the amount of money that you held in checking accounts that earn interest, the interest rate on each such account, and the amount of money that you have held in checking accounts that do not earn interest.

**Answer:** In addition to their general objections, Plaintiffs object to Interrogatory 22 on the grounds that it seeks information that is not relevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiffs object on the grounds that Interrogatory 22 is overbroad, unduly burdensome and harassing.

23. State the basis for any denial(s) among your responses to Fidelity's First Set of Requests for Admission.

**Answer:** Lack of sufficient information at this time.

24. With respect to each of the payees to which you have made payment through the BillPay service since September 1, 1999, identify the manner by which you contend Fidelity should have transmitted payment if other than how payment was in fact transmitted, and state the basis for your contention that payment should have been transmitted in this manner.

**Answer:** Plaintiffs cannot answer this Interrogatory unless and until Defendants provide the necessary predicate information as to exactly how each of the payees was paid. What is known as this time is that Plaintiffs accounts should not have been debited unless and until present of payment by the payees.

As to Objections:

Dated: April 15, 2005                         Respectfully submitted,

                                              _____
                                              Douglas A. Rubel, Esquire
                                              Johanson Berenson LLP
                                              201 Shannon Oaks Circle, Suite 200
                                              Cary, North Carolina 27511
                                              (919) 654-4544

AS TO THE ANSWERS:

Under the pains and penalties of perjury, I hereby swear and affirm that the foregoing facts are true and correct to the best of my knowledge, information and belief.

Dated: April ___, 2005                        _____
                                              JOAN BERENSON


Dated: April ___, 2005                        _____
                                              DAVID BERENSON

### Certificate of Service

I hereby certify that on this 15th day of April 2005, a copy of the foregoing was mailed, via overnight mail, postage prepaid, and forwarded by facsimile, to:

John A. Shope, Esquire
Nicholas C. Theodorou, Esquire
William W. Fick, Esquire
David C. Cole, Esquire
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617 832 7000)

                                              _____
                                              Douglas A. Rubel

# JOHANSON BERENSON LLP
### Attorneys & Counselors at Law

**DOUGLAS A. RUBEL PLLC**
Partner (NC, DC & MD)
(Not Admitted in CA or VA)

SUITE 200
201 SHANNON OAKS CIRCLE
CARY, NC 27511

T 919 654 4544
F 919 654 4545
darubel@johansonberenson.com

# FAX COVER SHEET

| | | | |
|---|---|---|---|
| DATE: | April 15, 2005 | TIME: | 12:27 PM |
| TO: | John A. Shope | PHONE: | 617 832 1233 |
| | | FAX: | 617 832 7000 |
| CC: | Theodorou/Cole/Fick | | |
| RE: | Berenson, et al v. "Fidelity" | | |

**Number of pages including cover sheet:** 12

## Message

John: please find enclosed Plaintiffs' Answers to Second Set of Interrogatories.

---

Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by telephone (919-654-4544) or e-mail (dar@johansonberenson.com) and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank you.

VIRGINIA ♦ 1350 BEVERLY ROAD • SUITE 115 PMB 208 • MCLEAN, VIRGINIA 22101
WASHINGTON, DC ♦ 1201 PENNSYLVANIA AVENUE, NW • SUITE 300 • WASHINGTON, DC 20004
CALIFORNIA ♦ 1792 SECOND STREET • NAPA, CALIFORNIA 94559
CALIFORNIA ♦ 50 CALIFORNIA STREET • SUITE 490 • SAN FRANCISCO, CALIFORNIA 94111

04/15/05 Case 1:04-cv-11311-WGY  Document 56-3  Filed 05/24/2005  Page 14 of 15
04/15/05  13:31  FAX 919 654 4521     WITHROW & TERRANOVA                    ☒001

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO                0707
CONNECTION TEL          178327000ppp45444445
SUBADDRESS
CONNECTION ID
ST. TIME                04/15 13:26
USAGE T                 05'05
PGS. SENT               12
RESULT                  OK
```

## JOHANSON BERENSON LLP
### Attorneys & Counselors at Law

**DOUGLAS A. RUBEL PLLC**
Partner (NC, DC & MD)
(Not Admitted in CA or VA)

SUITE 200
201 SHANNON OAKS CIRCLE
CARY, NC 27511

T 919 654 4544
F 919 654 4545
darubel@johansonberenson.com

# F A X   C O V E R   S H E E T

DATE: April 15, 2005           TIME: 12:27 PM

TO: John A. Shope              PHONE: 617 832 1233
                               FAX:   617 832 7000

CC: Theodorou/Cole/Fick

RE: Berenson, et al v. "Fidelity"

Number of pages including cover sheet:    12

## Message

John: please find enclosed Plaintiffs' Answers to Second Set of Interrogatories.

Unless otherwise indicated or obvious from the nature of the following communication, the

As to Objections:

Dated: April 15, 2005                    Respectfully submitted,

                                         _____
                                         Douglas A. Rubel, Esquire
                                         Johanson Berenson LLP
                                         201 Shannon Oaks Circle, Suite 200
                                         Cary, North Carolina 27511
                                         (919) 654-4544

AS TO THE ANSWERS:

Under the pains and penalties of perjury, I hereby swear and affirm that the foregoing facts are true and correct to the best of my knowledge, information and belief.

Dated: April 15, 2005                    _____
                                         JOAN BERENSON

Dated: April 15, 2005                    _____
                                         DAVID BERENSON

### Certificate of Service

I hereby certify that on this 15th day of April 2005, a copy of the foregoing was mailed, via overnight mail, postage prepaid, and forwarded by facsimile, to:

John A. Shope, Esquire
Nicholas C. Theodorou, Esquire
William W. Fick, Esquire
David C. Cole, Esquire
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617 832 7000)

                                         _____
                                         Douglas A. Rubel

11