UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES, LLC, FIDELITY BROKERAGE SERVICES, LLC, and DOES 1-50, inclusive,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Docket No. 04-CV-11311-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL AND FOR SANCTIONS

Plaintiffs propounded two sets of interrogatories and two sets of requests for production of documents to defendants.  Included in the First Set of Interrogatories and the Second Set of Requests for Production of Documents were requests for the production of a privilege log.

Defendants responded to each that they would produce a privilege log as required under Federal Rule 26(b)(5) and Local Rule 34.1(E).  Attached as Exhibit 1 is a copy of Defendants' Answers to Plaintiffs' First Set of Interrogatories, dated March 21, 2005.  Attached as Exhibit 2 is a copy of Defendants' Responses to Plaintiffs' Second Set of Requests for Production, dated March 30, 2005.

Subsequently, Plaintiffs' counsel forwarded correspondence to Defendants' counsel in an attempt to amicably resolve the outstanding disputes between them, including Defendants'

failure to produce a privilege log.  In response, by letter dated April 8, 2005, Defendants' counsel

represented that Defendants would "produce a privilege log as required by the Federal Rules

when it has completed its document production."  Attached as Exhibit 3 is a copy of Defendants'

counsel's April 8, 2005 letter.  Exhibit 3 at p. 5.

Subsequently, Plaintiffs filed a Motion to Compel Discovery.  In response to that

Motion, Defendants specifically represented that "Fidelity never refused to produce an

appropriate privilege log."  A copy of Defendants' Memorandum in Opposition to Plaintiffs'

Consolidated Motion to Compel and for Sanctions, etc., is attached as Exhibit 4.  Exhibit 4 at p.

16.  In their Opposition, Defendants further represented:

> Fidelity has never refused to provide a log.  In fact, in the April 8
> letter Fidelity agreed to "produce a privilege log as required by the
> Federal Rules when [Fidelity] has completed its document
> production."  **There is no need for a motion to compel.**
>
> Fidelity's counsel was until recently reviewing documents on an
> expedited basis for responsiveness and privilege or other immunity
> in order to produce them to the Berensons before the end of the
> discovery period, since the Berensons had not served *any*
> document requests on defendants (both nationwide corporations)
> until approximately three months into the discovery period.
> Moreover, because a majority of the documents came from
> Fidelity's legal department, they required a more focused review
> for privilege. **Fidelity will complete and serve its privilege log
> by May 17, 2005**

Despite its promises to the Court and to Plaintiffs, Defendants nonetheless refused to

provide a log.  By letter dated May 17, 2005, the date on which Defendants had promised to

compete and serve its privilege log, Defendants communicated their refusal to Plaintiffs' counsel.

Attached as Exhibit 5 is a copy of Defendants' counsel's May 17, 2005 letter to Plaintiffs'

counsel.

Defendants promised to produce a privilege log but have not done so.   Plaintiffs are

entitled to a privilege log as the Defendants have raised the attorney-client privilege and the work

product doctrine and not produced certain documents or provided certain information as a result.

Federal Rule 26(b)(5) provides that "[w]hen a party withholds information otherwise

discoverable under these rules by claiming that it is privileged or subject to protection as trial

preparation material, the party shall make the claim expressly and shall describe the nature of the

documents, communications, or things not produced or disclosed in a manner that, without

revealing information itself privileged or protected, will enable other parties to assess the

applicability of the privilege or protection.  Fed.R.Civ.P.  26(b)(5).

This is precisely the case here.  Defendants should be ordered to comply with Federal

Rule 26.  Plaintiffs have been prejudiced by Defendants' delay in providing the privilege log until

after the discovery deadline.  Plaintiffs cannot know what information and documents were

withheld, make a reasoned determination as to the propriety of the withholding, and determine

the existence of the "necessity" or justification" for the production of the information and

documents, the denial of which "would unduly prejudice the preparation of Plaintiffs' case" or

"cause hardship or injustice."  *Hickman v. Taylor*, 329 US 495 (1947); *Carey v. Textron, Inc. (E-Z-Go Textron)*, 224 F.R.D. 530 (D.Mass 2004); *In re Grand Jury Subpoena*, 220 F.R.D. 130

(D.Mass. 2004).

As this Court stated in *In re Grand Jury Subpoena*:

> As a general matter, the party asserting an applicable privilege has
> the burden of establishing that it applies.  *FDIC v. Ogden Corp.*,
> 202 F.3d 454, 460 (1st Cir. 2000).  The privilege's applicability
> must be demonstrated by a fair preponderance of the evidence.
> *E.g., Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 190 F.R.D. 287,

289 (D.Mass. 2000). The burden of establishing that an exception to the applicable privilege applies rests with the party seeking discovery of the allegedly privileged materials or information. Ogden, 202 F.3d at 460.

This general framework applies to the work product doctrine as well. The party seeking work product protection has the burden of establishing its applicability. …

Thus, in evaluating a claim that the work product doctrine applies, courts will weigh all the evidence submitted, without systematically drawing inferences in favor of either party.

*Id.* at 140-41 (citations omitted).

None of this can be done unless and until Defendants provide the promised privilege log.

Plaintiffs seek the recovery of their costs and fees for having to file this motion and will file an appropriate petition for fees if the Court deems it appropriate. Defendants must not be permitted to obfuscate Plaintiffs' discovery.

WHEREFORE, Plaintiffs Joan Berenson and David Berenson respectfully request this Court to grant their motions to compel and to enlarge the discovery and expert witness deadlines and to award their fees and costs of filing this motion.

Dated: May 24, 2005

Respectfully submitted,

JOAN BERENSON and DAVID BERENSON, each individually and on Behalf of all others similarly situated,

//ss// Douglas A. Rubel
Douglas A. Rubel, Esquire
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511
(919) 654-4544
(919) 882-0906 (Fax)

4