UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON, individually and on behalf of all others similarly situated, and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>      Defendants. | Docket No. 04-CV-11311-WGY |

## PLAINTIFFS' MOTION TO FILE UNDER SEAL

Plaintiffs Joan Berenson and David Berenson, individually and on behalf of all other similarly situated, by counsel and pursuant to Local Rules 5.3(B) and 7.2 and paragraph 10 of the Stipulated Confidentiality Agreement and Order for the Production and Exchange of Confidential Information ("Confidentiality Order") entered on January 31, 2005, hereby move this Honorable Court for leave to impound the following items until further order of the Court:

1. Exhibit 2 to Plaintiffs' Memorandum in Response to Defendants' Previously-Filed "Statement of Undisputed Facts Pursuant to Local Rule 56, " namely, documents produced by Defendants and designated as "Confidential" under the Confidentiality Order relating to Fidelity's use of certain business models for its bill payment services;

2. Exhibit 3 to Plaintiffs' Memorandum, namely, documents produced by Defendants and designated as "Confidential" under the Confidentiality Order relating to Fidelity's admission as to lost float by Fidelity's customers;

3. Exhibit 4 to Plaintiffs' Memorandum, namely, documents produced by Defendants and designated as "Confidential" under the Confidentiality Order relating to the net worth of Fidelity's desired BillPay customers.

4. Exhibit 5 to Plaintiffs' Memorandum, namely, the deposition transcript of Defendants' expert witness, Dr. David Humphrey, because the time for designating the transcript as "Confidential" has not run and Plaintiffs have not received any word as to Defendants' intentions in this regard;

5. Exhibit 8 to Plaintiffs' Memorandum, namely, documents produced by Defendants and designated as "Confidential" under the Confidentiality Order relating to Fidelity's advertising of the BillPay Service.

As a result of Defendants' designation, Plaintiffs are obligated under the terms of the Confidentiality Order to seek leave to file the above documents under seal. However, Plaintiffs do not believe that Defendants' designation of this material as confidential is appropriate because no claim of privilege has been asserted and the materials do not contain information that could cause competitive injury. Plaintiffs propose that they be directed to file a redacted appendix in the public record within seven days of receipt of such designations or the expiration of the period in which they may be made.

WHEREFORE, this Honorable Court should grant Plaintiffs' Motion to File Under Seal in whole or in part as the court deems appropriate.

Dated:   May 26, 2005                                   Respectfully submitted,

                                                        //ss// Douglas A. Rubel
                                                        Douglas A. Rubel, Esquire
                                                        JOHANSON BERENSON LLP
                                                        201 Shannon Oaks Circle, Suite 200
                                                        Cary, North Carolina  27511
                                                        919-654-4544

                                                        Attorneys for Plaintiffs