FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 1 7 2005

LUTHER D. THOMAS, Clerk

By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

JOAN BERENSON and DAVID BERENSON,            )
individually and on behalf of all others similarly   )
situated,                                     )
                                              )
                Plaintiffs,                   )
                                              )
v.                                            )
                                              )
NATIONAL FINANCIAL SERVICES LLC,              )
FIDELITY BROKERAGE SERVICES LLC,              )
and DOES 1-50, inclusive,                     )
                                              )
                Defendants.                   )
                                              )
                                              )

**1:05-M I -0140**

Misc. No. _____

(Docket No. 04-CV-11311
in the United States District Court
for the District of Massachusetts)

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTIONS TO SHORTEN TIME AND TO COMPEL

The underlying litigation in the District of Massachusetts concerns Defendants'[1] operation of an electronic bill payment service for its customers known as the "Fidelity BillPay Service." Plaintiffs allege that Defendants violated various statutory and common law consumer protections laws—such as the Electronic Funds Transfer Act and the Massachusetts Consumer Protection statute commonly known as "93A"—relating to the operation of the BillPay Service, namely, that Fidelity does not inform its BillPay subscribers that Fidelity—and, it was discovered in the litigation, its agent, CheckFree—earns interest or "limbo float" on the monies in the BillPay Service to the detriment of the subscriber. Rather, among other things, Fidelity advises its customers that

---

[1]    Defendants National Financial Services LLC and Fidelity Brokerage Services LLC operate under the "Fidelity" umbrella of companies and are collectively referred to as "Fidelity."

nothing else. This "witness" would not testify to the other models available to Fidelity or most of the requested information set forth above, including the financial details of the Fidelity BillPay Service, such as the amount of float being earned and the amount of monies being transferred through the Fidelity BillPay Service. No documents were going to be produced.

It should be noted that CheckFree even refused to produce the individual identified in Fidelity's Answers to Interrogatories as the CheckFree representative having knowledge of matters relating to this case—Peter Moenickheim, CheckFree's Vice President of Product Management, who Fidelity identified as having knowledge of CheckFree's operations and CheckFree's relationship with Fidelity—because Mr. Moenickheim's knowledge of the CheckFree's operations and CheckFree's relationship with Fidelity obviously exceeds the extremely narrow limitations that CheckFree and its counsel unilaterally imposed upon the CheckFree corporate designee(s).

Thus, CheckFree failed to designate a witness and to produce documents. Federal Rule 45 provides for sanctions for a failure to obey a subpoena where a corporate designation is not made, for a failure to attend a deposition and give testimony, and for a failure to produce documents. Fed.R.Civ.P. 45. Plaintiffs request that a compulsion order be issued.

In Massachusetts, Plaintiffs timely filed a motion to enlarge the discovery period for 30 days to June 12, 2005 to allow for the CheckFree deposition. That motion is pending.

However, there is also a May 26, 2005 deadline for dispositive motions and Fidelity is going to file a motion for summary judgment by that date. Plaintiffs require the deposition of CheckFree to prepare a fulsome response to the motion for summary judgment by the anticipated June 9, 2005 deadline and will require a copy of the deposition transcript and documents sufficiently in advance of that date.

Thus, Plaintiffs request that this Court shorten to Monday, May 23, 2005 the time for CheckFree to respond to this motion and then order CheckFree to appear at deposition and produce documents, no later than June 2, 2005, relating to its contractual relationship with Fidelity, including without limitation: (i) the amount of monies being transferred through the

- 4 -

Fidelity BillPay Service; (ii) the amount of float earned by CheckFree and Fidelity on those monies, including Plaintiff's monies; (iii) what other models were available to Fidelity when it implemented its BillPay Service in 1999/2000 and continue to be available through the present; and, (iv) any and all facts concerning Fidelity's choice and continued use of its present model.

WHEREFORE, Plaintiffs Joan Berenson and David Berenson respectfully request this Court to grant their motion to shorten time and then to grant their motion to compel.

Dated:   May 13, 2005                                    Respectfully submitted,


Douglas A. Rubel, Esquire
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511
(919) 654-4544
(919) 882-0906 (Fax)

Attorneys for Plaintiffs