IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOAN BERENSON and DAVID
BERENSON, individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.

NATIONAL FINANCIAL SERVICES LLC,
FIDELITY BROKERAGE SERVICES LLC,
and DOES 1-50, inclusive,

    Defendants.

Civil Action No. 1:03 CV 02004 (RBW)

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Defendants National Financial Services LLC and Fidelity Brokerage Services LLC (together, "Fidelity") submit this memorandum in support of their motion to dismiss and for summary judgment on all counts of the Complaint.

### Introduction

Plaintiffs Joan and David Berenson allege in this proposed nationwide consumer class action that Fidelity failed to disclose that its bill payment service would not credit them with "interest" on their Fidelity money market mutual fund during the period of "float" between the time that amounts were debited from their account and the time that payees were ultimately credited with payments. The Berensons claim that this practice amounts to the "kiting" of interest and that Fidelity's failure to disclose its practice violates federal and state law.

As a matter of indisputable fact, however, Fidelity did nothing improper and made full disclosure of all material information. Specifically, Fidelity disclosed:

16/371842.12

- that on the transaction date selected by the customer, Fidelity would debit the customer's account and transfer designated funds to a special bill paying account maintained by Fidelity from which payment would be made (thus guaranteeing payment in good funds to the customer's designated payee);

- that the customer would cease to receive income on debited funds as of the date that the customer's account was so debited;

- that payments would issue the next day to payees either by electronic transfer or paper check; and

- that it could take up to five days for the customer's payee to actually receive the funds (for example, due to postal delays).

Fidelity repeated these disclosures in numerous agreements and prospectuses that it sent to the Berensons for several years and that it made available on Fidelity's Internet website. Indeed, the allegation that Fidelity was somehow secretly "kiting" payments to secure hidden interest is scurrilous. Any user of Fidelity's bill payment service would necessarily see and know that his or her account is debited on the day he or she elects to initiate a transaction, and no reasonable consumer could actually believe that he or she would continue to earn interest on money after it had been debited from his or her own account at his or her own instruction.

In addition to these fundamental flaws, the Complaint suffers from numerous legal deficiencies that also compel dismissal.[1]

## Undisputed Facts

The following facts are undisputed for purposes of the defendants' motion to dismiss or for summary judgment.

---

[1] Fidelity's current Customer Agreement with the plaintiffs provides that disputes must be arbitrated but that Fidelity cannot compel arbitration of putative class actions before certification is denied. Statement of Undisputed Facts ("SOF") ¶ 61. Fidelity reserves the right to compel arbitration if this Court denies class certification, as it should if the case will proceed.