IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON AND DAVID BERENSON, Individually and on behalf of all others similarly situated, : : : Plaintiff : : v. : : NATIONAL FINANCIAL SERVICES, LLC, et al., : : Defendants : : | 04-11311 WGY |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION AND TO DISMISS**

Plaintiffs, Joan Berenson and David Berenson, respond to Defendants' Motion to Compel Arbitration and to Dismiss, as follows:

It must be noted at the outset that, on August 5, 2005, Plaintiffs' counsel informed Defendants' counsel that, for a variety of reasons, Plaintiffs did not consent to the relief being requested in the instant motion.

Indeed, the arbitration of all claims and the dismissal of this case are wholly inappropriate. Rather, this case should be stayed pending the outcome of the arbitration because Plaintiffs' claims for injunctive relief under the Electronic Funds Transfer Act (Count I) and the Massachusetts Consumer and Business Protection Act, M.G.L., c. 93A (Count VI) are still extant, and, generally, the arbitration now required by Defendants, and, specifically, the applicable arbitration rules of National Association of Securities Dealers ("NASD") chosen by Plaintiffs, do not provide for the issuance of injunctive relief under the circumstances of this case. Attached as Exhibit 1 is a copy of the applicable NASD arbitration rules. Exhibit 1 at pp.

37-39 (Rule 10335). Whether injunctive relief issues can only be determined by this Court after the arbitration. Thus, this case must be stayed.

As to the procedural background, on August 4, 2005, before having filed this Motion, Defendants' counsel faxed a "Demand for Arbitration" to Plaintiffs, requiring Plaintiffs to choose within five (5) days of receipt thereof whether Plaintiffs wanted to proceed under the applicable arbitration rules of the New York Stock Exchange or the NASD, or waive the right to choose and have Defendants make the choice.

On August 9, 2005, Plaintiffs' counsel orally informed Defendants' counsel that, if arbitration were to proceed, they would choose the applicable rules of the NASD and that, consistent with counsels' previous telephone conversation on August 2, 2005, the arbitration should be held in Florida, at a location reasonably near their residence.[1]

Thus, Plaintiffs consent to arbitration before the NASD, in Florida. This case should be stayed pending the arbitration. Upon the entry of an applicable order, Plaintiffs will promptly file a demand for arbitration with the NASD.

WHEREFORE, for the foregoing reasons, Plaintiffs, Joan Berenson and David Berenson, respectfully request this Court to stay this case pending the outcome of arbitration between the parties before and under the rules of the National Association of Securities Dealers, and order that the arbitration take place in Florida at a location reasonably convenient to Plaintiffs.

---

[1] On August 2, 2005, when seeking Plaintiffs' consent, Defendants' counsel represented that the arbitration would be held in Florida and that he would prefer the arbitration be conducted in February rather than August. Indeed, now that the Court has apparently determined that no class exists, the reasons for the transfer of this case to this Court, namely, that Plaintiffs' choice of forum in a class action is not given any deference, no longer apply.

Dated:  August 10, 2005                         Respectfully submitted,


                                                                                        <u>//ss//  Douglas A. Rubel</u>
                                                                                        Douglas A. Rubel  [*Pro Hac Vice*]
Johanson Berenson LLP
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511
(919) 654-4544

Attorneys for Plaintiffs