IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN BERENSON and DAVID BERENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FINANCIAL SERVICES LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1-50, inclusive,<br><br>Defendants. | Civil Action No. 04 CV 11311 (WGY) |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS

Defendants Fidelity Brokerage Services LLC and National Financial Services LLC (together, "Fidelity") respectfully submit this reply memorandum in support of their Motion to Compel Arbitration and to Dismiss. In their response to the motion, the plaintiffs concede that they are required to arbitrate their remaining claims but seek a stay rather than a dismissal of this action and request the Court to impose conditions on the arbitration. The plaintiffs' request and proposed conditions lack proper legal basis and the Court should disregard them.

**A.   This Action Should Be Dismissed.**

The plaintiffs argue that this case should be stayed, rather than dismissed, because, they assert, the rules of the National Association of Securities Dealers ("NASD") under which they have elected to arbitrate "do not provide for the issuance of injunctive relief under the circumstances of this case." This contention is erroneous. *See, e.g.*, NASD Rule 10214 ("The arbitrator(s) shall be empowered to award any relief that would be available in court under the

law."); NASD Rule 10335 (rule concerning "Requests for Permanent Injunctive Relief").[1] Because all remaining claims are arbitrable, and since the arbitrators may award injunctive relief, this suit should be dismissed under the cases previously cited. Apart from dismissal, the only additional action needed from this Court is entry of the anticipated opinion elaborating the Court's July 13, 2005 order so that the arbitrators may understand clearly the nature and scope of claims remaining in the case.

### B. Venue Should Be Determined Under NASD Rules.

The arbitration clause at issue permits the Berensons to elect to arbitrate under the rules of either the NASD or the New York Stock Exchange. The Berensons have apparently chosen the former. Those rules leave the determination of the time and place of any arbitration hearings to the arbitrators themselves. *See* NASD Rule 10315 (concerning designation of time and place for proceedings). While undersigned counsel made a jocular reference to the possibility of wintertime proceedings in Florida, where the plaintiffs currently reside, the defendants made no commitment in that regard. In any event, neither side has authority to trump the NASD rules.

### Conclusion

The Court should dismiss this action pursuant to the parties' agreement to arbitrate, leaving decisions as to venue and procedure to be resolved under NASD Rules.

---

[1] Moreover, injunctive relief with respect to the Berensons' individual claims seems highly implausible since the gravamen of their allegations is a supposed prior failure to disclose the operation of Fidelity's BillPay service of which they now have full knowledge.

Respectfully submitted,

NATIONAL FINANCIAL SERVICES LLC and
FIDELITY BROKERAGE SERVICES LLC

By their attorneys,


/s/ John A. Shope
Nicholas C. Theodorou (BBO No. 495730)
John A. Shope (BBO No. 562056)
William W. Fick (BBO No. 650562)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated:  August 12, 2005

- 3 -